UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**      'O'

| Case No. | 2:21-cv-09608-CAS-PVCx | Date | April 11, 2022 |
|---|---|---|---|
| Title | New High Limited v. Global Merch Group, LLC | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Laura Elias | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Lawrence Hilton | Michael Bowse |

**Proceedings:**    PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT (Dkt. 14, filed on February 23, 2022)

DEFENDANT'S MOTION TO SET ASIDE DEFAULT (Dkt. 15, filed on March 14, 2022)

## I. INTRODUCTION & BACKGROUND

On December 10, 2021, plaintiff New High Limited brought suit in this district against defendant Global Merch Group, LLC. See Dkt. 1 ("Compl."). Plaintiff is a Hong Kong corporation with its principal place of business in Hong Kong, and defendant is an LLC with its principal place of business in Nevada. Id. Plaintiff's complaint alleges that defendant has failed to pay for apparel and personal protective equipment ("PPE") that plaintiff delivered to it, and that defendant wrongfully cancelled purchases for products after plaintiff had already produced them pursuant to contracts entered into with defendant. Id. ¶¶ 8-9. Plaintiff began selling and shipping apparel and PPE to defendant in January 2020. Id. ¶ 6. Plaintiff asserts that each time it delivered products to defendant, it would provide an invoice with information about the products, the payment due, and the instructions for payment. Id. ¶ 7. Plaintiff claims that defendant failed to pay for $1,451,168.49 in apparel and PPE, and that defendant has wrongfully cancelled purchases for $176,797.50 in goods. Id. ¶¶ 8-9. Plaintiff asserts claims for: (1) breach of written contracts; (2) account stated; and (3) goods sold and delivered. Id. at ¶¶ 11-26.

On January 11, 2022, plaintiff requested that the Clerk enter default against defendant for failure to appear or otherwise respond to plaintiff's complaint within the time prescribed by the Federal Rules of Civil Procedure. Dkt. 12. On January 12, 2022, the Clerk entered default against defendant. Dkt. 13.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**              'O'

| Case No. | 2:21-cv-09608-CAS-PVCx | Date | April 11, 2022 |
|---|---|---|---|
| Title | New High Limited v. Global Merch Group, LLC | | |

On February 23, 2022, plaintiff filed a motion for default judgment against defendant. Dkt. 14 ("Plf's Mot."). On March 14, 2022, defendant filed a motion to set aside the default. Dkt. 15 ("Def's Mot."). That same day, defendant also filed an opposition to plaintiff's motion for default judgment. Dkt. 16 ("Def's Opp."). On March 21, 2022, plaintiff submitted an opposition to defendant's motion to set aside the default. Dkt. 18 ("Plf's Opp.").

The Court held a hearing on April 11, 2022. Having carefully considered the parties' arguments and submissions, the Court finds and concludes as follows.

## II.   LEGAL STANDARD

### A.   Motion to Set Aside Default

Pursuant to Fed. R. Civ. P. 55(c), a court may set aside an entry of default "for good cause." The Court considers three elements when evaluating whether "good cause" exists: (1) whether defendant's culpable conduct led to the default, (2) whether defendant has a meritorious defense, and (3) whether reopening the default judgment would prejudice plaintiff. TCI Group Life Insurance Plan v. Knoebber, 244 F.3d 691, 696 (9th Cir. 2000) (noting that courts use the same factors to assess "good cause" under Fed. R. Civ. P. 55(c) as for reviewing default judgments under Fed. R. Civ. P. 60(b)), overruled on other grounds by Egelhoff v. Egelhoff Ex rel. Breiner, 532 U.S. 141, 147 (2001).

As a general rule, cases should be decided on the merits as opposed to by default, and, therefore, "any doubts as to the propriety of a default are usually resolved against the party seeking a default judgment." Judge Virginia A. Phillips et al., Rutter Group Prac. Guide Fed. Civ. Pro. Before Trial Ch. 6-A ¶ 6:11 (2021 ed.) (citing Pena v. Seguros La Comercial, S.A., 770 F.2d 811, 814 (9th Cir. 1985)). As such, the Court has broad discretion to overturn an entry of default. Mendoza v. Wight Vineyard Management, 783 F.2d 941, 945–46 (9th Cir. 1986). This discretion is "more liberally applied" where a defendant seeks to set aside an entry of default pursuant to Rule 55(c) rather than a default judgment pursuant to Rule 60(b). United States v. Signed Pers. Check No. 730 of Yubran S. Mesle, 615 F.3d 1085, 1091, n.1 (9th Cir. 2010). Moreover, the rules governing motions to set aside defaults "are solicitous towards movants, especially those whose actions leading to the default were taken without the benefit of legal representation." Id. at 1089. Nonetheless, the defaulting party carries the burden to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          'O'

| Case No. | 2:21-cv-09608-CAS-PVCx | Date | April 11, 2022 |
|---|---|---|---|
| Title | New High Limited v. Global Merch Group, LLC | | |

demonstrate that the default should be set aside. TCI Group Life Ins. Plan, 244 F.3d at 696.

