UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL    'O'

| Case No. | 2:21-CV-09608-CAS (PVCx) | Date | September 21, 2022 |
|---|---|---|---|
| Title | NEW HIGH LIMITED V. GLOBAL MERCH GROUP, LLC | | |

Present: The Honorable    CHRISTINA A. SNYDER

| Catherine Jeang | Not Present | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:    Attorneys Present for Defendants:

Not Present    Not Present

**Proceedings:** (IN CHAMBERS) - MOTION TO VACATE DEFAULT JUDGMENT OR, IN THE ALTERNATIVE, TO SET ASIDE DEFAULT (Dkt. 35, filed on AUGUST 26, 2022)

The Court finds that defendant's motion is appropriate for decision without oral argument. See Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15. Accordingly, the matter is hereby taken under submission.

I.    **INTRODUCTION AND BACKGROUND**

On December 10, 2021, plaintiff New High Limited ("New High") brought suit in this district against defendant Global Merch Group, LLC ("GMG"). See Dkt. 1 ("Compl."). New High is a Hong Kong corporation with its principal place of business in Hong Kong, and GMG is an LLC with its principal place of business in Nevada. Id. New High's complaint alleges that GMG failed to pay for apparel and personal protective equipment ("PPE") that New High delivered to it, that GMG wrongfully cancelled purchases for products after New High had already produced them pursuant to contracts entered into with GMG, and that New High was in the process of producing additional goods ordered by GMG at the time that GMG breached. Id. ¶¶ 8-10. New High began selling and shipping apparel and PPE to GMG in January 2020. Id. ¶ 6. New High asserts that each time it delivered products to GMG, New High would provide an invoice with information about the products, the payment due, and the instructions for payment. Id. ¶ 7. New High claims that GMG failed to pay for $1,451,168.49 in apparel and PPE, that GMG wrongfully cancelled purchases for $176,797.50 in goods, and that New High was in the process of producing additional apparel valued at $688,670.55 at the time of New High's complaint. Id. ¶¶ 8-10. New High asserts claims for: (1) breach of written contracts; (2) account stated; and (3) goods sold and delivered. Id. ¶¶ 11-26.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**     'O'

| Case No. | 2:21-CV-09608-CAS (PVCx) | Date | September 21, 2022 |
|---|---|---|---|
| Title | NEW HIGH LIMITED V. GLOBAL MERCH GROUP, LLC | | |

On January 11, 2022, New High requested that the Clerk enter default against defendant for failure to appear or otherwise respond to New High's complaint within the time prescribed by the Federal Rules of Civil Procedure. Dkt. 12. On January 12, 2022, the Clerk entered default against GMG. Dkt. 13.

On February 23, 2022, New High filed a motion for default judgment against GMG. Dkt. 14. On March 14, 2022, GMG filed a motion to set aside default. Dkt. 15. That same day, GMG also filed an opposition to New High's motion for default judgment. Dkt. 16. On April 11, 2022, the Court granted GMG's motion to set aside default, on the condition that GMG effectuate payment of the $7,500 in attorneys' fees New High incurred in drafting its motion for default judgment and opposing GMG's motion to set aside default, on or before April 25, 2022. Dkt. 19.

On April 28, 2022, New High's counsel submitted a declaration stating that "[a]s of April 27, 2022, Defendant had not complied with [the Court's April 11, 2022 order] in that it had neither paid the $7,500 fee award to Plaintiff, nor made any contact with Plaintiff's counsel to arrange for payment." Dkt. 20. On May 16, 2022, the Court ordered GMG to show cause, on or before May 23, 2022, why default judgment against it should not be entered as a result of its failure to pay the Court-imposed attorney fee award on or before the Court-ordered deadline. Dkt. 21. As of the date of this order, GMG has not filed a response to the Court's May 16, 2022 order.

On June 8, 2022, the Court reserved judgment on New High's motion for default judgment and ordered New High to file and serve supplemental information to support its claim for damages, attorneys' fees, and costs on or before July 5, 2022. See dkt. 22. On June 24, 2022, in response to the Court's June 8, 2022 order, New High submitted a supplemental statement of damages in support of its motion for default judgment. Dkt. 23 ("Supplemental Damages Statement"). New High served the Supplemental Damages Statement on GMG through the Court's CM/ECF system on June 24, 2022, and via email on July 19, 2022. See dkts. 24-25. GMG did not respond to the Supplemental Damages Statement. On July 21, 2022, the Court granted New High's motion for default judgment, and, on July 27, 2022, the Court entered default judgment against GMG in the amount of $2,541,206.86. Dkts. 26, 28.

