UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:21-CV-09608-CAS (PVCx) | Date | January 6, 2025 |
|---|---|---|---|
| Title | NEW HIGH LIMITED V. GLOBAL MERCH GROUP, LLC | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Deborah Parker | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Lawrence Hilton | Not Present |

**Proceedings:** ZOOM HEARING RE: RENEWED MOTION TO AMEND JUDGMENT TO ADD GLOBAL MED GROUP, LLC, MAPLETON CAPITAL, LLC, AND DANIEL GUEZ AS JUDGMENT DEBTORS (Dkt. 66, filed on November 5, 2024)

## I. INTRODUCTION AND BACKGROUND

On December 10, 2021, plaintiff New High Limited ("New High") brought suit in this district against defendant Global Merch Group, LLC ("GMG"). See Dkt. 1 ("Compl."). New High is a Hong Kong corporation with its principal place of business in Hong Kong, and GMG is an LLC with its principal place of business in Nevada. Id. New High's complaint alleges that GMG failed to pay for apparel and personal protective equipment ("PPE") that New High delivered to it, that GMG wrongfully cancelled purchases for products after New High had already produced them pursuant to contracts entered into with GMG, and that New High was in the process of producing additional goods ordered by GMG at the time that GMG breached. Id. ¶¶ 8-10. New High began selling and shipping apparel and PPE to GMG in January 2020. Id. ¶ 6. New High asserts that each time it delivered products to GMG, New High would provide an invoice with information about the products, the payment due, and the instructions for payment. Id. ¶ 7. New High claims that GMG failed to pay for $1,451,168.49 in apparel and PPE, that GMG wrongfully cancelled purchases for $176,797.50 in goods, and that New High was in the process of producing additional apparel valued at $688,670.55 at the time of New High's complaint. Id. ¶¶ 8-10. New High asserts claims for: (1) breach of written contracts; (2) account stated; and (3) goods sold and delivered. Id. ¶¶ 11-26.

On January 11, 2022, New High requested that the Clerk enter default against defendant for failure to appear or otherwise respond to New High's complaint within the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:21-CV-09608-CAS (PVCx) | Date | January 6, 2025 |
|---|---|---|---|
| Title | NEW HIGH LIMITED V. GLOBAL MERCH GROUP, LLC | | |

time prescribed by the Federal Rules of Civil Procedure. Dkt. 12. On January 12, 2022, the Clerk entered default against GMG. Dkt. 13.

On February 23, 2022, New High filed a motion for default judgment against GMG. Dkt. 14. On March 14, 2022, GMG filed a motion to set aside default. Dkt. 15. That same day, GMG also filed an opposition to New High's motion for default judgment. Dkt. 16. On April 11, 2022, the Court granted GMG's motion to set aside default, on the condition that GMG effectuate payment of the $7,500 in attorneys' fees New High incurred in drafting its motion for default judgment and opposing GMG's motion to set aside default, on or before April 25, 2022. Dkt. 19.

On April 28, 2022, New High's counsel submitted a declaration stating that "[a]s of April 27, 2022, Defendant had not complied with [the Court's April 11, 2022 order] in that it had neither paid the $7,500 fee award to Plaintiff, nor made any contact with Plaintiff's counsel to arrange for payment." Dkt. 20. On May 16, 2022, the Court ordered GMG to show cause, on or before May 23, 2022, why default judgment against it should not be entered as a result of its failure to pay the Court-imposed attorney fee award on or before the Court-ordered deadline. Dkt. 21. As of the date of this order, GMG has not filed a response to the Court's May 16, 2022 order.

On June 8, 2022, the Court reserved judgment on New High's motion for default judgment and ordered New High to file and serve supplemental information to support its claim for damages, attorneys' fees, and costs on or before July 5, 2022. See dkt. 22. On June 24, 2022, in response to the Court's June 8, 2022 order, New High submitted a supplemental statement of damages in support of its motion for default judgment. Dkt. 23 ("Supplemental Damages Statement"). New High served the Supplemental Damages Statement on GMG through the Court's CM/ECF system on June 24, 2022, and via email on July 19, 2022. See dkts. 24-25. GMG did not respond to the Supplemental Damages Statement. On July 21, 2022, the Court granted New High's motion for default judgment, and, on July 27, 2022, the Court entered default judgment against GMG in the amount of $2,541,206.86. Dkts. 26, 28.

