Michael A. Bowse (SBN189659)
mbowse@bdhch.com
BOWSE DAVIS HUFFINE CHUNG & HULL LLP
611 Wilshire Blvd., Suite 900
Los Angeles, CA 90017
Phone: (213) 344-4700
Fax: (213) 344-4700

Attorney for Non-Party Amy Guez

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| NEW HIGH LIMITED, A HONG KONG CORPORATION,<br><br>Plaintiff,<br><br>vs.<br><br>GLOBAL MERCH GROUP, LLC, a Nevada limited liability company,<br><br>Defendant | Case No.: 2:21-cv-09608-CAS-PVC<br><br>**NOTICE OF MOTION AND MOTION TO VACATE ORDER FOR APPEARANCE OF THIRD PERSON (AMY GUEZ); MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF AMY GUEZ**<br><br>DATE:   March 10, 2026<br>Time:   10:00 A.M.<br>CTRM:   590 |
|---|---|

---

MOTION TO QUASH SUBPOENA AND VACATE ORDER FOR APPEARANCE OF 3RD PARTY AMY GUEZ    1

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on March 03, 2026 at 10:00 a.m., or as soon thereafter as the matter may be heard in Courtroom 590 of the United States District Court for the Central District of California, located at the Edward R. Roybal Federal Building and United States Courthouse, 255 E. Temple Street, Los Angeles, CA 90012, before the Honorable Pedro V. Castillo, United States Magistrate Judge, non-party Amy Guez will and hereby does move for an order:

1. Vacating the Court's Order to Appear for Examination of a Third Person directed to Amy Guez (the "Order to Appear");
2. Awarding sanctions in the amount of $5,200.00 against Plaintiff New High Limited and its counsel pursuant to Fed. R. Civ. P. 45(d)(1) and the Court's inherent authority; and
3. Granting such other and further relief as the Court deems just and proper, including a protective order prohibiting further harassment of Movant and her family.

The Motion is made on the following grounds, as more fully stated in the accompanying Memorandum of Points and Authorities:

1. The Order to Appear was procured based on false representations made to this Court by New High and its counsel. Movant does not possess any moneys belonging to any of the judgment debtors, let alone $10,000; and
2. The Order to Appear was not served upon Movant a reasonable time prior to the date set for compliance and therefore are unduly burdensome and harassing under the circumstances.

This Motion is made pursuant to Fed. R. Civ. P. 68, the Court's inherent authority, and applicable law, and is based on this Notice, the accompanying Memorandum of Points and Authorities, the Declaration of Amy Guez and exhibits, the Declaration of Michael A. Bowse and exhibits, the records and files in this action, and such further evidence and argument as may be presented on reply or at the hearing hereon.

MEET AND CONFER CERTIFICATION (L.R. 7-3)

Pursuant to Local Rule 7-3, counsel for Movant attempted to meet and confer in good faith with counsel for Plaintiff New High Limited regarding the relief requested herein. On January 23, 2026, Movant's counsel sent a written demand letter to Plaintiff's counsel requesting withdrawal of the Subpoena and vacatur of the Order to Appear. A true copy of that letter is attached as Exhibit A. Plaintiff's counsel did not respond to that letter.

Dated: February 5, 2026                    BOWSE DAVIS HUFFINE CHUNG & HULL LLP
                                           Michael A. Bowse

                                           By:     /s/ Michael A. Bowse
                                           Attorney for Non-Party Amy Guez

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

New High Limited ("New High") procured from this Court an order requiring non-party Amy Guez to appear for oral examination. The Order to Appear is improper, harassing, and unsupported by any good-faith factual basis. Indeed, to obtain the Order to Appear, New High and its counsel invented – based on whole cloth – a false assertion that Ms. Guez is holding $10,000 in cash that belongs to one of the judgment debtors. New High's representation to the Court was not just false; it was made without any basis in fact, let alone a good faith basis.

Ms. Guez has no connection to this matter or the judgment New High claims it is attempting to enforce. She has been factually and legally separated from Daniel Guez for nearly 15 years (since April 14, 2011) and is nothing more than his ex-wife. Ms. Guez has involvement in and no knowledge of the finances of any judgment debtor, let alone any persons or entities New High might claim are somehow related to them. She possesses no documents or information relevant to New High's enforcement efforts. Requiring her to appear for examination would accomplish nothing other than to harass her. Indeed, as discussed below, that appears to be New High's purpose here.

Moreover, Ms. Guez did not receive the Order to Appear until late on the night of January 20, 2026, leaving her without reasonably sufficient notice before the February 10, 2026 appearance date – particularly since the controlling California code section requires 30 days' notice.

Ms. Guez also seeks sanctions in the amount of $5,200.00 (8 hours of attorney time at $650 per hour) because New High and its counsel imposed undue burden on a non-party and procured the Order to Appear based on a false factual assertion.

## II. FACTUAL BACKGROUND

The pertinent facts are set forth in the attached Declaration of Amy Guez. In summary, Ms. Guez is a non-party who has been separated from Daniel Guez since April 14, 2011 and divorced thereafter. Amy Guez Decl., ¶¶4-5. Since separation, she has had

no access to and no involvement with Daniel Guez's business or financial affairs. *Id.*, ¶7. She has no knowledge of, and no documents concerning, Global Med Group, Mapleton Capital, Daniel Guez's finances, or any judgment debtor's finances. *Id.*, ¶¶8-9.

