1  LAWRENCE J. HILTON (Bar No. 156524)
   Email: lhilton@onellp.com
2  ROBERT D. HUNT (Bar No. 247802)
   Email: rhunt@onellp.com
3  **ONE LLP**
   23 Corporate Plaza, Suite 150-105
4  Newport Beach, CA 92660
   Telephone:  (949) 502-2870
5  Facsimile:   (949) 258-5081

6  Attorneys for Judgment Creditor,
   NEW HIGH LIMITED

7

8

9

10                    **UNITED STATES DISTRICT COURT**

11                    **CENTRAL DISTRICT OF CALIFORNIA**

12                            **WESTERN DIVISION**

13

| 14 NEW HIGH LIMITED, a Hong Kong corporation, | Case No. 2:21-cv-09608-CAS-PVC |
|---|---|
| | Hon. Pedro V. Castillo |
| Plaintiff, | **JUDGMENT CREDITOR NEW HIGH LIMITED'S OPPOSITION TO MOTION TO VACATE ORDER TO APPEAR FOR EXAMINATION OF THIRD PERSON AMY GUEZ RE: ENFORCEMENT OF JUDGMENT** |
| v. | |
| GLOBAL MERCH GROUP, LLC, a Nevada limited liability company, | |
| Defendant. | **[DECLARATIONS OF LAWRENCE J. HILTON AND ROBERT D. HUNT AND REQUEST FOR JUDICIAL NOTICE SUBMITTED CONCURRENTLY HEREWITH]** |
| | Date:   March 10, 2026 |
| | Time:   10:00 a.m. |
| | Crtrm:  590 |

**OPPOSITION TO MOTION TO VACATE ORDER TO APPEAR FOR EXAMINATION OF THIRD PERSON AMY GUEZ RE: ENFORCEMENT OF JUDGMENT**

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Just a few days before her scheduled examination, in an obvious attempt to create delays and avoid answering questions, third party Amy Guez filed a Motion to Vacate the Order to Appear for Examination of Third Person Amy Guez re: Enforcement of Judgment ("Motion"). (Dkt. No. 113.) In her Motion, Ms. Guez makes two arguments, both of which lack merit.

First, Ms. Guez argues that Plaintiff and Judgment Creditor New High Limited ("New High") and its counsel did not have a good faith basis for requesting the Order to Appear for Examination of Third Person Amy Guez re: Enforcement of Judgment ("Order for Appearance"). (Dkt. No. 108.) But New High and its counsel clearly had a good faith basis for requesting the Order for Appearance. For example and without limitation, (1) Judgment Debtor Global Med Group, LLC's bank records reveal that it transferred at least $10,000 directly to Ms. Guez via wire transfer; (2) public records reveal that Ms. Guez's divorce proceeding with Judgment Debtor Daniel Guez continued until at least 2024; and (3) public records reflect that in 2022, Ms. Guez and Judgment Debtor Daniel Guez still owned a house as community property worth more than $6 million and that they transferred it to Judgment Debtor Mapleton Capital, LLC. Among other things, New High is entitled to inquire about these transactions, including whether any of the transfers were intended to hinder, delay or defraud creditors of the Judgment Debtors. Several of the statements that Ms. Guez made in her declaration, which she signed under penalty of perjury, are clearly false. Moreover, if she was really separate and independent from the Judgment Debtors, why did she decide to hire Michael Bowse, who is the same attorney who is representing all of the Judgment Debtors, to represent her in this action?

Second, Ms. Guez argues that she was not served with the Order for Appearance in a timely manner. But her counsel is just ignoring the applicable

deadline and attempting to have this Court look at a different deadline that does not apply. Based on the applicable deadline, Ms. Guez was clearly served in a timely manner.

For these reasons, New High respectfully requests that the Court deny the Motion and allow the examination of Amy Guez to proceed. In addition, New High requests that the Court impose sanctions on Amy Guez and/or her counsel in the amount of $7,012.50 to cover the reasonable attorneys' fees and costs incurred by New High in opposing the Motion.

