# EXHIBIT 1

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
для the
Central District of California

| | |
|---|---|
| NEW HIGH LIMITED, a Hong Kong corporation, <br> *Plaintiff* <br> v. <br> GLOBAL MERCH GROUP, LLC, a Nevada limited liability company, <br> *Defendant* | ) ) ) ) ) ) ) <br> Civil Action No. 2:21-cv-09608-CAS-PVC |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Amy Guez

*(Name of person to whom this subpoena is directed)*

☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attachment A

| Place: One LLP <br> 23 Corporate Plaza, Suite 150-105 <br> Newport Beach, CA 92660 | or by email to: <br> lhilton@onellp.com & <br> rhunt@onellp.com | Date and Time: February 5, 2026 5:00 p.m. |
|---|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: January 2, 2026

CLERK OF COURT

_____    OR    *[signature]*
Signature of Clerk or Deputy Clerk            Attorney's signature

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* New High Limited
_____, who issues or requests this subpoena, are:
Lawrence J. Hilton   ph: (949) 502-2870
One LLP, 23 Corporate Plaza, Suite 150-105, Newport Beach, CA 92660    email: lhilton@onellp.com

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 2:21-cv-09608-CAS-PVC

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* Amy Guez
on *(date)* _____ .

❐ I served the subpoena by delivering a copy to the named person as follows: _____
_____
_____ on *(date)* _____ ; or

❐ I returned the subpoena unexecuted because: _____
_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

Attachment "A"

## Description of Documents to be Produced

## DEFINITIONS

As used in the following "Description of Documents to be Produced":

1. The terms "YOU" or "YOUR" means Amy Guez.

2. The phrase "JUDGMENT DEBTORS" means Global Merch Group, LLC, Global Med Group, LLC, Mapleton Capital, LLC, and Daniel Guez.

3. The term "DOCUMENT" or "DOCUMENTS" shall have the same meaning herein as used in Rule 34(a) of the Federal Rules of Civil Procedure, and shall include all "writings and recordings" as that term is defined in Federal Rules of Evidence 1001(1) and (2), all ELECTRONICALLY STORED INFORMATION, and any writing or other tangible thing from which data or information can be obtained (translated if necessary through detection devices into reasonably usable form) and which is in YOUR custody, possession, or control, whether printed, recorded, reproduced by any process, or written or produced by hand, whether or not claimed to be privileged or exempt from production for any reason.  Writings and tangible things that are included within this definition encompass letters, correspondence, electronic mail messages, text messages, tape recordings, reports, agreements, COMMUNICATIONS (including intercompany COMMUNICATIONS), telegrams, memoranda, summaries, forecasts, photographs, models, statistical statements, graphs, laboratory and engineering reports and notebooks, calendars, day-planners, electronic information within handheld organizing devices, charts, plans, manuals, operational guidelines, maintenance schedules, CAD/CAM files, drawings, diagrams, minutes of records of meetings or conferences, expressions or statements of policy, lists of persons attending meetings or conferences, customer lists, reports and/or

summaries of interviews, reports and/or summaries or investigations, opinions or reports of consultants, appraisals, records, reports or summaries of negotiations, brochures, pamphlets, advertisements, circulars, trade letters, press releases, drafts, cancelled checks, bank statements, invoices, receipts and originals of promissory notes, surveys, computer printouts, computer disks, photostats, motion pictures, slides, and sketches.  The foregoing list is not an exclusive definition, but is intended to aid YOU in producing the DOCUMENTS.  In addition to the items listed above, any comment or notation appearing on any DOCUMENT, and not part of the original text, is considered a separate DOCUMENT and any draft of preliminary form of any DOCUMENT is also considered a separate DOCUMENT.

       4.       The singular term "ELECTRONICALLY STORED INFORMATION" or "ESI" means any information "stored in any medium," interpreted in the broadest sense permitted by Rule 34 of the Federal Rules of Civil Procedure.  ESI is subsumed in DOCUMENTS and COMMUNICATIONS and each reference to DOCUMENT or COMMUNICATION shall be interpreted, without limitation, as a reference to related ESI.

       5.       The term "PERSON" or "PERSONS" includes not only natural persons, but also firms, partnerships, associations, corporations, subsidiaries, divisions, departments, joint ventures, proprietorships, syndicates, trusts, groups, and organizations; federal, state, or local governments or government agencies, offices, bureaus, departments, or entities; other legal, business, or government entities; and all subsidiaries, affiliates, divisions, departments, branches, and other units thereof or any combination thereof.  As used herein, any reference to any "PERSON" includes the present and former officers, executives, partners, directors, trustees, employees, attorneys, agents, representatives, and all other persons acting or purporting to act on

behalf of the PERSON and also its subsidiaries, affiliates, divisions, and predecessors and successors in interest.

