Michael A. Bowse (SBN189659)
mbowse@bdhch.com
BOWSE DAVIS HUFFINE CHUNG & HULL LLP
611 Wilshire Blvd., Suite 900
Los Angeles, CA 90017
Phone: (213) 344-4700
Fax: (213) 344-4700

Attorney for Non-Party Amy Guez

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEW HIGH LIMITED, A HONG KONG CORPORATION,<br><br>Plaintiff,<br><br>vs.<br><br>GLOBAL MERCH GROUP, LLC, a Nevada limited liability company,<br><br>Defendant | Case No.: 2:21-cv-09608-CAS-PVC<br><br>**REPLY IN SUPPORT OF MOTION TO VACATE ORDER FOR APPEARANCE OF THIRD PERSON (AMY GUEZ)**<br><br>DATE:    March 10, 2026<br>Time:    10:00 A.M.<br>CTRM:    590 |

## I.    INTRODUCTION

New High's Opposition to this Motion gives the game away. Rather than presenting any legitimate factual basis for compelling a third-person examination of Amy Guez ("Movant") under California Code of Civil Procedure § 708.120, New High openly admits what actually drives its conduct: it has been trying—and failing—for nearly a year to serve Daniel Guez with process requiring him to appear for examination. Its Opposition recounts, with clear frustration, the repeated attempts to locate and serve Mr. Guez, including sending private investigators and process servers to multiple addresses.

That admission (combined with the absence of any evidence that actually satisfies the explicit prerequisites of § 708.120) exposes the true purpose behind New High's conduct here: unable to find Mr. Guez, New High is harassing his long-estranged ex-wife instead, hoping that dragging her into court would somehow pressure him to appear. But Movant is a human being who is not a party to this case. She is not a tool for leverage against her ex-husband. She cannot be required to appear in the absence of an actual, evidence-based reason to believe she presently possesses property of a judgment debtor or owes a judgment debtor a qualifying debt. There is no evidence of either here.

Indeed, none of the "facts" relied upon by New High even remotely satisfies the prerequisites for compelling a non-party to appear because none of those "facts" provides any reasonable basis to believe that Movant holds property of any judgment debtor or owes any judgment debtor more than $250. Indeed, the factual record here is undisputed:

- Movant has been permanently separated from Daniel Guez since 2011.
- Movant has had no involvement whatsoever in Daniel Guez's business or financial affairs for nearly fifteen years.
- There is no evidence that Movant holds any "cash" belonging to any judgment debtor
- The only transaction New High points to—a $10,000 bank wire—occurred in 2020, years before this lawsuit, years before the judgment, and during a period

REPLY IN SUPPORT OF MOTION TO VACATE ORDER FOR APPEARANCE OF 3RD PARTY AMY GUEZ   2

when even New High admits Global Med Group was making tens of millions of dollars in payments to New High in the ordinary course.

• There is no evidence that Movant retains any funds nearly six years later, let alone that she was not entitled to receive those funds in the first place.

• In 2022, the Euclid property was transferred to and then sold by Jericho Holdings Co., LLC, in which Movant personally held 50% ownership.

• Even New High's false characterization of that property sale does not place any money belonging to any judgment debtor in Movant's possession (on the contrary, New High's characterization is that Mapleton received Movant's funds, not the other way around).

In short, New High's Opposition does not cure its lack of proof—it confirms it. The Opposition lays bare that Movant was targeted not because she holds debtor assets, but because New High saw her as a pressure point when its efforts to reach Daniel Guez failed. That is not what § 708.120 was designed for, and it is not permissible.

The Order should be vacated and a protective order should issue to halt the continuing pattern of harassment at the Ayrshire address where Ms. Guez lives with her parents and children, and fees should be awarded to compensate her for having to fend off an abusive third-person examination procured on a false premise.

## II.   ARGUMENT

### A.   The Order Should Be Vacated Because New High Lacked (And Still Lacks) A Good-Faith Basis To Invoke § 708.120 Against Movant

California's third-person examination statute, C.C.P. § 708.120, is a narrow tool. A third party can be dragged into court under that statute only if he or she has "possession or control of property in which the judgment debtor has an interest or is indebted to the judgment debtor in an amount exceeding two hundred fifty dollars ($250)."  C.C.P. §708.120(a).

In order to secure the order at issue here, New High represented to this Court that Movant possesses or controls "*[c]ash in the amount of at least $10,000*" belonging to

one of the judgment debtors. New High's opposition demonstrates that it invented that assertion out of whole cloth, without any evidence. Indeed, New High does not even suggest in its opposition that there exists any evidence that Movant holds **_any_** cash belonging to a judgment debtor, let alone "at least $10,000.00." Instead, New High deliberately blurs the difference between a bank transfer and "cash," despite having told the Court that Movant holds "at least $10,000.00" in "[c]ash" that belongs to a judgment debtor. That misstatement was material to obtaining the Order and cannot be brushed aside.

