UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.    CV 21-9608 CAS (PVCx)                    Date:  March 12, 2026

Title        New High Limited v. Global Merch Group, LLC

Present:  The Honorable Pedro V. Castillo, United States Magistrate Judge

| Marlene Ramirez | CourtSmart 03/10/2026 |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiff/ Judgment Creditor: | Attorneys Present for Defendants/ Judgment Debtors: |
|---|---|
| Robert D. Hunt | Michael A. Bowse |

**PROCEEDINGS:    MINUTES OF HEARING ON MOTION TO VACATE ORDER FOR APPEARANCE OF THIRD PARTY AMY GUEZ FOR JUDGMENT DEBTOR EXAMINATION (Dkt. No. 113); ORDER DENYING MOTION; AND ORDER TO APPEAR FOR JUDGMENT DEBTOR EXAMINATION**

On January 6, 2025, an Amended Judgment in favor of Plaintiff/Judgment Creditor in an amount of $2,724,093 and against Defendants/Judgment Creditors Global Merch Group, LLC, Global Med Group, LLC, Mapleton Capital, LLC, and Daniel Guez, jointly and severally was entered.  (*See* Dkt. No. 76).  In an attempt to collect against this debt, Plaintiff/Judgment Creditor New High Limited has gone to great lengths to conduct a Judgment Debtor Examination of Daniel Guez.  (*See* Dkt. Nos. 79, 81, 83, 87, 90, 95, 100, 104, 109, and 111).

On February 7, 2026, Amy Guez, through counsel, filed a Motion to Vacate Order for Appearance of Third Person (Amy Guez); along with a Declaration of Amy Guez and Exhibit A.  ("Motion," Dkt. No. 113; Dkt. Nos. 113–1, 113–2).  Ms. Guez is not a Judgment Debtor.  On February 17, 2026, Judgment Creditor filed its Opposition to the Motion ("Opp.," Dkt. No. 116); along with the Declaration of Lawrence J. Hilton; Exhibits 1 through 4; Exhibits A through C; Declaration of Robert D. Hunt; and a

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.    CV 21-9608 CAS (PVCx)                    Date:  March 12, 2026

Title       New High Limited v. Global Merch Group, LLC

Request for Judicial Notice (Dkt. Nos. 116–1 through 116–10).  On February 24, 2026, Ms. Guez filed a Reply in support of her Motion, along with a Declaration.  (Dkt. Nos. 117, 117–1).

The Court heard argument on the Motion on March 10, 2026.  For the reasons set forth below, as well as those stated on the record at the hearing, the Motion is **DENIED** and Amy Guez is **ORDERED** to appear for a Third-Party Debtor Examination on Tuesday, March 24, 2026, at 11 a.m.

The Federal Rules of Civil Procedure provide that "[i]n aid of the judgment …, the judgment creditor … may obtain discovery from any person—including the judgment debtor—as provided in these rules or by the procedure of the state where the court is located."  Fed. R. Civ. P. 69(a)(2).  "The purpose of the postjudgment proceedings is to discover assets that might be available to satisfy the judgment, and, following discovery, to execute on those assets."  *JPMorgan Chase Bank, N.A. v. Asia Pulp & Paper Co.*, 707 F.3d 853, 868 (7th Cir. 2013); *accord Sec. & Exch. Comm'n v. Premier Holding Corp.*, No. 8:18 CV 00813, 2021 WL 6104308, at *1 (C.D. Cal. Sept. 7, 2021); *see Ryan Inv. Corp. v. Pedregal de Cabo San Lucas*, No. C 06-3219, 2009 WL 5114077, at *1 (N.D. Cal. Dec. 18, 2009) (post-judgment discovery may be used "to identify assets that can be used to satisfy a judgment" and "to discover concealed or fraudulently transferred assets") (citations omitted).  The Supreme Court stresses that the scope of post-judgment discovery is "quite permissive."  *Republic of Argentina v. NML Capital, Ltd.*, 573 U.S. 134, 138 (2014).  "Even though Rule 69 discovery may resemble the proverbial fishing expedition, a judgment creditor is entitled to fish for assets of the judgment debtor."  *Textron Fin. Corp. v. Gallegos*, 2016 WL 4077505, at *3 (S.D. Cal. Aug. 1, 2016) (citation omitted).  Indeed, "[a] judgment creditor must be given the freedom to make a broad inquiry to discover hidden or concealed assets of the judgment debtor."  *Sequoia Prop. & Equip. Ltd. P'ship v. United States*, No. CV-F-97-5044, 2002 WL 32388132, at *3 (E.D. Cal. June 3, 2002); *see United States v. Feldman*, 324 F. Supp. 2d 1112, 1116 (C.D. Cal. 2004) ("Debtor examinations are intended to allow the judgment creditor a wide scope of inquiry concerning property and business affairs of the judgment debtor

