Michael A. Bowse (SBN189659)
mbowse@bdhch.com
BOWSE DAVIS HUFFINE CHUNG & HULL LLP
611 Wilshire Blvd., Suite 900
Los Angeles, CA 90017
Phone: (213) 344-4700
Fax: (213) 344-4700

Attorney for Daniel Guez

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEW HIGH LIMITED, A HONG KONG CORPORATION, <br><br> Plaintiff, <br><br> vs. <br><br> GLOBAL MERCH GROUP, LLC, a Nevada limited liability company, <br><br> Defendant | Case No.: 2:21-cv-09608-CAS-PVC <br><br> **EX PARTE APPLICATION TO VACATE ORDER REQUIRING APPEARANCE FOR JUDGMENT DEBTOR EXAMINATION AND DISCHARGE OSC; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF DANIEL GUEZ** <br><br> DATE:      March 20, 2026 <br> Time:      10:00 A.M. <br> CTRM:      590 |

EX PARTE APPLICATION TO VACATE JUDGMENT DEBTOR EXAM AND DISCHARGE OSC                1

TO THE HONORABLE PEDRO V. CASTILLO, UNITED STATES MAGISTRATE JUDGE:

PLEASE TAKE NOTICE that Daniel Guez, appearing specially and without waiving any rights, hereby applies *ex parte* for an order quashing or vacating the order requiring him to appear for a judgment debtor examination on March 24, 2026, and for an order staying and discharging any related Order to Show Cause, on the ground that he has never been personally served with any order requiring him to appear, as expressly required by California Code of Civil Procedure §708.110(d), which states: "The judgment creditor shall ***personally serve*** a copy of the order on the judgment debtor."

This application is made on an *ex parte* basis because the order being challenged requires Mr. Guez to appear on March 24, 2026, which is before any regularly noticed motion could be heard, and because failure to obtain immediate relief would expose him to contempt sanctions and possible arrest based on an order that was never lawfully served.

Judgment creditor New High Ltd. was notified of this Application at 8:45 a.m. and 9:15 a.m. on March 18, 2026, and indicated it would oppose the Application. The name, address, telephone number and e-mail address of counsel for the opposing party are:

Lawrence J. Hilton
(lhilton@onellp.com)
Robert D. Hunt
(rhunt@onellp.com)
One LLP
23 Corporate Plaza, Suite 150-105
Newport Beach, CA 92660
Telephone: (949) 502-2870

This application is based on this Notice, the accompanying Memorandum of Points and Authorities, the Declaration of Daniel Guez, the record in this action, and any argument the Court may permit.

Dated:  March 18, 2026

BOWSE DAVIS HUFFINE CHUNG & HULL LLP
Michael A. Bowse

By:  ___/s/ Michael A. Bowse_____

Attorney for Daniel Guez

---

EX PARTE APPLICATION TO VACATE JUDGMENT DEBTOR EXAM AND DISCHARGE OSC        2

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   THIS APPLICATION IS PROPERLY BROUGHT EX PARTE

*Ex parte* relief is appropriate where a party will suffer irreparable prejudice before a noticed motion can be heard. Here, the Court's existing order requires Daniel Guez to appear on March 24, 2026, and failure to appear exposes him to contempt, monetary sanctions, and arrest.

Because the relief sought concerns an imminent appearance obligation imposed without lawful service, and because no noticed motion could be calendared and decided before March 24, *ex parte* relief is the only effective remedy.

### II.   RELEVANT BACKGROUND

#### A.   Lack of Service or Notice to Mr. Guez

On December 22, 2025, the Court entered an Order to Appear for Examination of Judgment Debtor, directing Daniel Guez to appear on March 10, 2026. (Dkt. 109).

Mr. Guez was never served – personally or otherwise – with a copy of that Order to Appear or any other subpoena or legal process in this action.  Decl. of Daniel Guez, ¶¶2, 14.  As a result, he had no knowledge that he was required to appear on March 10. *Id.*, ¶3.

After Mr. Guez did not appear for the examination about which he lacked notice or knowledge, the Court issued a Minute Order dated March 11, 2026.  (Dkt. 119).  That March 11 Minute Order required Mr. Guez to Show Cause re Contempt and ordered him to appear in person on March 24, 2026 for a judgment debtor examination.

The March 11 order directed that copies be mailed to:

- 11401 Ayrshire Road, Los Angeles, California, and
- A Las Vegas, Nevada address.

Mr. Guez does not reside at and maintains no office at either address.  Guez Decl., ¶5.

