LAWRENCE J. HILTON (Bar No. 156524)
Email: lhilton@onellp.com
ROBERT D. HUNT (Bar No. 247802)
Email: rhunt@onellp.com
**ONE LLP**
23 Corporate Plaza, Suite 150-105
Newport Beach, CA 92660
Telephone:  (949) 502-2870
Facsimile:   (949) 258-5081

Attorneys for Judgment Creditor,
NEW HIGH LIMITED

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION

| | |
|---|---|
| NEW HIGH LIMITED, a Hong Kong corporation, <br><br> Plaintiff, <br><br> v. <br><br> GLOBAL MERCH GROUP, LLC, a Nevada limited liability company, <br><br> Defendant. | Case No. 2:21-cv-09608-CAS-PVC <br> Hon. Pedro V. Castillo <br><br> **JUDGMENT CREDITOR NEW HIGH LIMITED'S OPPOSITION TO JUDGMENT DEBTOR DANIEL GUEZ'S EX PARTE APPLICATION TO VACATE ORDER TO APPEAR FOR EXAMINATION AND TO DISCHARGE OSC** |

**OPPOSITION TO EX PARTE APPLICATION TO VACATE ORDER TO APPEAR FOR EXAMINATION AND DISCHARGE OSC**

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

In a last-ditch effort to avoid and/or delay appearing for his judgment debtor examination, Judgment Debtor Daniel Guez has filed an Ex Parte Application to Vacate Order Requiring Appearance for Judgment Debtor Examination and to Discharge OSC ("Ex Parte Application").  (Dkt. No. 121.)  The Ex Parte Application lacks merit and should be denied for several reasons.

First, Mr. Guez argues that the Order to Appear for Examination of Judgment Debtor re: Enforcement of Judgment (Dkt. No. 109) ("Order to Appear for Examination") was supposed to be served on him via personal service.  However, this Court has already considered this issue, and on July 21, 2025, this Court issued an order authorizing Judgment Creditor New High Limited ("New High") to serve Judgment Debtor Daniel Guez with any order requiring him to appear for a judgment debtor's examination via substitute service and first-class mail, postage prepaid, in accordance with Cal. Civ. Proc. Code § 415.20.  (Dkt. No. 95.)  Mr. Guez and his counsel Michael Bowse were well-aware of that order, and they failed to object to it in a timely manner.

Second, Mr. Guez alleges that he has never resided at 11401 Ayrshire Rd., Los Angeles, CA 90049 ("Ayrshire Road Address").  However, New High engaged private investigators who identified the Ayrshire Road Address as Mr. Guez's address.  Moreover, this Court expressly authorized New High to serve the Order to Appear for Examination on Daniel Guez at the Ayrshire Road Address.  (Dkt. No. 95.)  Once again, Mr. Guez and his counsel failed to object to that order in a timely manner.

Third, based on his Ex Parte Application and his supporting declaration, it is beyond dispute that at this point, Mr. Guez has received actual notice of the December 22, 2025 Order to Appear for Examination (Dkt. No. 109) and also this Court's March 11, 2026 order (Dkt. No. 119) continuing the examination to March

1

**OPPOSITION TO EX PARTE APPLICATION TO VACATE ORDER TO APPEAR FOR EXAMINATION AND DISCHARGE OSC**

24, 2026, and thus, he is required to appear for his examination on March 24, 2026. As a result, his false allegations about not receiving proper service are irrelevant. To date, the Court has not found him in contempt and has not issued a warrant for his arrest. However, if Mr. Guez fails to appear for his examination on March 24, 2026, the Court will clearly be justified in finding him in contempt and/or issuing a warrant for his arrest.

For these reasons, New High respectfully requests that the Court deny the Ex Parte Application and allow the examination of Daniel Guez to proceed on March 24, 2026.

## II.    FACTUAL BACKGROUND

More than a year ago, on January 6, 2025, this Court entered an amended judgment ("Amended Judgment") naming Global Merch Group, LLC, Global Med Group, LLC, Mapleton Capital, LLC, and Daniel Guez as judgment debtors (collectively "Judgment Debtors"). (Dkt. No. 76.) New High has not been able to recover any of the more than $2.7 million in damages that this Court awarded it in the Amended Judgment.

As this Court recently found, "Plaintiff/Judgment Creditor New High Limited has gone to great lengths to conduct a Judgment Debtor Examination of Daniel Guez." (Dkt. No. 120 at p. 1 (citing Dkt. Nos. 79, 81, 83, 87, 90, 95, 100, 104, 109, and 111).) In fact, New High has been trying to take an examination of Judgment Debtor Daniel Guez for nearly a year. In an effort to serve orders for examination on Daniel Guez, counsel for New High has engaged private investigators, who identified the Ayrshire Road Address as Mr. Guez's address. (Declaration of Kellie Anguiano ("Anguiano Decl."), filed concurrently herewith, at ¶ 3.) Counsel for New High also engaged registered process servers associated with those private investigators to serve the orders to appear for examination on Mr. Guez, along with related Rule 45 subpoenas for document production. Finally, on January 12, 2026,

**OPPOSITION TO EX PARTE APPLICATION TO VACATE ORDER TO APPEAR FOR EXAMINATION AND DISCHARGE OSC**

the registered process servers were able to serve Daniel Guez via substitute service at the Ayrshire Road Address.  (Dkt. Nos. 95, 109, 111.)