### B. Motion for Default Judgment

Pursuant to Federal Rule of Civil Procedure 55, when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and the plaintiff does not seek a sum certain, the plaintiff must apply to the court for a default judgment. Fed. R. Civ. P. 55.

As a general rule, cases should be decided on the merits as opposed to by default, and, therefore, "any doubts as to the propriety of a default are usually resolved against the party seeking a default judgment." Judge Virginia A. Phillips et al., Rutter Group Prac. Guide Fed. Civ. Pro. Before Trial Ch. 6-A ¶ 6:11 (2021 ed.) (citing Pena v. Seguros La Comercial, S.A., 770 F.2d 811, 814 (9th Cir. 1985)). Granting or denying a motion for default judgment is a matter within the court's discretion. Elektra Entm't Grp., Inc. v. Crawford, 226 F.R.D. 388, 392 (C.D. Cal. 2005); see also Sony Music Ent. Inc. v. Elias, No. CV03-6387DT(RCX), 2004 WL 141959, at *3 (C.D. Cal. Jan. 20, 2004).

The Ninth Circuit has directed that courts consider the following factors in deciding whether to enter default judgment: (1) the possibility of prejudice to plaintiff; (2) the merits of plaintiff's substantive claims; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning the material facts; (6) whether defendant's default was the product of excusable neglect; and (7) the strong policy favoring decisions on the merits. See Eitel v. McCool, 782 F.2d 1470, 1471–72 (9th Cir. 1986); see also Elektra, 226 F.R.D. at 392.

"Before a court can enter a default judgment against a defendant, the plaintiff must satisfy the procedural requirements set forth in Federal Rules of Civil Procedure 54(c) and 55, as well as Local Rule 55-1 and 55-2." Harman Int'l Indus., Inc. v. Pro Sound Gear, Inc., No. 2:17-cv-06650-ODW-FFM, 2018 WL 1989518, at *1 (C.D. Cal. Apr. 24, 2018). Accordingly, when an applicant seeks a default judgment from the Court, the movant must submit a declaration specifying: "(a) When and against what party the default was entered; (b) The identification of the pleading to which default was entered; (c) Whether the defaulting party is an infant or incompetent person, and if so, whether that person is represented by a general guardian, committee, conservator or other representative; (d) That the Servicemembers Civil Relief Act (50 U.S.C. App. § 521)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:21-cv-09608-CAS-PVCx | Date | April 11, 2022 |
|---|---|---|---|
| Title | New High Limited v. Global Merch Group, LLC | | |

does not apply; and (e) That notice has been served on the defaulting party, if required by [Federal Rule of Civil Procedure] 55(b)(2)." See C.D. Cal. L.R. 55-1. Under Local Rule 55-2, "where an application for default judgment seeks unliquidated damages, the party seeking entry of the default judgment is obligated to serve notice of the application on the defaulting party regardless of whether the latter has appeared in the action." Halicki v. Monfort, No. 2:08-cv-00351-PSG-JTL, 2009 WL 10672966, at *2 (C.D. Cal. Nov. 19, 2009) (citing C.D. Cal. L.R. 55-2).

### III. DISCUSSION

#### A. Motion to Set Aside Default

In its motion to set aside default pursuant to Rule 55(c), defendant argues its conduct is not culpable because defendant "did not intentionally fail to timely answer Plaintiff's complaint in this action." Def's Mot. at 3. Rather, "Defendant's counsel learned that this lawsuit had been filed and served only by chance, while conducting a periodic search of court dockets for actions involving his regular clients." Id. (citing Dkt. 15-1 (declaration of defendant's counsel Michael A. Bowse ("Bowse Decl.")) ¶ 2). Additionally, defendant claims that defendant's counsel did not receive the complaint through defendant's agent for service of process because "Defendant's counsel moved his office a few months before this action was filed, but neglected to inform Defendant's agent that counsel had moved or of counsel's new address." Def's Mot. at 4 (citing Bowse Decl. ¶¶ 3-4).