On August 26, 2022, GMG filed a motion to vacate default judgment or, in the alternative, to set aside default. Dkt. 35. On September 2, 2022, New High filed an

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                'O'

| | | | |
|---|---|---|---|
| Case No. | 2:21-CV-09608-CAS (PVCx) | Date | September 21, 2022 |
| Title | NEW HIGH LIMITED V. GLOBAL MERCH GROUP, LLC | | |

opposition to GMG's motion. Dkt. 39. GMG did not file a reply. GMG's motion to vacate default judgment or, in the alternative, to set aside default is now before the Court.

**II.    DISCUSSION**

In its motion to vacate default judgment or, in the alternative, to set aside default, defendant argues that the default judgment is improper because there was no operative default at the time the default judgment was entered. Dkt. 35 at 7. Defendant points out that the Clerk's entry of default pursuant to Federal Rule of Civil Procedure 55(a) must precede the entry of default judgment. Id. at 7. Defendant contends that the Clerk's entry of default was set aside in April 2022, and no new default was subsequently entered. Id. at 9. Accordingly, defendant argues, the default judgment was improper, and the facts necessary to support a default judgment are not admitted and not established. Id. at 9-11. Defendant further argues that "there are indisputable facts clearly and conclusively demonstrating[ing] that [p]laintiff's claims against defendant are not true" because the orders and deliveries upon which plaintiff's claims rely "occurred before defendant even existed." Id. at 5.

In response, plaintiff argues that the default was not set aside because the Court granted defendant's motion to set aside default on the express condition that defendant pay $7,500 in attorneys' fees, which defendant failed to pay. Dkt. 39 at 4. Thus, plaintiff argues, the default entered by the clerk of the court on January 12, 2022, was not set aside, and, accordingly, defendant is deemed to have admitted the truth of plaintiff's well-pleaded allegations and the default judgment is proper. Id. at 4-6. Plaintiff further states that defendant failed to meet and confer with plaintiff's counsel prior to filing the present motion, in violation of Local Rule 7-3. Id. at 8. Plaintiff argues that, had defendant complied with Local Rule 7-3, plaintiff could have reminded defendant that it "failed to satisfy the express condition for setting aside the default, which could have saved the parties and this Court significant time and expense." Id. at 9.

The Court concludes that the entry of default judgment was proper. The Clerk entered default against defendant on January 12, 2022, as a result of defendant's failure to respond to plaintiff's complaint. Dkt. 13. On April 11, 2022, the Court granted defendant's motion to set aside default "on the condition that defendant pay[] the $7,500 in reasonable attorneys' fees that plaintiff incurred in drafting the motion for default judgment and opposing defendant's motion to set aside default." Dkt. 19 at 5. The Court ordered defendant to pay the $7,500 "on or before April 25, 2022." Id. at 6. However,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:21-CV-09608-CAS (PVCx) | Date | September 21, 2022 |
|---|---|---|---|
| Title | NEW HIGH LIMITED V. GLOBAL MERCH GROUP, LLC | | |

defendant failed to pay the $7,500 by this date and did not respond to plaintiff's inquiries regarding the status of the payment. When the Court ordered defendant to show cause on or before May 23, 2022, why default judgment against it should not be entered on account of its failure to pay the $7,500, see dkt. 21, defendant again did not respond. Because defendant failed to pay the $7,500 and thus failed to satisfy the express condition of the Court's setting aside the default, the default entered on January 12, 2022, was not set aside. Accordingly, defendant is deemed to have admitted the well-pleaded allegations in plaintiff's complaint, and, as the Court concluded in its July 21, 2022 order, entry of default judgment was proper. See dkt. 26.

To the extent that the present motion may be construed as a request for reconsideration based on the assertion that the transactions here at issue predate defendant's formation as a corporate entity, defendant failed to raise this argument, despite its numerous opportunities to do so. Defendant has offered no "material difference in fact or law from that presented to the Court that, in the exercise of reasonable diligence, could not have been known to [defendant] at the time the [o]rder was entered." Local Rule 7-18. And defendant has not demonstrated "the emergence of new material facts or a change of law" or "a manifest failure to consider material facts presented to the Court before the [o]rder was entered." Id. Any suggestion that defendant could not determine the date of its formation as a corporate entity would in any event be frivolous. Thus, defendant has not provided, and cannot provide, sufficient grounds in support of its request, which appears to be nothing more than an attempt to delay enforcement of the judgment.

### III. CONCLUSION

In accordance with the foregoing, the Court **DENIES** defendant's motion to vacate default judgment or, in the alternative, to set aside default.

IT IS SO ORDERED.

|  | 00 : 00 |
|---|---|
| Initials of Preparer | CMJ |