On August 26, 2022, GMG filed a motion to vacate default judgment or, in the alternative, to set aside default. Dkt. 35. On September 21, 2022, the Court denied GMG's motion. Dkt. 45. On October 20, 2022, GMG appealed the default judgment and the Court's denial of its motion to vacate, or in the alternative, set aside default. Dkt. 46.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:21-CV-09608-CAS (PVCx) | Date | January 6, 2025 |
|---|---|---|---|
| Title | NEW HIGH LIMITED V. GLOBAL MERCH GROUP, LLC | | |

On September 13, 2023, New High filed a motion to amend the judgment to add Global Med Group, LLC ("Global Med") and Daniel Guez ("Guez") as judgment debtors. Dkt. 58-1. That same day, New High filed a request for judicial notice in support of its motion to amend judgment. Dkt. 58-29.[1] On October 1, 2023, GMG filed

---

[1] New High filed a request for judicial notice in connection with its motion, requesting that the Court take notice of twelve exhibits. Dkt. 58-29. These include: (1) Trustee's Motion for Dismissal of Case [U.S.C. § 105, 323, 343 and 521(e)2(A), F.R.B.P. 9019 and Local Rule 9013-1(a)(1)(7)]; Declaration of Carolyn A. Dye in Support Thereof (Dkt. No. 43) filed by Chapter 7 Trustee Carolyn A. Dye on April 13, 2023, in United States Bankruptcy Court, Central District of California, Case No. 2:22-bk-16624-WB; (2) Certificate of Notice and Order Granting Trustee's Motion for Dismissal of Case (Dkt. No. 48) entered on May 26, 2023, in United States Bankruptcy Court, Central District of California, Case No. 2:22-bk-16624-WB; (3) Texas Franchise Tax Public Information Report for Global Merch Group, LLC for the 2020 report year, filed on April 6, 2020, with the Texas Secretary of State; (4) Certificate of Amendment (Amendment of Name) for Global Merch Group, LLC, filed on April 22, 2020, with the Texas Secretary of State (Document No. 965537470002); (5) Application to Register a Foreign Limited Liability Company (LLC) (Form LLC-5) for Global Med Group, LLC, filed on September 9, 2020, with the California Secretary of State (Document No. 202025610033); (6) Screenshot of the Nevada Secretary of State Business Entity Information database showing entity information for Mapleton Capital, LLC; (7) List of Equity Security Holders (Dkt. No. 23) filed by Debtor Global Merch Group, LLC on January 8, 2023, in in United States Bankruptcy Court, Central District of California Case No. 2:22-bk-16624-WB; (8) Screenshot of the Nevada Secretary of State Business Entity Information database showing entity information for Global Merch Group, LLC (Nevada limited liability company) (accessed October 4, 2022); (9) Application to Register a Foreign Limited Liability Company (LLC) (Form LLC-5) for Global Merch Group, LLC, filed on August 5, 2021, with the California Secretary of State (Document No. 202122110190); (10) Statement of Information for Delfern Holdings LLC, filed on December 19, 2022, with the California Secretary of State (Document Number BA20221277047); (11) Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy (Form 207) (Dkt. No. 31) filed by Debtor Global Merch Group, LLC on January 8, 2023, in United States Bankruptcy Court, Central District of California Case No. 2:22-bk-16624-WB; and (12) Summary of Assets and Liabilities for Non-Individuals (Form 206SUM) (Dkt. No. 24) filed by Debtor Global Merch Group, LLC on January 8, 2023, in United States

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:21-CV-09608-CAS (PVCx) | Date | January 6, 2025 |
|---|---|---|---|
| Title | NEW HIGH LIMITED V. GLOBAL MERCH GROUP, LLC | | |

a response to and notice of deficiencies in New High's motion to amend judgment. Dkt. 59. On October 2, 2023, New High filed a reply in support of its motion to amend judgment. Dkt. 60. On October 14, 2023, the Court denied New High's motion without prejudice, in light of the fact that an appeal was pending. Dkt. 62.