New High's representation to this Court that Ms. Guez holds "cash in the amount of at least $10,000.00" is false. *Id.*, ¶10. Ms. Guez does not possess funds belonging to any judgment debtor in any amount, let alone in the amount of $10,000.00. *Id.* And there are no facts that gave New High any good faith basis to make that representation to the Court. *Id.*, ¶11.

New High's agents have also repeatedly attempted service or investigative activity at Ms. Guez's parents' residence on Ayrshire Road in Los Angeles, where Ms. Guez, her parents and her children reside, notwithstanding that Daniel Guez has no connection to that address. *Id.*, ¶¶12-13. Although New High has been informed that Daniel Guez does not reside there, its agents have repeatedly appeared at Ms. Guez's home attempting to serve him there. *Id.*, ¶13. This has gone on so long and with such frequency that it has caused Ms. Guez, her parents and her children significant distress. *Id.*, ¶13.

Ms. Guez did not receive the Subpoena or Order to Appear until late on the night of January 20, 2026. *Id.*, ¶3.

### III. ARGUMENT

#### A. The Order To Appear Should Be Vacated Because It Was Procured On A False And Unsupported Premise.

New High represented to the Court that Ms. Guez possesses "cash in the amount of at least $10,000.00" belonging to a judgment debtor. That representation was false and made without any good faith basis. *Id.*, ¶10. Ms. Guez has never possessed any such funds. *Id.*, ¶10. The Order to Appear, founded on a fabricated assertion, should be vacated.

Moreover, as Ms. Guez explains in her attached declaration, she has no knowledge relevant to these proceedings. *Id.*, ¶¶7-9. Requiring her to appear and give testimony would accomplish nothing other than to harass and burden her without justification.

**B.     The Order To Appear Must Also Be Vacated Because Ms. Guez Did Not Receive 30-Days' Notice As Required By Law.**

Ms. Guez did not receive the Order to Appear until late on the night of January 20, 2026, just 21 days before the date she was ordered to appear in person at the courthouse. *Id.*, ¶3. That is not sufficient notice and requires vacatur of the Order to Appear, which must be served at least 30 days prior to the date on which appearance has been ordered.

Federal Rule of Civil Procedure 69(a) provides that post-judgment discovery of non-parties must be conducted "as provided in these rules or by the procedure of the state where the court is located." Fed. R. Civ. Proc. 69(a)(2).  More specifically, Rule 69(a) mandates that post-judgment discovery "must accord with the procedure of the state where the court is located," unless a federal statute applies. Fed. R. Civ. Proc. 69(a)(1).

Where, as here, the judgment creditor seeks a courthouse "order to appear for examination" compelling a third party to testify in aid of enforcement, the procedure is not supplied by the Federal Rules; it is supplied by California law. The relevant California procedure is established in Code of Civil Procedure § 708.120, which authorizes orders directing third parties to appear and answer questions concerning debtor property allegedly in their possession or control. Indeed, the Central District's own order form for a third party examination expressly identifies "APPEARANCE OF A THIRD PERSON (ENFORCEMENT OF JUDGMENT – CALIFORNIA C.C.P. SECTION 708.120)," confirming that the Court is employing California's § 708.120 mechanism rather than any stand-alone federal rule.

Accordingly, when New High elected to proceed by "Order to Appear for Examination of a Third Person," it necessarily invoked this California statutory examination procedure. CCP § 708.110 expressly mandates that an order to appear for examination be served at least 30 days before the date set for that examination.  Here, however, Ms. Guez was served just 21 days before the date set for her appearance.  Guez Decl., ¶3.  That is insufficient and automatically renders the order to appear invalid and ineffective. The order must be vacated on that ground as well.

### C. Sanctions Are Warranted.

New High and its counsel imposed undue burden on an uninvolved non-party, served the order with insufficient notice, and procured the Order to Appear based on a false assertion. Ms. Guez seeks sanctions in the amount of $5,200.00 (8 hours of attorney time at $650 per hour) to compensate for the attorney time required to address and bring this motion.

### D. A Protective Order Is Warranted To Prevent Continued Harassment.

The repeated attempts to serve or investigate at Ms. Guez's parents' residence—despite Daniel Guez having no connection to that address—underscore the improper purpose of this discovery and support entry of protective relief. New High knows that Daniel Guez does not reside at Ms. Guez's parents' house. *Id.*, ¶12. Despite that, process servers apparently seeking to serve papers upon Daniel Guez have repeatedly attempted to serve him there. *Id*. This has occurred so many times and with such regularity that it has caused great distress to Ms. Guez and her children. *Id.*, ¶13. An order prohibiting further attempts to serve Daniel Guez at the Ayrshire address should issue.

## IV. CONCLUSION

For the foregoing reasons, Ms. Guez respectfully requests that the Court (1) vacate the Order to Appear, (2) award sanctions in the amount of $5,200.00 (8 hours of attorney time at $650 per hour), and (3) grant such further relief as the Court deems just and proper.

Dated: February 5, 2026

BOWSE DAVIS HUFFINE CHUNG & HULL LLP
Michael A. Bowse

By: ___/s/ Michael A. Bowse_____

Attorney for Non-Party Amy Guez