## II. FACTUAL BACKGROUND

More than a year ago, on January 6, 2025, this Court entered an Amended Judgment ("Amended Judgment") naming Global Merch Group, LLC, Global Med Group, LLC, Mapleton Capital, LLC, and Daniel Guez as judgment debtors (collectively "Judgment Debtors"). (Dkt. No. 76.) New High has not been able to recover any of the more than $2.7 million in damages that this Court awarded it in the Amended Judgment.

New High has been trying to take an examination of Judgment Debtor Daniel Guez for nearly a year. (*See, e.g.*, Dkt. Nos. 81, 87.) In fact, in an effort to serve orders for examination on Daniel Guez, counsel for New High has engaged private investigators, who identified several home and/or business addresses for Daniel Guez, including 11401 Ayrshire Rd., Los Angeles, CA 90049 ("Ayrshire Address"). (Declaration of Lawrence J. Hilton ("Hilton Decl."), filed concurrently herewith, at ¶ 3.) Counsel for New High also engaged registered process servers associated with those private investigators to serve the orders for examination on Mr. Guez, along with related Rule 45 subpoenas for document production. (*Id.*) Finally, on January 12, 2026, the registered process servers were able to serve Daniel Guez via substitute service at the Ayrshire Address. (Dkt. Nos. 95, 109, 111.)

In addition, on December 17, 2025, New High asked this Court for permission to take an examination of Amy Guez. (Dkt. No. 103.) On December 22,

2

2025, this Court issued the Order for Appearance, scheduling the examination for February 10, 2026 at 9:30 a.m. in Courtroom 590. (Dkt. No. 108.) On January 20, 2026, the Order for Appearance and a related Rule 45 subpoena for document production were served on Amy Guez via personal service at the Ayrshire Address. (Dkt. No. 110; *see also* Hilton Decl. Exh. 1.)

On February 7, 2026, which was just a few days before the scheduled examination, Amy Guez filed the present Motion, setting the hearing date on this Motion for March 10, 2026 at 10:00 a.m. in Courtroom 590. (Dkt. No. 113.) Although New High opposes the Motion, it agreed to continue the examination of Amy Guez to March 10, 2026. In fact, on February 9, 2026, New High and Amy Guez entered into a stipulation, where they agreed (1) that this Motion by Amy Guez would be heard on March 10, 2026 at 10:00 a.m. in Courtroom 590 and (2) that the examination of Amy Guez would be continued to March 10, 2026 at 11:00 a.m. in Courtroom 590. (Dkt. No. 114.) This Court entered an order approving the stipulation that same day. (Dkt. No. 115.)

## III. LEGAL STANDARD

Under Rule 69 of the Federal Rules of Civil Procedure, "[a] money judgment is enforced by a writ of execution, unless the court directs otherwise." Fed. R. Civ. P. 69(a)(1). "The procedure on execution—and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies." *Id.* In addition, "[i]n aid of the judgment or execution, the judgment creditor … may obtain discovery from any person—including the judgment debtor—as provided in these rules or by the procedure of the state where the court is located." Fed. R. Civ. P. 69(a)(2). Here, because the Court is located in California, California's procedures apply.

In California, "[u]pon ex parte application by a judgment creditor who has a money judgment and proof by the judgment creditor by affidavit or otherwise to the

1  satisfaction of the proper court that a third person has possession or control of
2  property in which the judgment debtor has an interest or is indebted to the judgment
3  debtor in an amount exceeding two hundred fifty dollars ($250), the court shall
4  make an order directing the third person to appear before the court, or before a
5  referee appointed by the court, at a time and place specified in the order, to answer
6  concerning such property or debt." Cal. Civ. Proc. Code § 708.120(a).  Moreover,
7  as is also reflected on the Central District of California form that parties are
8  supposed to use when applying for an order for examination of a third person, a
9  judgment creditor can take an examination of "a third person who has information
10 concerning the business or financial affairs, assets, and/or transactions of the
11 judgment debtor or the defendant sufficient to aid in the enforcement of the money
12 judgment…." (Dkt. No. 103 (citing Cal. Civ. Proc. Code § 708.130).)