6. The terms "COMMUNICATION" or "COMMUNICATIONS" means, without limitation, any transmission, conveyance or exchange of a word, statement, message, fact, thing, idea, DOCUMENT, instruction, information, demand, or question by any medium, whether by written, oral or other means, including but not limited to electronic COMMUNICATIONS, text messages, electronic mail ("email"), and email attachments.

7. Unless otherwise noted, these requests seek information for the time period from January 1, 2021 to the present.

8. As used herein, the singular shall be construed to include the plural, and the plural shall be construed to include the singular.

9. As used herein, the word "each" shall be construed to include the word "every," and the word "every" shall be construed to include the word "each."

10. As used herein, the word "any" shall be construed to include the word "all," and the word "all" shall be construed to include the word "any."

11. As used herein, the word "or" shall be construed to include the word "and," and the word "and" shall be construed to include the word "or."

## DOCUMENT REQUESTS

**REQUEST NO. 1:**

All DOCUMENTS and COMMUNICATIONS mentioning, discussing, or reflecting the address(es) where Daniel Guez has resided within the past twelve months.

**REQUEST NO. 2:**

All DOCUMENTS and COMMUNICATIONS mentioning, discussing, or reflecting the address(es) where YOU have resided within the past twelve months.

**REQUEST NO. 3:**

All COMMUNICATIONS between YOU and Andreana Bosilcic that mention, discuss, or refer to any of the JUDGMENT DEBTORS.

**REQUEST NO. 4:**

All COMMUNICATIONS between YOU and Michael Bowse that mention, discuss, or refer to any of the JUDGMENT DEBTORS.

**REQUEST NO. 5:**

All COMMUNICATIONS between YOU and John Isaacs that mention, discuss, or refer to any of the JUDGMENT DEBTORS.

**REQUEST NO. 6:**

All COMMUNICATIONS between YOU and Susan Isaacs that mention, discuss, or refer to any of the JUDGMENT DEBTORS.

**REQUEST NO. 7:**

All COMMUNICATIONS between YOU and Daniel Guez that mention, discuss, or reflect the business or financial affairs, assets, and/or transactions of any of the JUDGMENT DEBTORS.

**REQUEST NO. 8:**

All DOCUMENTS and COMMUNICATIONS that mention, discuss, or reflect the gross income of any of the JUDGMENT DEBTORS during the past five years.

**REQUEST NO. 9:**

A copy of each of the JUDGMENT DEBTORS federal and state tax returns for the past five years.

**REQUEST NO. 10:**

All DOCUMENTS and COMMUNICATIONS that show, mention, or discuss any ownership interest or legal interest that any of the JUDGMENT DEBTORS holds in any real property, either in their own name or in the name of any other PERSON.

**REQUEST NO. 11:**

All DOCUMENTS and COMMUNICATIONS that show, mention, or discuss the value of any ownership interest that any of the JUDGMENT DEBTORS holds in any corporation, limited liability company, or other entity.

**REQUEST NO. 12:**

All DOCUMENTS and COMMUNICATIONS that show, mention, or discuss the amount or location of any money or real property that any of the JUDGMENT DEBTORS has transferred to any other PERSON within the past five years.

**REQUEST NO. 13:**

A copy of the bank account statements for each bank account that is in the name of any of the JUDGMENT DEBTORS, for each month from January 1, 2023 to the present.

**REQUEST NO. 14:**

All DOCUMENTS and COMMUNICATIONS that show, mention, or discuss the amount of money that is currently held in each bank account that is in the name of any of the JUDGMENT DEBTORS.

**REQUEST NO. 15:**

All DOCUMENTS and COMMUNICATIONS that show, mention, or discuss the description of any community property that YOU hold or have an interest in with Daniel Guez.

**REQUEST NO. 16:**

All DOCUMENTS and COMMUNICATIONS that show, mention, or discuss the value of any community property that YOU hold or have an interest in with Daniel Guez.

**REQUEST NO. 17:**

All DOCUMENTS and COMMUNICATIONS that show, mention, or discuss the location of any community property that YOU hold or have an interest in with Daniel Guez.

**REQUEST NO. 18:**

The last 36 months of statements for each bank account on which YOU were a signatory at any time on or after January 1, 2020.

**REQUEST NO. 19:**

The last 36 months of statements for each brokerage account maintained in YOUR name, individually or jointly, at any time on or after January 1, 2020.

**REQUEST NO. 20:**

The last 36 months of statements for each Individual Retirement Account for which YOU were a beneficiary at any time on or after January 1, 2020.

**REQUEST NO. 21:**

All DOCUMENTS reflecting YOUR transfer of any legal or beneficial ownership interest in any real property or personal property to any other PERSON on or after January 1, 2020.

**REQUEST NO. 22:**

All DOCUMENTS reflecting any transfer by any of the JUDGMENT DEBTORS to YOU or any other PERSON of any legal or beneficial ownership interest in any real property or personal property on or after January 1, 2020.