In an effort to deflect attention from its clear misstatements to this Court, New High points to a wire transfer to Movant made more than **_5 ½ years ago_**, a family-law docket that confirms Movant's separation from Daniel Guez almost **_15 years ago_**, and a property sale conducted **_3 years ago_**, in the midst of Movant's divorce from Mr. Guez. But none of those things provide any basis for the representation that New High made to this Court since none of them has anything to do with "cash."

Even more than that, none of these things are evidence that Movant possesses anything at all belonging to any judgment debtor today. And, since the key prerequisite of Section 708.120(a) is that the party to be examined have **_current possession_** of property belonging to a judgment debtor, New High's opposition not only fails to substantiate the representation it made to this Court to secure the Order, but it also fails to substantiate any permissible basis at all for an order requiring Movant to submit herself for examination.

**B.      New High's Three "Evidence" Buckets Fail On Their Own Terms.**

The three pieces of "evidence" New High relies upon here: (1) a 5 ½ year-old wire transfer, (2) a family-law docket that confirms the truth of Movant's declaration, and (3) a mid-divorce home sale that New High seeks to characterize without evidence (much like its claim about Movant's possession of "cash … of at least $10,000.00"), offer no support for New High's attempt to invoke C.C.P. §708.120(a).

---

Global Med Group (Texas)'s payment to Movant occurred in July 2020—more than 5 ½ years ago, more than 4 ½ years before the January 6, 2025 Amended Judgment that first named Global Med Group (Texas) as a judgment debtor, and more than 1 ½ years before this action was filed. New High offers no facts or evidence to even suggest Movant was not entitled to that money when it was sent, no evidence that the wire was sent for any improper purpose (which would be a real feat given that it occurred before there was even a dispute with New High), and no evidence that Movant still possesses even a dime of that money nearly six years later.  Indeed, as Movant has made clear, the money was not a loan, she was never asked and has not participated in any effort to conceal funds from anyone, and she no longer possesses "any part" of the money wired 5 ½ years ago. Reply Decl. of Amy Guez ("Reply Decl."), ¶¶4-5.

The docket from Movant's divorce action against Mr. Guez is even more unhelpful to New High. That filings in that case continued from the date of separation in 2011 until the judgment was finalized in 2024 does not suggest financial entanglement with Daniel Guez or any judgment debtor post-separation. It merely confirms what is already well-known: marital dissolution actions can be protracted. The uncontested reality is (1) that Movant has been separated from Daniel Guez since 2011 and (2) that she has had no involvement in Mr. Guez's financial affairs since then.  New High offers no evidence at all that even begins to suggest that Movant's sworn declaration regarding her separation and lack of financial entanglement is anything other than the truth.

Finally, the 2022 sale of 327 Euclid does not implicate Movant as possessing property of any judgment debtor or owing any debt to a judgment debtor. On the contrary, the grant deeds to which New High points reflect (1) a transfer of the house to Jericho Holdings Co., LLC – a limited liability company in which Movant owned 50% of the membership interests (Reply Decl., ¶6; New High's RFJN, Ex. A), and (2) sale of the house by Jericho Holdings Co., LLC a few months later. (New High's RFJN, Ex. B). In other words, the title path reflects that *Jericho*—which was 50% owned by Movant, not Mapleton, took title to the property and that *Jericho*, not Mapleton, then sold the

property. Mapleton's involvement as a member or manager of Jericho does not alter in any way the fact that Movant owned 50% of the Jericho or that Movant received her 50% share of the proceeds from selling the house. Reply Decl., ¶7 ("I did not allow Mapleton Capital, LLC to keep any portion of my share of the sale proceeds from the Euclid property.")

What is even more significant, though, is that even New High's (false) characterization of the house sale contradicts, rather than supports, the finding required by C.C.P. §708.120(a) as a prerequisite for subjecting Movant to examination. For the sake of argument, let's assume (counterfactually) that New High's unfounded accusation that Movant "allowed Mapleton to keep her share" of the proceeds from selling the Euclid house is correct. That would ***contradict*** rather than support the finding necessary to permit a non-party examination under C.C.P. §708.120(a). If Mapleton received the sale proceeds, that would necessarily mean that Mapleton, not Movant, possessed them. Since C.C.P. §708.120(a) requires that Movant "possess[] or control [] property in which the judgment debtor has an interest" (not the other way around), New High's position offers no basis under the law for requiring Movant to appear and give testimony.