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.    CV 21-9608 CAS (PVCx)                    Date:  March 12, 2026

Title        New High Limited v. Global Merch Group, LLC

and to leave no stone unturned in the search for assets which might be used to satisfy the judgment.") (citations omitted).  Accordingly, the judgment creditor may use any discovery device allowed by the federal rules.  Fed. R. Civ. P. 69 advisory committee's note (1970).  In applying these guidelines, district courts have broad discretion to control the timing, sequence, and methods of post-judgment discovery.  *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002).

Ms. Guez requests that the Court vacate its Order that she appear for a Judgment Debtor examination.  (Motion at 2).[1]  She asserts that the Order requiring a non-party to appear is "improper, harassing, and unsupported by any good-faith factual basis."  (*Id.* at 4).  She adds that she is legally separated from Daniel Guez for fifteen years and is "nothing more than his ex-wife."  (*Id.*).  In her declaration, Amy Guez states as follows: "I have no knowledge of the finances of Global Med Group, Mapleton Capital, Daniel Guez, or any other entity or person that New High claims is connected to this action or to any judgment debtor.  Since our separation in 2011, I have not had access to or involvement with Daniel Guez's business or financial affairs."  (*See* Dkt. No. 113–1 at 1).  Thus, she argues that her debtor's examination should be vacated because she "does not possess funds belonging to any judgment debtor in any amount, let alone in an amount of $10,000."  (Motion at 5).

California judgment debtor proceedings indicate that a third-party examination is appropriate where "a third person has possession or control of property in which the judgment debtor has an interest or is indebted to the judgment debtor in an amount exceeding two hundred fifty dollars ($250)."  Cal. Civ. Proc. Code § 708.120(a).  While Ms. Guez summarily contends that she has had no involvement in the finances of any judgment debtor nor handled, managed, controlled, maintained or directed any financial accounts, records, transactions or funds of any judgment debtor (Dkt. No. 113–1 at 1), the evidence presented shows otherwise.  Ms. Guez was married to Daniel Guez, Judgment

---

[1] For ease of reference, the Court uses the pages numbers generated by CM/ECF, which are printed at the top of each filing page in a blue ribbon.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | CV 21-9608 CAS (PVCx) | Date: March 12, 2026 |
|---|---|---|
| Title | New High Limited v. Global Merch Group, LLC | |