---

**B.    Mr. Guez Has No Connection to the Ayrshire Road Address That Would Authorize Service Upon Him There**

On July 21, 2025, this Court entered an order authorizing Mr. Guez to be served with an order to appear for examination "via substitute service." (Dkt. 95). By its express terms, that order limited its authorization to service "in accordance with California Code of Civil Procedure § 415.20, at his dwelling house, usual place of abode, usual place of business, or usual mailing address (other than a United States Postal Service post office box)…." *Id.*

Although the order identified 11401 Ayrshire Rd., Los Angeles, CA 90049, that address is not and never has been Mr. Guez's dwelling house, usual place of abode, usual place of business, or usual mailing address. Guez. Decl., ¶¶4-10. Indeed, as Mr. Guez explains in his declaration accompanying this Application:

- He has never resided at 11401 Ayrshire Road (*id..*, ¶4);
- He has never used that address as a residence, office, business, or mailing address (*id..*, ¶5);
- He has never stayed overnight at that address (*id..*, ¶8);
- He has no ownership interest or right of occupancy there (*id..*, ¶9); and
- He is not likely to reliably receive notice of documents or mail intended for him that are delivered there mail there (*id..*, ¶11).

Instead, Mr. Guez maintains his own residence at which he actually lives and at which he actually receives mail. *Id,.* ¶12. Why Plaintiff did not seek to serve Mr. Guez at his actual address is unclear, since he has not taken any affirmative steps to evade service of documents in this action. *Id.*, ¶13.

## III.    THE COURT MUST GRANT THIS APPLICATION, VACATE THE ORDER REQUIRING MR. GUEZ TO APPEAR AND DISCHARGE THE OSC

### A.    <u>Personal</u> Service Is A Statutory Prerequisite To A Judgment Debtor Exam

Under Federal Rule of Civil Procedure 69(a), post-judgment enforcement proceedings in federal court must follow California enforcement law.  The applicable California statute, California Code of Civil Procedure § 708.110, is explicit:

> "The judgment creditor shall ***personally serve*** a copy of the order on the judgment debtor….  Service shall be made in the manner specified in ***Section 415.10***."

C.C.P. § 708.110(d) (emphasis added).

Under the express terms of the controlling statute, personal service is not optional.  It is ***mandatory***.  Service of an examination order issued pursuant to C.C.P. §708.110 ***cannot*** be made by substitute service under C.C.P. §415.20 or any other statute.  Nor can it be effected by mailing, constructive notice, evidence of actual knowledge, or any other kind of service at an address or location that is not the examinee's residence or business address.

As the Court of Appeal explained in *In re Abrams*, 108 Cal.App.3d 685 (1980), personal service of an order to appear (in that case a subpoena) is required not just because the applicable statute requires it and affords no alternatives.  Personal service is also required because the consequences for disobeying a court order compelling someone to appear and give testimony "may be much more serious than that for not responding to a summons…." *Id.* at 690.  Indeed, a person who fails to appear when ordered can be sanctioned, held in contempt or even become subject to an arrest warrant.  (As demonstrated by this Court's own March 11 Minute Order).

Thus, notwithstanding any prior order of this Court, Mr. Guez can only be compelled to appear personally if he is ***personally served*** with an order requiring him to

appear.  Since that has not happened here, the Court must withdraw and vacate its March 11 Minute Order.

## B. Even Substitute Service Was Never Validly Effected

Although, as discussed above, substitute service is not permitted in this case, even if substitute service were authorized here, there was no proper substitute service on Mr. Guez.

California law strictly limits where and how substitute service may occur. Even when it is permitted, substitute service is valid only if the place where substitute service is made is the person's "dwelling house, usual place of abode, usual place of business, or usual mailing address."  Cal. Code Civ. Proc. §415.20(b).

However, Mr. Guez's declaration unequivocally establishes that 11401 Ayrshire Road meets none of these criteria. It is not now, and has never been, his residence, business address, or mailing address.  Guez Decl., ¶5.

Service left or mailed to an address with no qualifying connection to Mr. Guez is void, even if the Court or New High believed the address might be valid.

## C. Actual Or Constructive Notice Cannot Substitute For Service

For the same reasons substitute service is not permitted (*supra*, Part III.), "constructive" notice is also not adequate.  The consequences of failing to comply with an examination order can be serious.  It would violate Mr. Guez's due process rights under the 5th Amendment to subject him to those consequences without procedurally proper and legally-compliant service.

## D. The Proper Remedy Is To Quash Or Vacate The Order And Discharge The OSC

Because Mr. Guez was never served as required by law, the order is ineffective to require him to personally appear and give testimony.  The Court must vacate the order requiring Mr. Guez to appear on March 24, 2026 and discharge the order to show cause. The court may do so without prejudice to New High's ability to seek a new examination order, so long as it properly effectuates service.

---

EX PARTE APPLICATION TO VACATE JUDGMENT DEBTOR EXAM AND DISCHARGE OSC          6

**IV. CONCLUSION**

This is a textbook case for the ex parte relief sought here. Mr. Guez is being ordered to appear—and threatened with contempt—based on an order that was never lawfully served upon him. Immediate intervention is required to prevent irreparable harm and to enforce the statutory and constitutional safeguards that control this matter.

Dated:  March 18, 2026         BOWSE DAVIS HUFFINE CHUNG & HULL LLP
Michael A. Bowse

By: ___/s/ Michael A. Bowse_____

Attorney for Daniel Guez