## III.   <u>LEGAL STANDARD</u>

Under Rule 69 of the Federal Rules of Civil Procedure, "[i]n aid of the judgment or execution, the judgment creditor … may obtain discovery from any person—including the judgment debtor—as provided in these rules or by the procedure of the state where the court is located."  Fed. R. Civ. P. 69(a)(2).  Here, the Court is located in California.

In California, "[t]he judgment creditor may apply to the proper court for an order requiring the judgment debtor to appear before the court, or before a referee appointed by the court, at a time and place specified in the order, to furnish information to aid in enforcement of the money judgment."  Cal. Civ. Proc. Code § 708.110(a).  The court "shall make the order upon ex parte application of the judgment creditor." Cal. Civ. Proc. Code § 708.110(b).

## IV.   <u>ARGUMENT</u>

First, Mr. Guez argues that the Order to Appear for Examination was supposed to be served on him via personal service.  However, this argument lacks merit.

Cal. Civ. Proc. Code § 708.110(d) requires personal service of an order to appear for a judgment debtor examination "in the manner specified in Section 415.10."  However, "if an individual 'cannot with reasonable diligence' be personally served pursuant to Section 415.10, service may be properly effectuated instead by substitute service and mail." *PNC Bank N.A. v. Mktg. Goldmines Consulting, LLC*, Case No. 2:23-cv-08895-MRA-JC, 2024 U.S. Dist. LEXIS 186887, at *11-12 (C.D. Cal. May 10, 2024) (quoting Cal. Civ. Proc. Code § 415.20(b), concluding that the judgment creditor was authorized to serve the judgment debtor with an order for a debtor's examination via substitute service and mail).  "'Ordinarily, . . . two or three attempts at personal service at a proper place

3

should fully satisfy the requirement of reasonable diligence and allow substituted service to be made.'" *Id.* (quoting *Bonita Packing Co. v. O'Sullivan*, 165 F.R.D. 610, 613 (C.D. Cal. 1995) and *Bein v. Brechtel-Jochim Grp., Inc.*, 6 Cal. App. 4th 1387, 1391-92, 8 Cal. Rptr. 2d 351 (1992)).

If a given document "cannot with reasonable diligence be personally delivered to the person to be served," it may be served by leaving a copy of the document "at the person's dwelling house, usual place of abode, usual place of business, or usual mailing address . . . , in the presence of a competent member of the household or a person apparently in charge of his or her office, place of business, or usual mailing address…, at least 18 years of age, who shall be informed of the contents thereof…." Cal. Civ. Proc. Code § 415.20(b).  A copy of the document must also be mailed "by first-class mail, postage prepaid to the person to be served at the place where a copy of the [documents] were left." *Id.*  Service of a document in this manner "is deemed complete on the 10th day after the mailing." *Id.*

Here, this Court has already considered and rejected Mr. Guez's first argument.  On July 14, 2025, New High filed an ex parte application for leave to serve Mr. Guez with any order for appearance and examination via substitute service.  (Dkt. No. 89.)  Before New High filed that application, New High's counsel notified Mr. Guez and his counsel Michael Bowse of the substance of that application.  (Dkt. No. 89-5 at ¶¶ 6-7; Dkt. Nos. 89-6, 89-7.)  But Mr. Guez did not oppose that application.  On July 21, 2025, this Court granted that application and issued an order authorizing New High to serve Judgment Debtor Daniel Guez with any order requiring him to appear for a judgment debtor's examination via substitute service and first-class mail, postage prepaid, in accordance with Cal. Civ. Proc.

4

**OPPOSITION TO EX PARTE APPLICATION TO VACATE ORDER TO APPEAR FOR EXAMINATION AND DISCHARGE OSC**

Code § 415.20.  (Dkt. No. 95.)  Mr. Guez and his counsel Michael Bowse were well-aware of that order,[1] and they failed to object to it in a timely manner.

Second, Mr. Guez alleges that he has never resided at the Ayrshire Road Address.  However, New High engaged private investigators who identified the Ayrshire Road Address as Mr. Guez's address.  (Anguiano Decl. ¶ 3.)  That identification was based on, among other things, the address Mr. Guez has used with other creditors for mailing purposes.  (*Id.*)  Moreover, those private investigators identified a black Audi registered to Daniel Guez that was located at the Ayrshire Road Address.  (*Id.* at ¶ 4 & Exh. 1.)  That black Audi was at the Ayrshire Road Address on January 12, 2026 when the Order to Appear for Examination was served via substitute service.  (Dkt. No. 111 at 3.)