Additionally, defendant argues that setting aside the entry of default will not prejudice plaintiff, because "[m]ere delay in resolution of the case or having to litigate an action on its merits do not constitute prejudice." Def's Mot. at 4 (citing Francois & Co., LLC v. Nadeau, 334 F.R.D. 588, 599 (C.D. Cal. 2020)). Finally, defendant argues that it has a meritorious defense, including that "[t]he purchase orders plaintiff claims to have filled and for which plaintiff claims to have invoiced defendant were issued not by defendant, but by a different company, Global Med Group, LLC." Def's Mot. at 4.

In opposition, plaintiff argues that "whatever Mr. Bowse may or may not have known, [defendant] was aware of the lawsuit by at least early January, well before the default was entered and more than two months before [defendant] filed the instant motion" to set aside default." Plf's Opp. at 2. Plaintiff points to text messages dated January 2022, from defendant's CEO to plaintiff, wherein defendant's CEO stated that

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**            'O'

| Case No. | 2:21-cv-09608-CAS-PVCx | Date | April 11, 2022 |
|---|---|---|---|
| Title | New High Limited v. Global Merch Group, LLC | | |

plaintiff made a "silly choice" in filing suit, and that "I guess I'll see you in court in 3 years." Id. at 3 (citing Dkt. 18-4 (declaration of plaintiff's CEO, Charles Pi), Ex B). Plaintiff contends that defendant's "knowledge of the lawsuit before default was entered, and its failure to take any action in the ensuing months is strong evidence of culpability," and that "[t]he facts in this case strongly suggest that [defendant] acted with the intent to manipulate the system and delay the proceedings." Plf's Opp. at 2, 5. Plaintiff adds that defendant "concealed the fact that it knew about the lawsuit months ago not only from this Court but also—apparently—from its own lawyer." Id. at 6. In sum, plaintiff argues that defendant "has failed to meet its burden of negating its culpability and the Court should deny the motion." However, plaintiff adds that "if the Court is inclined to set aside the default, it should order [defendant] to pay Plaintiff's reasonable attorneys' fees incurred in drafting the motion for default judgment and in drafting this opposition." Id.

The Court finds that setting aside the default is appropriate here given the substantial size of the award sought by plaintiff, and the fact that defendant's defense that the wrong entity was sued may be meritorious. See Francois & Co., 334 F.R.D. at 599 ("[L]eaving the truth of these factual allegations to a later stage in the litigation, the Court finds [defendants' factual allegations] sufficient to meet the relatively low bar of a meritorious defense."). A court's discretion to set aside a default is "more liberally applied" where a defendant seeks to set aside an entry of default pursuant to Rule 55(c) rather than a default judgment pursuant to Rule 60(b), SignedPers. Check No. 730 of Yubran S. Mesle, 615 F.3d at 1091, n.1, and the Court finds that exercising its discretion to aside the default is appropriate here. Additionally, setting aside the default will not meaningfully prejudice plaintiff, as "[n]o prejudice exists . . . where setting aside default merely delays resolution of the case." Francois & Co., 334 F.R.D. at 599.

Accordingly, the Court **GRANTS** defendant's motion to set aside the default, on the condition that defendant pays the $7,500 in reasonable attorneys' fees that plaintiff incurred in drafting the motion for default judgment and opposing defendant's motion to set aside default. See Nilsson, Robbins et al. v. Louisiana Hydrolec, 854 F.2d 1538, 1546 (9th Cir. 1988) ("By conditioning the setting aside of a default, any prejudice suffered by the non-defaulting party as a result of the default and the subsequent reopening of the litigation can be rectified.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                                  'O'

| Case No. | 2:21-cv-09608-CAS-PVCx | Date | April 11, 2022 |
|---|---|---|---|
| Title | New High Limited v. Global Merch Group, LLC | | |

### B. Motion for Default Judgment

Because the Court has concluded that conditionally setting aside the entry of default is appropriate, plaintiff's motion for default judgment is **MOOT**.

### IV. CONCLUSION

In accordance with the foregoing, the Court **GRANTS** defendant's motion to set aside default and **DENIES AS MOOT** plaintiff's motion for default judgment. Defendant must effectuate payment of the $7,500 in reasonable attorneys' fees to plaintiff on or before April 25, 2022. Defendant will thereafter have until and including May 25, 2022, to file a pleading responsive to plaintiff's complaint.

IT IS SO ORDERED.

|  |  | 00 : 04 |
|---|---|---|
|  | Initials of Preparer | CMJ |