On August 14, 2024, the Court of Appeals for the Ninth Circuit affirmed the Court's order denying GMG's motion to vacate, or in the alternative set aside, the default judgment. Dkt. 64. On September 5, 2024, the Ninth Circuit's judgment went into effect. Dkt. 65.

On November 5, 2024, New High filed the instant renewed motion to amend the default judgment to add Global Med, Mapleton Capital, LLC ("Mapleton"), and Guez as judgment debtors.[2] Dkt. 66. On December 20, 2024, New High filed a notice that no opposition had been filed to their renewed motion. Dkt. 74.

On January 6, 2025, the Court held a hearing. New High's renewed motion to amend the default judgment to add Global Med, Mapleton, and Guez as judgment debtors is presently before the Court. Lawrence Hilton of One LLP appeared for New High. No appearance was made on behalf of GMG, Global Med, Mapleton, or Guez. Having carefully considered the parties' arguments and submissions, the Court finds and concludes as follows.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 69(a) provides that "[t]he procedure on execution—and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies." The Ninth Circuit has interpreted this Rule as "empower[ing] federal courts to rely on state law to add judgment-debtors." In re Levander, 180 F.3d 1114, 1120–21 (9th Cir.1999).

---

Bankruptcy Court, Central District of California Case No. 2:22-bk-16624-WB. Id. The Court finds that judicial notice of these exhibits is appropriate pursuant to Federal Rule of Evidence 201(b) because the documents are public records, as either court records or corporate records.

[2] In its renewed motion, New High incorporates its original motion papers, including the request for judicial notice, by reference. Dkt. 66 at 3.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**   'O'

| Case No. | 2:21-CV-09608-CAS (PVCx) | Date | January 6, 2025 |
|---|---|---|---|
| Title | NEW HIGH LIMITED V. GLOBAL MERCH GROUP, LLC | | |

The applicable state law, section 187 of the California Code of Civil Procedure, permits the amendment of a judgment to add judgment debtors on the ground that a person or entity is the alter ego of the original judgment debtor, but only under circumstances that do not offend due process. See NEC Elecs. v. Hurt, 208 Cal.App.3d 772, 778 (1989). As the NEC court explained:

> This is an equitable procedure based on the theory that the court is not amending the judgment to add a new defendant but is merely inserting the correct name of the real defendant. Such a procedure is an appropriate and complete method by which to bind new individual defendants where it can be demonstrated that in their capacity as alter ego of the corporation they in fact had control of the previous litigation, and thus were virtually represented in the lawsuit.

Id. (citations omitted); see also Katzir's Floor & Home Design, Inc. v. M–MLS.com, 394 F.3d 1143, 1150 (9th Cir.2004). Accordingly, California courts have adopted a two-part test to determine whether a defendant may be added after judgment is entered. Adding a new defendant "requires *both* (1) that the new party be the alter ego of the old party *and* (2) that the new party had controlled the litigation, thereby having had the opportunity to litigate, in order to satisfy due process concerns." Toho–Towa Co., Ltd. v. Morgan Creek Prods., Inc., 217 Cal.App. 4th 1096, 1106 (2013) (emphasis in original) (quoting Triplett v. Farmers Ins. Exch., 24 Cal.App. 4th 1415, 1421 (1994)); accord In re Levander, 180 F.3d at 1121. The applicable burden of proof is a preponderance of the evidence. Wollersheim v. Church of Scientology, 69 Cal.App. 4th 1012, 1014 (1999).