## IV.   ARGUMENT

### A.   The Order for Appearance Was/Is Proper, and Amy Guez Is the One Making False Statements.

Ms. Guez argues that New High and its counsel did not have a good faith basis for requesting the Order for Appearance. But New High and its counsel clearly had a good faith basis for requesting the Order for Appearance.

When a judgment creditor files an application for an examination of a third person, "[t]he affidavit in support of the judgment creditor's application may be based on the affiant's *information and belief*." Cal. Civ. Proc. Code § 708.120(a) (emphasis added). When New High requested an examination of Amy Guez, it submitted a declaration by its counsel, and most of the statements in that declaration are made on information and belief. (*See* Dkt. No. 103-1 at ¶¶ 4, 5.) However, as explained below, in addition to information and belief, New High has at least three categories of evidence supporting the Order for Appearance.

First, public records reveal that in 2022, Ms. Guez and Judgement Debtor Daniel Guez still owned a house as community property and that they transferred it

to Judgment Debtor Mapleton Capital, LLC.  More specifically, based on a grant deed that was recorded with the Los Angeles County Clerk-Recorder on May 24, 2022 as Instrument No. 20220558732, "Daniel Guez and Amy Guez, husband and wife as community property [GRANTED] to Jericho Holdings Co, LLC, a California Limited Liability Company By: Mapleton Capital, LLC, a Nevada Limited Liability Company, Member" the real property commonly known as 327 Euclid Street, Santa Monica, CA 90402 ("Euclid Property").  (Request for Judicial Notice ("RJN"), filed concurrently herewith, at Exh. A.)  Among other things, this first grant deed states that it "represents a transfer of real property that is a residential dwelling to an owner-occupier." (*Id.* at p.1 (citing Cal. Gov. Code § 27388.1(a)(2)).)  And it also says, "[t]he grantors and the grantees in this conveyance are comprised of the same parties who continue to hold the same proportionate interest in the property." (*Id.* at p. 1 (citing Cal. Rev. & Tax. Code § 11925(D).)  In other words, this grant deed indicates that even after the transfer, Amy Guez and Daniel Guez retained their 50/50 share of the Euclid Property.  This grant deed also reveals that Amy Guez and Daniel Guez personally appeared together before a notary in May 2022 and signed this grant deed.  (*Id.* at p. 2.)

Then, based on a grant deed that was recorded with the Los Angeles County Clerk-Recorder on July 19, 2022 as Instrument No. 20220737055, "Jericho Holding Co, LLC, a California Limited Liability Company, By Mapleton Capital, LLC, a Nevada Limited Liability Company, Member [GRANTED] to Benjamin Rubinfeld and Hannah Rubinfeld, Husband and Wife as Community Property with Right of Survivorship" the Euclid Property.  (RJN Exh. B.)  This second grant deed says that the "DOCUMENTARY TRANSFER TAX IS $6,985.00," which indicates that the Euclid Property was sold for $6,350,000.00. (*Id.*; *see* Cal. Rev. & Tax. Code § 11911(a) (explaining that the documentary transfer tax is calculated by dividing the sale price by 500 and then multiplying the result by 0.55).)  If Amy Guez was really separate and independent from Judgment Debtors Daniel Guez and Mapleton

Capital, LLC why would she transfer the Euclid Property to Mapleton Capital, LLC and then allow Mapleton Capital, LLC to keep her share of the sale proceeds? The simple answer is that she would not, unless she is either (1) a member of Mapleton Capital, LLC or (2) had entered into an agreement whereby Mapleton Capital, LLC would transfer money back to her. It is important to note that Amy Guez and the Judgment Debtors engaged in these real estate transactions after New High filed its Complaint in this action on December 10, 2021. (Dkt. #1.)