In short, New High's "evidence" is not "proof" within the meaning of § 708.120(a) that justifies compelling a non-party to appear and give testimony in an action that has nothing to do with her. Rather, the facts here lay bare the truth – that New High seeks to drag Daniel Guez's ex-wife into court to gain leverage against him. The law does not allow weaponizing § 708.120 for that purpose and it certainly does not allow Movant to be used for that purpose.

## C.    The Court Should Reject New High's Ad Hominem About Counsel Choice.

New High argues that because Movant retained the same counsel who represents some judgment debtors, her declaration must be "false." That accusation is improper and the counsel Movant chose to represent her is irrelevant. A non-party is entitled to choose counsel with factual familiarity with the case to minimize burden and cost. The attorney-

of-choice point proves nothing about Movant's current possession of any debtor property and cannot justify a § 708.120 order.

### D. New High's "10-Day" Point Misses The Larger Problems.

New High says service was timely because § 708.120(b)(1) requires service "not less than 10 days" before the exam, and it personally served Ms. Guez on January 20 for a February 10 exam. But , even accepting New High's position regarding the timing of service, the Order must be vacated because it was procured on a false factual premise and is unduly burdensome. Timing of service does not cure the foundational defects that plague New High's position (false "cash" claim; no present possession; harassment). Nor does it negate the fact that requiring a non-party who has no relevant information, no relevant documents and no role in the debtors' affairs to appear at court and give testimony imposes an unjustifiable burden on that non-party. The Court's inherent authority empower it to vacate the order New High obtained through false representations to the Court regardless of § 708.120's timing floor.

### E. A Protective Order Is Warranted Given The Pattern Of Harassment.

New High's repeated attempts to serve or investigate at the Ayrshire home—despite being told that Daniel Guez does not reside there—have inflicted needless distress on Ms. Guez's family and underscore New High's improper purpose. Indeed, even since this Motion was filed, New High has continued to harass the residents (who do not include Daniel Guez) at Ayrshire. Reply Decl., ¶9.  The Court should bar further attempts to serve Daniel Guez at that address and should prohibit further third-person discovery directed to Movant absent leave supported by actual, current evidence that she possesses debtor property or owes a qualifying debt.

### F. An Award of Fees and Sanctions Against New High Is Warranted.

Even though New High's own evidence demonstrates that it made false representations to this Court to obtain the order requiring Movant to appear pursuant to C.C.P. §708/120(a), New High argues that Movant, not it, is the one who should be sanctioned.  New High's position is as baseless as it is audacious.

---

New High accuses Movant of perjury and counsel of "sleight of hand." The record shows the opposite. Movant's sworn statements—that she does not have debtor property, has had no involvement in debtors' finances since separation in 2011, and lacks responsive documents—are unrebutted by any evidence. New High's reliance on a 2011 separation, a 2020 wire, and 2022 house sale documents does not make those statements false. New High's rhetoric that lacks any actual basis in its submitted documents does not substitute for proof.

Moreover, Rule 37 is inapposite. This is a post-judgment, state-procedure third-person examination under § 708.120/708.130 invoked via Rule 69, not a garden-variety Rule 26 dispute. Plus, this Motion is more than substantially justified given New High's false "cash" representations to the Court, the absence of any evidence that Movant currently possesses any property belonging to any judgment debtor, and New High's ongoing harassment. As a result, New High's sanction request is not even sufficient to meet Rule 37's standards.

Conversely, Movant's request for fees is well-supported. Not only is it clear that New High is harassing Movant, New High's opposition confirms why it is harassing her – not to obtain relevant information from Movant (she has none) but to use her as leverage against her ex-husband. The Court should award Movant her requested $5,200 in fees (8 hours at $650/hour) for having to bring this Motion.

## III. CONCLUSION

New High is attempting to drag a third party, long-estranged ex-spouse into court to create leverage against her ex-husband Daniel Guez. Its Opposition confirms this fact, not only by complaining so openly about Daniel Guez, but also by its glaring failure to show any actual statutory basis for requiring Movant to appear. New High's opposition offers no evidence that Movant currently possesses any judgment debtor property or that she owes any debt to a judgment debtor. On the contrary, New High's opposition confirms that neither of those statutory requirements is met. The Court should (1) vacate the Order for Appearance of Third Person (Amy Guez); (2) enter a Protective Order

precluding further third-person discovery of Ms. Guez absent leave supported by competent evidence of current debtor property/debt, and prohibiting attempts to serve or investigate Daniel Guez at the Ayrshire address; and (3) award $5,200 in fees to Ms. Guez under the Court's inherent authority.

Dated: February 24, 2026

BOWSE DAVIS HUFFINE CHUNG & HULL LLP
Michael A. Bowse

By: ___/s/ Michael A. Bowse_____

Attorney for Non-Party Amy Guez