Debtor.  In October of 2011, she filed for dissolution of marriage with minor children. (Dkt. No. 116–10 at 2).  The divorce does not appear to have become final until March 7, 2024.  (*Id.*).  Up until this time, Ms. Guez was still legally married to Daniel Guez.  The initial Judgment in this case was entered on July 26, 2022.  (*See* Dkt. No. 28).  A Grant Deed, recorded on May 24, 2022, shows that the Guez family home, located at 327 Euclid Street in Santa Monica was transferred from Ms. Guez and her husband to Jericho Holdings Co, LLS by Mapleton Capital LLC.[2]  (Dkt. No. 116–8 at 2-3).  A second Grant Deed, recorded on July 19, 2022, shows that the property was transferred by Jericho Holding Co., LLC by Mapleton Capital LLC to Benjamin Rubinfeld and Hannah Rubinfeld, husband and wife as community property.  The home was apparently sold for $6,350,000.  (Opp. at 6).  It is not known how much of the proceeds from the sale of the home Ms. Guez gained, but as the home was community property, her marriage to Mr. Guez at the time and up until her divorce demonstrates that she has some knowledge about the finances of the Judgment Debtor.

In addition, on July 30, 2020, Ms. Guez received a $10,000 bank wire transfer in the amount of $10,000 from Global Med Group, LLC, a Judgment Debtor in this case. (*See* Dkt. No. 116–4 at 1).  This money transfer contradicts Ms. Guez's declaration and demonstrates a good-faith basis by counsel for New High to seek to examine Ms. Guez as she has information concerning the business or financial affairs, assets, and/or transactions of one or more of the Judgment Debtors sufficient to aid in the enforcement of the judgment in this action.

---

[2] This Grant Deed states that "the grantors and the grantees in this conveyance are comprised of the same parties who continue to hold the same proportionate interest in the property," in other words, Amy and Daniel Guez still held a 50/50 share in the property. (*See* Opp., Exhibit A; Dkt. No. 116–8 at 3).  Additionally, in her Declaration, Ms. Guez states: "In 2022, the residence commonly known as 327 Euclid Street, Santa Monica, California was transferred into Jericho Holdings Co., LLC for purposes of the sale.  I owned 50% of Jericho Holdings Co., LLC at that time."  (*See* Dkt. No. 117–1 at 1).

---

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 21-9608 CAS (PVCx)                    Date:  March 12, 2026

Title        New High Limited v. Global Merch Group, LLC

And even if it has not been demonstrated that Ms. Guez has possession or control of property in which the judgment debtor has an interest or is indebted to the judgment debtor in an amount exceeding  $250—which the Court finds has been established—there is a second method by which she may be examined as "nothing in section 708.120 states that it is the only procedure available for examining a third party." *Yolanda's, Inc. v. Kahl & Goveia Com. Real Est.*, 11 Cal. App. 5th 509, 515 (2017).  Indeed, § 708.130 "allows any person with information leading to the enforcement of the judgment, to be subpoenaed to testify in an examination proceeding in the same manner as a trial witness."[3]  *Id.* at 514; *accord SFA Grp., LLC v. Gary M. Kaplan, et al.*, No. CV 20-07144, 2023 WL 10407138, at *2 (C.D. Cal. June 15, 2023) (emphasizing that "any person with knowledge leading to enforcement of the judgment can be subpoenaed to testify") (citation omitted).  For the same reasons set forth above, the Court finds that Ms. Guez has such information.

In sum, the Court finds there is sufficient evidence that Ms. Guez possesses or controls property held with a Judgment Debtor that is worth more than $250 *and* is a person with knowledge of a Judgment Debtor's finances and transactions.  Accordingly, the Motion is **DENIED.**  For this reason, Amy Guez is **ORDERED** to appear in person for a Third-Party Judgment Debtor Examination on Tuesday, March 24, 2026, at 11 a.m. in Courtroom 590 of the Roybal Federal Building and Courthouse located at 255 E. Temple Street, Los Angeles, CA  90012.

IT IS SO ORDERED.

|  | 00:29 |
|---|---|
| **Initials of Preparer** | mr |

---

[3] In this case, the Application and Order for Appearance and Examination (CV-4P) provides for the examination of a third party who either holds property of or owes a debt to the judgment debtor **or** has information regarding the judgment debtor's finances and transactions, and the Declaration of New High's Counsel reflects the same.  (*See* Dkt. Nos. 103, 103–1 at 2)