When New High filed the ex parte application for leave to serve Mr. Guez with any order for appearance and examination via substitute service, it specifically identified the Ayrshire Road Address.  (Dkt. No. 89-1.)  And before New High filed that application, New High's counsel notified Mr. Guez and his counsel Michael Bowse of the substance of that application.  (Dkt. No. 89-5 ¶¶ 6-7; Dkt. Nos. 89-6, 89-7.)  But Mr. Guez did not oppose that application.  On July 21, 2025, this Court granted that application and issued an order expressly authorizing New High to serve the Order to Appear for Examination on Daniel Guez at the Ayrshire Road Address.  (Dkt. No. 95.)  Even after that order was entered, Mr. Guez and his counsel failed to object to that order in a timely manner.[2]

Third, based on Mr. Guez's Ex Parte Application and his supporting declaration, it is beyond dispute that at this point that Mr. Guez has received actual

---

[1] For example, Michael Bowse receives electronic notifications of all filings via the Court's CM/ECF system.

[2] In his Ex Parte Application, Mr. Guez alleges that he resides at a different address and alleges that he is not trying to avoid service, but in his declaration, he failed to provide any other address.  (*See* Dkt. 121-2.)

5

**OPPOSITION TO EX PARTE APPLICATION TO VACATE ORDER TO APPEAR FOR EXAMINATION AND DISCHARGE OSC**

notice of the Order to Appear for Examination, and also this Court's March 11, 2026 Order (Dkt. No. 119) continuing the examination to March 24, 2026, and thus, he is required to appear for the examination on March 24, 2026.  As a result, his false allegations about not receiving proper service are irrelevant.  To date, the Court has not found him in contempt and has not issued a warrant for his arrest.  However, if Mr. Guez fails to appear for his examination on March 24, 2026, the Court will clearly be justified in finding him in contempt and/or issuing a warrant for his arrest.  (Dkt. No. 119 at 2.)  As this Court has explained, "district courts have broad discretion to control the timing, sequence, and methods of post-judgment discovery."  (Dkt. No. 120 at 2 (citing *HaUett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002).)

When New High filed its Motion to Amend the Judgment to add Daniel Guez as a Judgment Debtor, Mr. Guez and his counsel Michael Bowse made similar arguments regarding Mr. Guez's due process rights.  (Dkt. No. 59 at 2.)  In response, this Court explained that Mr. Guez and his counsel cannot pretend that they were unaware of the filings in this case because Mr. Guez has been controlling it from the beginning:

> It appears to the Court that the due process concerns regarding adding a judgment debtor when the judgment was entered by default do not apply here. Guez is the CEO of both GMG and Global Med and is the co-owner of Mapleton. As CEO of GMG, he has been a party to the litigation since the action commenced. As such, Guez, Global Med, and Mapleton have had the opportunity to present a defense, and their interests have been represented throughout the action by their shared attorney. Furthermore, Guez, Global Med, and Mapleton had an opportunity to be heard on this matter at the hearing on January 6, 2025, but no appearance was made. Accordingly, the Court finds that adding Guez, Global Med, and Mapleton to the judgment would not offend due process.

6

**OPPOSITION TO EX PARTE APPLICATION TO VACATE ORDER TO APPEAR FOR EXAMINATION AND DISCHARGE OSC**

(Dkt. No. 75 at 9.)[3] It should be noted that New High served Daniel Guez with the Renewed Motion to Amend the Judgment via substitute service on Amy Guez at the Ayrshire Road Address (*see* Dkt. No. 71), and Mr. Guez and his counsel Michael Bowse did not object.

## V.     CONCLUSION

For the foregoing reasons, New High respectfully requests that the Court deny the Ex Parte Application and allow the examination of Daniel Guez to proceed on March 24, 2026.

Dated:  March 19, 2026                    **ONE LLP**

By: /s/ Lawrence J. Hilton
      Lawrence J. Hilton
      Robert D. Hunt
      Attorneys for Judgment Creditor,
      New High Limited

## CERTIFICATE OF COMPLIANCE (L.R. 11-6.2)

The undersigned, counsel of record for Plaintiff/Judgment Creditor New High Limited, hereby certifies that this brief contains 2,095 words, which complies with the word limit of L.R. 11-6.1.

By: /s/ Lawrence J. Hilton
      Lawrence J. Hilton

---

[3] At the hearing on March 10, 2026, Mr. Bowse falsely asserted that he was not counsel for Daniel Guez (*see* Dkt. No. 119), but he is clearly counsel for Mr. Guez and the other Judgment Debtors.

7

**OPPOSITION TO EX PARTE APPLICATION TO VACATE ORDER TO APPEAR FOR EXAMINATION AND DISCHARGE OSC**