## III.   DISCUSSION

As an initial matter, as of the date of this order, no response has been filed to New High's renewed motion, despite the fact that GMG was served through CM/ECF and Global Med, Guez, and Mapleton were served separately by New High. See dkts. 71-73. Pursuant to Local Rule 7-12, the lack of a timely filed opposition is an independent basis for the Court to grant New High's motion. See L.R. 7-12 ("[t]he failure to file any required document, or the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion"). Even if there were a response, the Court would nonetheless grant New High's motion for the following reasons. The Court addresses in turn each of the requirements to amend a judgment to add a judgment debtor.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**              **'O'**

| Case No. | 2:21-CV-09608-CAS (PVCx) | Date | January 6, 2025 |
|---|---|---|---|
| Title | NEW HIGH LIMITED V. GLOBAL MERCH GROUP, LLC | | |

### A.   Alter Ego

According to New High, the Court entered default judgment against the wrong party. Dkt. 66-1 at 1-2. New High explains that it entered into several agreements with Global Merch Group, LLC or Global Merch (Texas), but Guez deceived both New High and this Court "by quietly renaming Global Merch (Texas) to be 'Global Med Group, LLC,' and by putting forth a dummy company with the old name but the same address." Id. at 2-3. Thus, New High asserts that it believed GMG/Global Merch (Nevada) was actually Global Merch (Texas), the entity with whom it originally entered into the agreements. Id. at 2. New High also asserts that Global Med's bank records show that Guez and Andreana Bosilcic ("Bosilcic") transferred more than $533,000 from the Global Merch bank account at Wells Fargo to Mapleton, an entity owned and controlled by Guez and Bosilcic. Id. at 5. As such, New High alleges that Guez, Global Med, and Mapleton are alter egos of Global Merch Group, LLC ("GMG/Global Merch (Nevada)"). Id. at 5. First, New High argues there is "overwhelming" evidence that Guez disregarded the legal status of GMG/Global Merch (Nevada), such as by operating GMG/Global Merch (Nevada), Global Merch (Texas), Global Med, Delfern, and Mapleton, out of the same office; by using Global Med funds on his personal expenses; and by employing Michael Bowse as legal counsel for himself and every other entity involved in this matter. Id. at 13-14. Second, New High asserts that Guez "never intended Global Merch (Nevada) to be a legitimate company," as Guez did not adequately capitalize it, and GMG/Global Merch (Nevada) listed no assets when it filed its Bankruptcy Schedules. Id. at 14. Third, New High argues that Guez commingled "hundreds of thousands of dollars of funds" between the Global Merch Wells Fargo bank account and his personal accounts, and manipulated the entities so that he, Global Med, and Mapleton possessed the assets while GMG/Global Merch (Nevada) alone was held liable. Id. at 15.

Further, New High argues that adding Guez, Mapleton, and Global Med as judgment debtors would prevent injustice pursuant to section 187 because Guez and Global Med deceived New High and the Court willfully and for financial gain. Id. at 16-17. New High also argues that it would be inequitable to allow Guez and Global Med to use Mapleton as a conduit through which they "siphoned more than a half million dollars, leaving the Global Merch Wells Fargo account empty." Id. at 16. New High contends that Guez and Global Med knew GMG/Global Merch (Nevada) never dealt with New High yet have controlled the litigation in the name of GMG/Global Merch (Nevada). Id. at 16. New High cites Carr v. Barnabey's Hotel Corp., 23 Cal. App. 4th 14 (1994), to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**     'O'

| Case No. | 2:21-CV-09608-CAS (PVCx) | Date | January 6, 2025 |
|---|---|---|---|
| Title | NEW HIGH LIMITED V. GLOBAL MERCH GROUP, LLC | | |

argue that Guez never raised the issue that Global Merch (Nevada) was the wrong party even though it would have been easy to correct the false premise upon which New High and the Court proceeded. Id. at 17. New High additionally cites Carolina Cas. Ins. Co. v. L.M. Ross Law Group, LLP, 212 Cal. App. 4th 1181 (2012), for the proposition that it would be inequitable not to add judgment debtors that knew the original judgment debtor had no assets. Id. Next, New High refers to authority cited in Carr to assert that there is a "substantial identity" "between Daniel Guez operating Global Merch (Texas), later renamed as Global Med, and Daniel Guez operating [GMG/]Global Merch (Nevada)" and that the mistake by New High and the Court is excusable. Id. at 18-20. Finally, New High asserts that Guez and Global Med brought Mapleton into their "scheme" to receive substantial proceeds from their inequitable conduct. Id. at 20.