Second, when New High filed its request for the Order for Appearance, it was not aware of the divorce proceeding between Amy Guez and Daniel Guez. (Hilton Decl. ¶ 5.) However, based on the docket for the divorce proceeding (Los Angeles County Superior Court Case No. BD552247), Ms. Guez's divorce proceeding with Judgment Debtor Daniel Guez continued until at least 2024. (RJN Exh. C.) Although the filings in that case are not available online for download to the public, it is reasonable to believe that up until at least early 2024, Amy Guez and Daniel Guez exchanged information with each other regarding their assets and finances. (*See id.*)

Third, Judgment Debtor Global Med Group, LLC's bank records reveal that it transferred at least $10,000 to Ms. Guez. On October 27, 2022, New High issued a document subpoena to First Republic Bank asking for documents related to Judgment Debtor Global Med Group, LLC's bank account. (Hilton Decl. Exh. 2.) One of the documents that was produced in response to that subpoena was a record of a bank wire from Judgment Debtor Global Med Group, LLC directly to Amy Guez in the amount of $10,000.00. (Hilton Decl. Exhs. 3, 4.)

Based on the foregoing three categories of evidence, it is clear that several of the statements that Ms. Guez made in her declaration, which she signed under penalty of perjury, are false. For example and without limitation, the following statements in her declaration are false:

>7. I have had no involvement in the finances of any judgment debtor in this action. I have not handled, managed, controlled, maintained, or directed any financial accounts, records, transactions, or funds for any judgment debtor. [¶] 8. I have no knowledge of the finances of Global Med Group, Mapleton Capital, Daniel Guez, or any other entity or person that New High claims is connected to this action or to any judgment debtor. ***Since our separation in 2011, I have not had access to or involvement with Daniel Guez's business or financial affairs.*** [¶] 9. I do not have in my possession, custody, or control any documents, electronically stored information, or tangible items that are relevant to New High's efforts to enforce or obtain any judgment in this matter, including but not limited to information concerning assets, accounts, transfers, or transactions of any judgment debtor. To the extent the subpoena seeks such materials, I have none. [¶] 10. The application/order materials directed to me include an assertion that I have possession or control of property of a judgment debtor described as: "Cash in the amount of at least $10,000.00." That assertion is false. I do not possess or control cash belonging to any judgment debtor in any amount, let alone $10,000 or more as New High represented to the Court. ***I have never possessed such cash of any judgment debtor.***

(Dkt. No. 113-1 (emphasis added).)

Moreover, in the Motion itself, her attorney Michael Bowse goes even further, saying that Amy Guez "has no knowledge of, and no documents concerning, Global Med Group, Mapleton Capital, Daniel Guez's finances, or any judgment debtor's finances." (Dkt. No. 113 at 5.) The fact that Mr. Bowse filed the Motion on behalf of Amy Guez is very telling. If Ms. Guez was really separate and independent from the Judgment Debtors, why did she decide to hire Mr. Bowse, who is the same attorney who is representing Daniel Guez and the remaining

7

Judgment Debtors—including Mapleton Capital, LLC—to represent her in this action? Moreover, the information cited by New High to refute Ms. Guez's false statements includes public records reflecting Ms. Guez's joint ownership and transfer of the Euclid Property, records that were easily accessible to Mr. Bowse.

In short, it was not only reasonable for New High and its counsel to believe that Ms. Guez has possession or control of property belonging to one or more of the Judgment Debtors, but anyone who made even minimal effort to research public records would have seen that Ms. Guez's protestations of ignorance were false. In addition, it was eminently reasonable for New High and its counsel to believe that Ms. Guez has information concerning the business or financial affairs, assets, and/or transactions of one or more of the Judgment Debtors sufficient to aid in the enforcement of the judgment in this action.

### B. The Order for Appearance Was Timely Served.

Ms. Guez argues that she was not served with the Order for Appearance in a timely manner. In order to create this argument, Mr. Bowse uses a slight of hand. First, he expressly acknowledges that "[t]he relevant California procedure is established in Code of Civil Procedure § 708.*120*…." (Dkt. No. 113 at 6 (emphasis added).) In addition, he acknowledges that the relevant "order form for a third party examination expressly identifies 'APPEARANCE OF A THIRD PERSON (ENFORCEMENT OF JUDGMENT - CALIFORNIA C.C.P. SECTION 708.*120*),' confirming that the Court is employing California's § 708.*120*…." (*Id.* (emphasis added).) But then, immediately after making those acknowledgements, Mr. Bowse cites a different section, namely "CCP § 708.*110*," which does not apply to a third person like Amy Guez. (*Id.* (emphasis added).