A "sparingly used" exception to the general principle that a corporation "is separate and distinct from its stockholders, officers, and directors, with separate and distinct liabilities and obligations," the alter ego doctrine "prevents individuals or other corporations from misusing the corporate laws by the device of a sham corporate entity formed for the purpose of committing fraud or other misdeeds." Sonora Diamond Corp. v. Superior Court, 83 Cal.App. 4th 523, 538, 539 (2000). "California recognizes alter ego liability where two conditions are met: First, where 'there is such a unity of interest and ownership that the individuality, or separateness, of the said person and corporation has ceased;' and, second, where 'adherence to the fiction of the separate existence of the corporation would ... sanction a fraud or promote injustice.'" In re Schwarzkopf, 626 F.3d 1032, 1038 (9th Cir.2010) (quoting Wood v. Elling Corp., 20 Cal.3d 353, 364 n.9 (1977)); see also Mesler v. Bragg Mgmt. Co., 39 Cal.3d 290, 300 (1985). Both factors must be met to establish alter ego liability. Mesler, 39 Cal.3d at 300.

"Whether a party is liable under an alter ego theory is a question of fact" that depends on the "circumstances of each particular case." Leek v. Cooper, 194 Cal.App. 4th 399, 418 (2011). Factors courts have found relevant to the identity of interest analysis include: (1) the commingling of assets; (2) the treatment by an individual of corporate assets as his own; (3) the failure to obtain authority to issue stock; (4) the holding out by an individual that he is personally liable for the corporation's debts; (5) the failure to maintain minutes or adequate corporate records, or the confusion of the records of separate entities; (6) an identity of equitable owners, directors, or officers of multiple entities; (7) the sole ownership of all stock by one individual or the members of a family; (8) the use of the same office or business location for multiple entities; (9) the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**   'O'

| Case No. | 2:21-CV-09608-CAS (PVCx) | Date | January 6, 2025 |
|---|---|---|---|
| Title | NEW HIGH LIMITED V. GLOBAL MERCH GROUP, LLC | | |

employment of the same employees or attorneys; (10) undercapitalization; (11) the disregard of legal formalities; (12) the use of a corporation as a mere shell or conduit for a single venture or the business of an individual or other entity; and (13) the contracting with another with intent to avoid performance by use of a corporate entity to shield against personal liability. Assoc. Vendors, Inc. v. Oakland Meat Co., 210 Cal.App.2d 825, 838–40 (1962) (collecting cases). Courts have found "inadequate capitalization, commingling of assets, [and] disregard of corporate formalities" to be especially "critical." Tomaselli v. Transamerica Ins. Co., 25 Cal.App. 4th 1269, 1285 (1994). Even where there is a sufficient unity of interest, the alter ego doctrine cannot be invoked without evidence of misconduct or an injustice flowing from recognition of the separate corporate entity. Sonora Diamond Corp., 83 Cal.App. 4th at 530. Thus, the doctrine "does not guard every unsatisfied creditor but instead affords protection where some conduct amounting to bad faith makes it inequitable for the corporate owner to hide behind the corporate form. Difficulty in enforcing a judgment or collecting a debt does not satisfy this standard." Id.