As Mr. Bowse knows, or should know, under section 708.120, which is the applicable section for a third person, it clearly states, "[n]ot less than 10 days prior to the date set for the examination, a copy of the order [for the appearance of a third person] shall be … [s]erved personally on the third person." Cal. Civ. Proc. Code §

8

**OPPOSITION TO MOTION TO VACATE ORDER TO APPEAR FOR EXAMINATION OF THIRD PERSON AMY GUEZ RE: ENFORCEMENT OF JUDGMENT**

708.120(b)(1). Here, given the examination date of February 10, 2026, the deadline for serving the Order for Appearance on Amy Guez was January 31, 2026. Thus, service was timely because the Order for Appearance was personally served on Amy Guez on January 20, 2026, eleven days before the deadline. (*See* Dkt. No. 110.)

### C. Amy Guez and Her Counsel Are the Ones Who Should Be Sanctioned.

A court granting or denying a motion for protective order looks to Rule 37(a)(5) when assessing an award of expenses. *See* Fed. R. Civ. P. 26(c)(3). Under that rule, when a motion for protective order is denied and the requested discovery is provided after the motion was filed, the Court "must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party . . . who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(B). Rule 37 provides an exception "if the motion was substantially justified or other circumstances make an award of expenses unjust." *Id.* In this context, the burden is on Amy Guez and her counsel to show that the Motion was substantially justified or harmless to avoid an award of expenses.

In addition, Cal. Civ. Proc. Code § 708.120 states that an order for appearance of a third person must state the following: "'NOTICE TO PERSON SERVED. If you fail to appear at the time and place specified in this order, you may be subject to arrest and punishment for contempt of court and the court may make an order requiring you to pay the reasonable attorney's fees incurred by the judgment creditor in this proceeding.'" Cal. Civ. Proc. Code § 708.120(e)(1). Here, the Order for Appearance contains that language. (Dkt. No. 108 at 2.)

Given that Amy Guez committed perjury in her declaration and given that Mr. Bowse tried to use a slight of hand when citing the applicable deadline for service, New High is hereby requesting sanctions against Amy Guez and/or Mr. Bowse. Among other things, New High is requesting sanctions in the amount of at least

9

$7,012.50 to cover the reasonable attorneys' fees and costs incurred by New High in opposing this Motion. (Hilton Decl. ¶¶ 9-14; Declaration of Robert D. Hunt, filed concurrently herewith, at ¶¶ 3-6.)

## V.  CONCLUSION

For the foregoing reasons, New High respectfully requests that the Court deny the Motion and allow the examination of Amy Guez to proceed. In addition, New High requests that the Court impose sanctions on Amy Guez and/or her counsel in the amount of at least $7,012.50 to cover the reasonable attorneys' fees and costs incurred by New High in opposing the Motion.

Dated:  February 17, 2026            **ONE LLP**

                                By: /s/ Lawrence J. Hilton
                                    Lawrence J. Hilton
                                    Robert D. Hunt
                                    Attorneys for Judgment Creditor,
                                    New High Limited

## CERTIFICATE OF COMPLIANCE (L.R. 11-6.2)

The undersigned, counsel of record for Plaintiff/Judgment Creditor New High Limited, hereby certifies that this brief contains 3,171 words, which complies with the word limit of L.R. 11-6.1.

                                By: /s/ Lawrence J. Hilton
                                    Lawrence J. Hilton

**OPPOSITION TO MOTION TO VACATE ORDER TO APPEAR FOR EXAMINATION OF THIRD PERSON AMY GUEZ RE: ENFORCEMENT OF JUDGMENT**