As an initial matter, the Court concludes that it would be proper to add a judgment debtor to a default judgment. Further, based on the evidence submitted by New High, it appears to the Court that there is a clear unity of interest between GMG—or Global Merch (Nevada)—and Guez, Global Med, and Mapleton that supports an alter ego finding. Guez controls and is CEO of both Global Merch (Texas) and Global Med. He is a co-owner, along with Bosilcic, of Mapleton. Mapleton, meanwhile, owns GMG/Global Merch (Nevada). New High entered into several agreements with Global Merch Group, LLC, and because it was unaware that Global Merch Group, LLC changed its name to Global Med Group, it incorrectly brought this action against GMG. Meanwhile, Guez commingled funds with his personal accounts, retained Bowse to represent him, GMG, Global Med, and Mapleton, and used the same address for GMG, Global Med, and Mapleton. He also siphoned $533,700 of Globe Med's funds to Mapleton, an entity he owned with Bosilcic, leaving the Global Merch Wells Fargo account with a balance of only $167.54. Guez further undercapitalized GMG, such that GMG listed no assets when it filed bankruptcy. As such, Guez disregarded legal formalities. Accordingly, the Court finds that Guez, Global Med, and Mapleton are alter egos of GMG.

### B.  Due Process

New High argues that adding Guez, Global Med, and Mapleton as judgment debtors "comports with due process" because Guez both has controlled the litigation and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**            'O'

| Case No. | 2:21-CV-09608-CAS (PVCx) | Date | January 6, 2025 |
|---|---|---|---|
| Title | NEW HIGH LIMITED V. GLOBAL MERCH GROUP, LLC | | |

hired Bowse to represent Guez individually and every entity Guez owns and controls. Id. at 20. Additionally, New High argues that Guez, Global Med, and Mapleton previously received notice of New High's intent to add them to the judgment through the related action, Global Med Group, LLC v. New High Ltd., Case No. 2:22-cv-06031-CAS-PVC. Id. Further, New High contends that it has brought this motion to amend within a reasonable time, as it did not discover the pertinent facts regarding the corporate shell game until after post-judgment discovery. Id. New High also asserts that further delay was caused by "Global Merch's meritless bankruptcy petition—filed solely for purposes of delay according to the Trustee" and "Global Merch's meritless appeal of the judgment." Id. at 21.

"Due process requires that a party added to a judgment on alter ego grounds have had 'control of the litigation and occasion to conduct it with a diligence corresponding to the risk of personal liability that was involved.'" Bank of Montreal v. SK Foods, LLC, 476 B.R. 588, 601 (N.D.Cal.2012) (quoting NEC Elecs., 208 Cal.App.3d at 78–79). The purpose of this requirement "is to protect that party's due process rights." Katzir's Floor, 394 F.3d at 1149. "Due process 'guarantees that any person against whom a claim is asserted in a judicial proceeding shall have the opportunity to be heard and to present his defenses.'" Id. at 1149–50 (quoting Motores De Mexicali v. Superior Court, 51 Cal.2d 172, 176 (1958) (in bank)); see, e.g., Alexander v. Abbey of the Chimes, 104 Cal.App.3d 39, 45-46 (1980) (approving amendment of judgment to add name of corporate judgment-debtor's sole stockholder, where that individual was fully apprised of litigation and participated in it as CEO of corporation).

It appears to the Court that the due process concerns regarding adding a judgment debtor when the judgment was entered by default do not apply here. Guez is the CEO of both GMG and Global Med and is the co-owner of Mapleton. As CEO of GMG, he has been a party to the litigation since the action commenced. As such, Guez, Global Med, and Mapleton have had the opportunity to present a defense, and their interests have been represented throughout the action by their shared attorney. Furthermore, Guez, Global Med, and Mapleton had an opportunity to be heard on this matter at the hearing on January 6, 2025, but no appearance was made. Accordingly, the Court finds that adding Guez, Global Med, and Mapleton to the judgment would not offend due process.

///

///

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL    'O'

| | | | |
|---|---|---|---|
| Case No. | 2:21-CV-09608-CAS (PVCx) | Date | January 6, 2025 |
| Title | NEW HIGH LIMITED V. GLOBAL MERCH GROUP, LLC | | |

## IV.   CONCLUSION

In accordance with the foregoing, the Court **GRANTS** New High's renewed motion to amend the judgment.

IT IS SO ORDERED.

|  | 00 : 02 |
|---|---|
| Initials of Preparer | CMJ |