JOHN D. MAATTA (SBN 83683)
john@frostllp.com
TIMOTHY LAQUER (SBN 306917)
tim@frostllp.com
FROST LLP
10960 Wilshire Boulevard, Suite 2100
Los Angeles, California 90024
Telephone: (424) 254-0441
Facsimile: (424) 600-8504

Attorneys for Defendants-In-Judgment
DANIEL GUEZ and GLOBAL MED GROUP, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| NEW HIGH LIMITED, a Hong Kong corporation,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>GLOBAL MERCH GROUP, LLC, a Nevada limited liability company,<br><br>　　　　Defendant. | Case No. 2:21-cv-09608-CAS-PVCx<br><br>Hon. Christina A. Snyder<br><br>**DEFENDANTS-IN-JUDGMENT DANIEL GUEZ AND GLOBAL MED GROUP, LLC'S NOTICE OF MOTION AND MOTION TO VACATE AND SET ASIDE AMENDED JUDGMENT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 60(b)(4)**<br><br>*[Declaration of Daniel Guez filed concurrently herewith]*<br><br>**Hearing Information**:<br>Date:　　June 29, 2026<br>Time:　　10:00 a.m.<br>Crtrm:　 8D<br>　　　　350 West First St<br>　　　　Los Angeles, California 90012<br><br>Complaint filed:　　　March 31, 2026 |

DEFENDANTS-IN-JUDGMENT'S MOTION TO VACATE AND SET ASIDE AMENDED JUDGMENT

TO ALL PARTIES AND TO THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on June 29, 2026, at 10:00 a.m., or as soon thereafter as counsel may be heard, in the courtroom 8D of the United States District Court for the Central District of California located at 350 West First Street, Los Angeles, CA 90012, before the Honorable Christina A. Snyder, United States District Judge, Defendants-in-Judgment DANIEL GUEZ and GLOBAL MED GROUP, LLC (collectively, "Defendants" or "Guez") will and hereby does move this Court pursuant to Federal Rule of Civil Procedure 60(b)(4) for an order vacating and setting aside the Amended Judgment entered on January 6, 2025 (Dkt. No. 76) (the "Amended Judgment"), insofar as it purports to add Defendants as judgment debtors jointly and severally liable for $2,724,093.11.

This Motion is made upon the ground that the Amended Judgment is *void* as to Defendants because they were never lawfully served with Plaintiff New High Limited's ("Plaintiff" or "New High") Renewed Motion to Amend Judgment (Dkt. No. 66). Plaintiff purported to effect substitute service on Mr. Guez at 11401 Ayrshire Road, Los Angeles, California—the home of his former wife and her parents—a location where Mr. Guez has never resided. Because service was legally defective, this Court never acquired personal jurisdiction over Defendants in connection with these proceedings, and the Amended Judgment entered against him violates the most fundamental guarantees of constitutional due process. Under Federal Rule of Civil Procedure 60(b)(4), relief from a void judgment is mandatory.

This Motion is based upon this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the concurrently filed Declaration of Daniel Guez and the exhibits attached thereto, all pleadings and papers on file in this action, and upon such further argument and evidence as may be presented at the hearing.

This Motion is made following the telephonic conference of counsel required by Local Rule 7-3, which took place on May 14, 2026 and during which Defendants'

DEFENDANTS-IN-JUDGMENT'S MOTION TO VACATE AND SET ASIDE AMENDED JUDGMENT

counsel expressed Defendants' positions concerning the defective service and void Amended Judgment which renders Plaintiff's Amended Judgment void. Plaintiff's counsel disagreed with Defendants' counsel's positions and stated that Plaintiff would oppose any such Motion.

DATED:  May 29, 2026          FROST LLP


By: _____
JOHN D. MAATTA
TIMOTHY LAQUER
Attorneys for Defendants/Judgment
Debtors Daniel Guez and Global Med
Group, LLC

# **TABLE OF CONTENTS**

**Page**

I.      INTRODUCTION.................................................................................................. 1

II.     BACKGROUND .................................................................................................. 2

    A.    The Original Action and Default Judgment Against Global Merch Group (Nevada) ................................................................. 2

    B.    The Entity That Conducted Business With New High Was Not Global Merch Nevada ............................................................ 2

    C.    New High's Motion to Add Guez and Global Med Texas As Judgment Debtors ................................................................ 3

    D.    New High's Defective Substitute Service on Mr. Guez ........................ 3

    E.    New High Was On Notice That 11401 Ayrshire Road Was Not Mr. Guez's Address .......................................................... 4

    F.    The Amended Judgment ......................................................... 5

III.    LEGAL STANDARD .......................................................................................... 5

IV.     ARGUMENT ....................................................................................................... 6

    A.    The Amended Judgment Against Mr. Guez Is Void For Lack of Personal Jurisdiction and Violation of Due Process .............................. 6

        1.    California law governing substitute service must be strictly construed ...................................................................... 6

        2.    New High's purported substitute service at 11401 Ayrshire Road was invalid ............................................................ 7

        3.    Defective service deprived this Court of personal jurisdiction ................................................................... 8

        4.    Defective service also constituted an independent due process violation .............................................................. 8

        5.    Adding a stranger to an existing judgment demands rigorous adherence to due process ....................................... 9

    B.    This Motion Is Timely ......................................................... 12

V.      CONCLUSION .................................................................................................. 13

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

12 James Wm. Moore et al., *Moore's Federal Practice*
§ 60.44 (3d ed. 2026).................................................................................6

*In re Bestway Prods., Inc.*,
151 B.R. 530 (Bankr. E.D. Cal. 1993) ....................................................12

*Mullane v. Central Hanover Bank & Trust Co.*,
339 U.S. 306 (1950) .............................................................................8, 9

*Orner v. Shalala*,
30 F.3d 1307 (10th Cir. 1994)........................................................1, 5, 12

*Ruiz v. Snohomish Cnty. Pub. Util. Dist. No. 1*,
824 F.3d 1161 (9th Cir. 2016).............................................................5, 8

*SEC v. Ross*,
504 F.3d 1130 (9th Cir. 2007).............................................................6, 8

*United States v. Boch Oldsmobile, Inc.*,
909 F.2d 657 (1st Cir. 1990) ...................................................................12

*United Student Aid Funds, Inc. v. Espinosa*,
559 U.S. 260 (2010) .............................................................................5, 6

*V.T.A., Inc. v. Airco, Inc.*,
597 F.2d 220 (10th Cir. 1979).............................................................1, 12

**California Cases**

*Baize v. Eastridge Cos., LLC*,
142 Cal. App. 4th 293 (2006)..................................................................11

*Blizzard Energy, Inc. v. Schaefers*,
71 Cal. App. 5th 832 (2021).....................................................................10

*Dow Jones Co. v. Avenel*,
151 Cal. App. 3d 144 (1984)....................................................................11

*Lopez v. Escamilla*,
   79 Cal. App. 5th 646 (2022) ................................................................................... 11

*NEC Elecs. Inc. v. Hurt*,
   208 Cal. App. 3d 772 (1989) ........................................................................... 10, 11

*In re Ramona S.*,
   64 Cal. App. 3d 945 (1976) ..................................................................................... 7

*Tokio Marine & Fire Ins. Corp. v. W. Pac. Roofing Corp.*,
   75 Cal. App. 4th 110 (1999) ................................................................................. 11

*Wolf Metals Inc. v. Rand Pac. Sales, Inc.*,
   4 Cal. App. 5th 698 (2016) .................................................................................. 10

*Zirbes v. Stratton*,
   187 Cal. App. 3d 1407 (1986) .......................................................................... 7, 9

**California Statutes**

Cal. Civ. Proc. Code
   § 415.20(b) .............................................................................................................. 6

Cal. Civ. Proc. Code
   § 187 ................................................................................................................. 10, 11

**Federal Rules**

Fed. R. Civ. P. 4(e)(1) .................................................................................................. 6

Fed. R. Civ. P 60(b)(1), (2), and (3) ............................................................................ 6

Fed. R. Civ. P. 60(b)(4) .............................................................................. 1, 5, 6, 12

Fed R. Civ. P.  60(c)(1) ....................................................................................... 6, 12

DEFENDANTS-IN-JUDGMENT'S MOTION TO VACATE AND SET ASIDE AMENDED JUDGMENT

## I.    **INTRODUCTION**

This case presents a straightforward but constitutionally fundamental proposition: a person cannot be stripped of property rights and saddled with a multi-million dollar judgment without first receiving adequate notice and a meaningful opportunity to be heard.  The Amended Judgment entered by this Court on January 6, 2025 (Dkt. No. 76) does exactly that to Daniel Guez and Global Med Group, LLC (collectively, "Defendants" or "Guez").  Plaintiff obtained its Amended Judgment against Defendants—a person and a limited liability company who were never parties to this action—by purporting to serve Daniel Guez with the underlying motion at 11401 Ayrshire Road, Los Angeles, California.  That address is not Mr. Guez's home, business, or mailing address.  It is the residence of his former wife, Amy Guez, and her parents.  Mr. Guez has never lived there.  He did not live there at the time of the attempted service.  Furthermore, Mr. Guez received none of the documents or other materials that were purportedly left at that address at the time of the attempted service.  Mr. Guez had no knowledge of New High's motion, the hearing, or the resulting Amended Judgment until New High's enforcement efforts belatedly brought it to his attention well after the fact.

The Amended Judgment against Defendants is therefore void under Fed. R. Civ. P. 60(b)(4).  A judgment entered without proper service of process and without adequate notice violates the most fundamental guarantees of procedural due process under the Fifth Amendment.  The amended judgment cannot stand regardless of the underlying merits.  Critically, relief under Rule 60(b)(4) is mandatory when a judgment is void. *Orner v. Shalala*, 30 F.3d 1307, 1310 (10th Cir. 1994) ("[W]hen Rule 60(b)(4) is applicable, relief is not a discretionary matter; it is mandatory.") (citing *V.T.A., Inc. v. Airco, Inc.*, 597 F.2d 220, 224 n.8 (10th Cir. 1979)). Because the Amended Judgment as it pertains to Defendants rests on a constitutionally defective foundation, it is void and must be vacated to afford Defendants the procedural protections to which they are entitled.

DEFENDANTS-IN-JUDGMENT'S MOTION TO VACATE AND SET ASIDE AMENDED JUDGMENT

## II.    BACKGROUND

### A.    The Original Action and Default Judgment Against Global Merch Group (Nevada)

On December 14, 2021, New High filed this action against Global Merch Group, LLC, a Nevada limited liability company ("Global Merch Nevada"), asserting claims arising out of allegedly unpaid commercial obligations. (Dkt. No. 1.) Daniel Guez and Global Med Group, LLC were not named as defendants. They were not served with the complaint. They had no party status in this litigation in any respect.

On July 26, 2022, this Court entered a Default Judgment against Global Merch Nevada in the principal amount of $2,539,603.86, plus attorneys' fees and costs. (Dkt. No. 28.) Defendants played no role in those default proceedings. They were unaware that any judgment had been entered in this case at that time.

### B.    The Entity That Conducted Business With New High Was Not Global Merch Nevada

Global Merch Nevada was not the entity that conducted business with New High; it was a non-operational shell. The entity that actually dealt with New High was Global Med Group, LLC, a Texas limited liability company ("Global Med Texas"), which was originally organized as "Global Merch Group, LLC" before its name was changed in 2020. In post-judgment proceedings, when New High served subpoenas on Global Med Texas's financial institutions in an attempt to enforce the judgment, Global Med Texas moved to quash those subpoenas on the ground that it was not the judgment debtor. This Court granted that motion. (Dkt. No. 43.)

Global Med Texas paid New High approximately $35 million over the course of 2020 and 2021 in connection with the personal protective equipment ("PPE") business that flourished during the initial stages of the COVID-19 pandemic. When the global market for PPE normalized following resolution of the acute supply-chain disruptions of early 2020, Global Med Texas's revenues declined precipitously, ultimately rendering it unable to satisfy remaining obligations to New High. The

2

DEFENDANTS-IN-JUDGMENT'S MOTION TO VACATE AND SET ASIDE AMENDED JUDGMENT

failure of the business was the product of market forces, not fraudulent conduct.

### C.    New High's Motion to Add Guez and Global Med Texas As Judgment Debtors

On November 5, 2024, New High filed a Renewed Motion to Amend Judgment to add Global Med Texas, Mapleton Capital, LLC ("Mapleton"), and Daniel Guez as judgment debtors, claiming that each was the alter ego of Global Merch Nevada. (Dkt. No. 66.)  The motion was noticed for hearing on December 23, 2024. (*Id.*)  Guez and Global Med Texas were not involved in the underlying litigation, had never been served with process in this case, and had no knowledge that they had been submitted to this Court as prospective judgment debtors.

### D.    New High's Defective Substitute Service on Mr. Guez

Unable to locate or personally serve Mr. Guez, New High filed a proof of service purporting to establish that it had effected substitute service on him and Global Med Texas by serving Mr. Guez as the "officer/agent for service of process" at 11401 Ayrshire Road, Los Angeles, California.  (Dkt. Nos. 71–72.)

That address, however, is not and has never been Mr. Guez's residence.  11401 Ayrshire Road is the home of Mr. Guez's former wife, Amy Guez, and her parents.  Mr. Guez has never resided at that address—not at the time of the attempted service, not before, and not since.  Guez Decl. ¶ 5.

At the time New High purported to effect substitute service at 11401 Ayrshire Road, Mr. Guez resided at 351 18th Street, Santa Monica, California—a residence he maintained continuously from approximately September 2020 through January or February 2025.  Guez Decl. ¶¶ 5, 7 & Ex. A.  The documentary record leaves no room for doubt: when New High attempted substitute service at 11401 Ayrshire Road, Mr. Guez was living at his 18th Street residence in Santa Monica.  Guez Decl. ¶¶ 5–7 & Ex. A.

Mr. Guez never received anything that was left at 11401 Ayrshire Road (if, indeed, anything was left there for him or Global Med Texas).  Guez Decl. ¶¶ 5–6.  As

3

a result of the failure to effectuate proper service, Defendants had no actual knowledge of the Renewed Motion to Amend Judgment, the December 23, 2024 hearing, or the Amended Judgment itself.  Defendants thus did not appear at the hearing because they did not know it was occurring; had Defendants been properly served, they would have opposed the Renewed Motion to Amend Judgment.  Guez Decl. ¶¶ 5–6.

**E.** **New High Was On Notice That 11401 Ayrshire Road Was Not Mr. Guez's Address**

New High's use of 11401 Ayrshire Road as Mr. Guez's purported address was not an innocent mistake.  In subsequent post-judgment enforcement proceedings, Amy Guez filed a motion to vacate an order requiring her to appear for a judgment debtor's examination and sought a protective order on the grounds that New High had repeatedly attempted to use her home address as if it were Mr. Guez's residence, even though Mr. Guez had never lived there. (Dkt. No. 113.)  Ms. Guez submitted a declaration attesting to this fact in connection with that motion. (Dkt. No. 113-1.)  Specifically, Ms. Guez declared: "Daniel Guez has no association with, connection to, or residence at my parents' home [on Ayrshire Road]. He does not live at that address and never has lived there. He does not use the residence as a mailing address." (Dkt. No. 113-1, ¶ 13.)  Although that motion was ultimately denied and Ms. Guez was required to appear, the motion placed New High squarely on notice that its characterization of 11401 Ayrshire Road as Mr. Guez's address was contested and factually incorrect.

Mr. Guez also subsequently filed an *ex parte* application to vacate an order requiring him to appear for a judgment debtor's examination, specifically on the grounds that: (1) he had not been personally served as required by the applicable rules; and (2) he had never resided at 11401 Ayrshire Road, the address New High had used for substitute service. (Dkt. No. 121.)  This Court granted that application. (Dkt. No. 123.)  These support the conclusion that New High's attempted use of and reliance on

4

DEFENDANTS-IN-JUDGMENT'S MOTION TO VACATE AND SET ASIDE AMENDED JUDGMENT

11401 Ayrshire Road as Mr. Guez's address was improper, yet the Amended Judgment entered on the basis of that defective service remains unremedied.

### F.   The Amended Judgment

On January 6, 2025, this Court entered the Amended Judgment adding Global Med Texas, Mapleton Capital, LLC, and Daniel Guez as judgment debtors, jointly and severally liable for $2,724,093.11, inclusive of post-judgment interest. (Dkt. No. 76.)  Defendants did not appear at the December 23, 2024 hearing.  Defendants were not represented by counsel.  No argument was made on their behalf.  No evidence going to their circumstances—including the extensive payments made by Global Med Texas to New High, the legitimate market-driven causes of the business's failure, or the absence of any fraudulent or inequitable conduct justifying alter ego treatment— was presented to the Court.  The Amended Judgment was entered on the basis of one-sided submissions that Defendants never received and to which they had no opportunity to respond.

### III.   LEGAL STANDARD

Federal Rule of Civil Procedure 60(b)(4) provides that a court may relieve a party from a final judgment when "the judgment is void." Fed. R. Civ. P. 60(b)(4).  Relief from a void judgment is categorically different from other forms of Rule 60(b) relief: the court has no discretion to deny it. *Orner v. Shalala*, 30 F.3d 1307, 1310 (10th Cir. 1994); *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 271 (2010) (confirming that Rule 60(b)(4) applies "in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard"). Once a court determines that a judgment is void, vacation is mandatory.  *Orner*, 30 F.3d at 1310.

A judgment is void when the court lacked personal jurisdiction over the party against whom it was entered. *Ruiz v. Snohomish Cnty. Pub. Util. Dist. No. 1*, 824 F.3d 1161, 1165 (9th Cir. 2016).  Because personal jurisdiction is acquired through

5

DEFENDANTS-IN-JUDGMENT'S MOTION TO VACATE AND SET ASIDE AMENDED JUDGMENT

proper service of process or waiver of such service, a judgment entered against a party who was never properly served is void.  *SEC v. Ross*, 504 F.3d 1130, 1138–40 (9th Cir. 2007).  A judgment is also void when its entry violates the Due Process Clause—that is, when a party was deprived of notice or an opportunity to be heard.  *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 271 (2010). Unlike motions under Rule 60(b)(1), (2), and (3), which must be filed within one year of the entry of judgment, a motion to vacate a void judgment under Rule 60(b)(4) is subject only to the "reasonable time" requirement of Rule 60(c)(1).  Fed. R. Civ. P. 60(c)(1).  Courts have been exceptionally lenient in defining the term "reasonable time." In fact, it has often been stated that a motion to vacate a void judgment may be made at any time. 12 James Wm. Moore et al., *Moore's Federal Practice* § 60.44 (3d ed. 2026).

## IV.  ARGUMENT

### A.    The Amended Judgment Against Mr. Guez Is Void For Lack of Personal Jurisdiction and Violation of Due Process

#### 1.    California law governing substitute service must be strictly construed

Because this action proceeds in federal court and the motion to amend the judgment does not involve a claim cognizable only under federal law, the applicable rules of service are those of California, the forum state. Fed. R. Civ. P. 4(e)(1).  California law permits substitute service on an individual at his "dwelling house, usual place of abode, usual place of business, or usual mailing address other than a United States Postal Service post office box." Cal. Civ. Proc. Code § 415.20(b).  Substitute service is available only after a process server has first attempted—and failed on three occasions—to effect personal service with "reasonable diligence." *Id.*

To be constitutionally sound the form of substituted service must be reasonably calculated to give an interested party actual notice of the proceedings and an opportunity to be heard. That standard was not met in this situation.

DEFENDANTS-IN-JUDGMENT'S MOTION TO VACATE AND SET ASIDE AMENDED JUDGMENT

## 2. New High's purported substitute service at 11401 Ayrshire Road was invalid

New High's attempted substitute service on Defendants fails at the most fundamental level: the address used—11401 Ayrshire Road—was not, and never has been, Mr. Guez's dwelling, abode, business, or mailing address. Guez Decl. ¶¶ 4–5. That address is the home of his former wife and her parents. Guez Decl. ¶¶ 4–5; Dkt. No. 113-1, ¶ 13. Mr. Guez did not live there, work there, or receive mail there when service was attempted. He had not lived there before. And he has not lived there since. Guez Decl. ¶¶ 4–5.

At the time of the attempted service, Mr. Guez's actual residence was 351 18th Street, Santa Monica, California—an address he maintained from September 2020 through early 2025. Guez Decl. ¶ 7. Mr. Guez's California Drivers License confirms his Santa Monica residence and the timeline here, as that was issued in March 2024, many months prior to New High's defective attempts at service in December 2024. Guez Decl. ¶ 7 & Ex. A; Dkt. No. 71.

The circumstance that Mr. Guez may have visited the Ayrshire Road address on occasion, or that his former wife resides there, does not transform that location into his dwelling house or usual place of abode under California law. *Zirbes v. Stratton*, 187 Cal. App. 3d 1407, 1416 (1986) (finding that service of process at a parent's residence was inadequate). California courts have defined "abode" using the common dictionary definition as a place of residence. *In re Ramona S.*, 64 Cal. App. 3d 945, 950 (1976). New High cannot salvage its defective service by pointing to informal visits or familial connections; what the law requires is the party's *actual* place of residence.

Because 11401 Ayrshire Road was not Mr. Guez's dwelling, house, usual place of abode, place of business, or even mailing address, the substitute service purportedly effected there was invalid and a legal nullity. The papers served at that address were

DEFENDANTS-IN-JUDGMENT'S MOTION TO VACATE AND SET ASIDE AMENDED JUDGMENT

received by Mr. Guez's former wife's household—not by Mr. Guez—and no service or knowledge can be imputed to him from that event. Accordingly, the attempted service conferred neither constructive notice nor personal jurisdiction.

### 3. Defective service deprived this Court of personal jurisdiction

Because New High failed to properly serve Defendants with the Renewed Motion to Amend Judgment, this Court never acquired personal jurisdiction over Mr. Guez or Global Med Texas in connection with those proceedings. A court cannot enter a valid judgment against a person over whom it has no personal jurisdiction. *Ruiz*, 824 F.3d at 1165; *SEC v. Ross*, 504 F.3d 1130, 1138–40 (9th Cir. 2007).

This principle applies with full force in the post-judgment context. When a judgment creditor seeks to add a new judgment debtor through a motion to amend judgment, the proceedings are directed at a person who has had no prior involvement in the litigation. There is no previously established jurisdictional nexus to fall back upon. Personal jurisdiction must be established anew, through proper service, before the court can adjudicate the rights of the proposed new judgment debtor. The judgment creditor must serve the alleged alter ego with process before the court can exercise jurisdiction over that person. Plaintiff's failure to properly serve Defendants is a jurisdictional defect that voids the Amended Judgment in its entirety as to them.

### 4. Defective service also constituted an independent due process violation

The Fifth Amendment's Due Process Clause independently requires that before a court adjudicates a person's rights, that person must receive "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950). This is "an elementary and fundamental requirement of due process in any proceeding which is to be accorded finality." *Id.*

DEFENDANTS-IN-JUDGMENT'S MOTION TO VACATE AND SET ASIDE AMENDED JUDGMENT

Service at a location where a party does not reside and has never resided is, by definition, not "reasonably calculated" to provide him notice of pending proceedings.  A notice that cannot plausibly reach the addressee is not constitutionally adequate notice—it is the absence of notice.  New High's attempt to serve Defendants at Mr. Guez's former wife's home cannot satisfy the constitutional standard articulated in *Mullane*, 339 U.S. at 314. The interest at stake is substantial and significant.  Defendants have been subjected to a judgment in excess of $2.7 million without ever having had an opportunity to contest it.  Defendants were not heard on the merits of the alter ego theory.  Defendants were not permitted to cross-examine witnesses or challenge the evidence offered in support of New High's Motion.  Defendants were not represented by counsel.  The entry of a multi-million dollar judgment against an individual and a limited liability company who were denied all of these protections—solely because Mr. Guez's former wife's address was incorrectly used as his own—is precisely the kind of denial of notice and opportunity to be heard that due process forbids.  *Zirbes v. Stratton*, 187 Cal. App. 3d 1407, 1416–17 (1986).

### 5.    Adding a stranger to an existing judgment demands rigorous adherence to due process

The due process concerns here are particularly acute because Defendants were never a party to this litigation.  Defendants were never served with New High's original complaint.  Mr. Guez and Global Med Texas were not named as defendants. Defendants had no opportunity to contest the merits of New High's underlying claims against Global Merch Nevada.  In a very real sense, Defendants were complete strangers to this lawsuit until New High decided, only in the post-judgment enforcement phase, to attempt to bind two new strangers to a judgment that predated any notice to them of the existence of this case.

California law establishes rigorous due process requirements when adding a nonparty to an existing judgment, requiring both an alter ego relationship and proof

9

that the added party controlled the underlying litigation. Courts have consistently held that amending a judgment to impose liability on a stranger who never participated in the original action violates fundamental due process protections unless specific procedural safeguards are satisfied.

### Statutory Authority for Amending Judgments

California Code of Civil Procedure section 187 provides the statutory foundation for amending judgments to add additional judgment debtors. This statute grants courts "all the means necessary to carry [jurisdiction] into effect" and permits adoption of "any suitable process or mode of proceeding" that conforms to the spirit of the Code.  Cal. Civ. Proc. Code § 187. Courts have interpreted section 187 to authorize amendment of judgments through a noticed motion procedure, without requiring an evidentiary hearing, because evidence in the form of declarations or deposition testimony is sufficient. *Blizzard Energy, Inc. v. Schaefers*, 71 Cal. App. 5th 832, 855 (2021).

### Due Process Requirements for Adding Nonparties

The ability to amend a judgment to add a defendant as an additional judgment debtor requires satisfaction of two mandatory elements to comply with due process: (1) the new party must be the alter ego of the old party; and (2) the new party must have controlled the litigation, thereby having had the opportunity to litigate. *Wolf Metals Inc. v. Rand Pac. Sales, Inc.*, 4 Cal. App. 5th 698, 703 (2016). These due process considerations are "in addition to, not in lieu of, the threshold alter ego issues." *Id.* Courts have emphasized that "to summarily add" a nonparty to a judgment "without allowing them to litigate any question beyond their relation to the allegedly alter ego corporation would patently violate this constitutional safeguard." *NEC Elecs. Inc. v. Hurt*, 208 Cal. App. 3d 772, 779 (1989).

### Control of Litigation and Virtual Representation

Due process demands a finding that the additional judgment debtor controlled the litigation in its capacity as alter ego and was thus virtually represented in the

10
DEFENDANTS-IN-JUDGMENT'S MOTION TO VACATE AND SET ASIDE AMENDED JUDGMENT

lawsuit. *Baize v. Eastridge Cos., LLC*, 142 Cal. App. 4th 293, 302 (2006). The requirement of litigation control ensures that the added party had a meaningful opportunity to defend against the claims that resulted in the judgment. Courts examine whether the nonparty "was not a passive participant by any manner of means in the original trial" and whether the party's "involvement at trial satisfies the elements of fair trial as required by due process." *NEC Elecs. Inc.*, 208 Cal. App. 3d at 779–80

### Important Limitations in Default Judgment Cases

California courts impose heightened scrutiny when the underlying judgment was entered by default. In default judgment situations, courts have held that the summary motion procedure under section 187 cannot be used to add alter ego liability because the original defendant "offered no defense" to the lawsuit. *Lopez v. Escamilla*, 79 Cal. App. 5th 646, 654 (2022). The absence of litigation means the alleged alter ego had no opportunity to control the defense, making post-judgment addition particularly problematic from a due process perspective. *Id.*

### Constitutional Protections Against the Binding of Nonparties

The California Constitution guarantees that no person may be "deprived of life, liberty, or property without due process of law." Cal. Const. art. I, § 7. Courts have recognized that "[r]endering a judgment for or against a nonparty to a lawsuit may constitute denial of due process" because "the nonjoined party has not been given notice of the proceedings or an opportunity to be heard." *Tokio Marine & Fire Ins. Corp. v. W. Pac. Roofing Corp.*, 75 Cal. App. 4th 110, 121 (1999). These protections require that any party sought to be added to a judgment must have not only the right to be present but also the right to litigate questions beyond their relationship to the alleged alter ego. *Dow Jones Co. v. Avenel*, 151 Cal. App. 3d 144, 149–50 (1984). California law thus demands strict adherence to due process when adding strangers to existing judgments, requiring proof of both alter ego status and meaningful litigation control to protect constitutional rights to notice and opportunity to be heard.

**Relief Under Rule 60(b)(4) Is Mandatory, Not Discretionary**

The distinction between a void judgment and a merely erroneous one is critical to the analysis here. Unlike motions for relief under Rule 60(b)(1), (2), (3), (5), or (6)—which invoke the court's equitable discretion and require the movant to demonstrate factors such as a meritorious defense, excusable neglect, or equity—a motion to vacate a void judgment under Rule 60(b)(4) is not discretionary. When a judgment is truly void (such as here) due to lack of jurisdiction or due process violations, courts have historically recognized a non-discretionary duty to grant relief, distinguishing Rule 60(b)(4) from other provisions of Rule 60(b) that involve judicial discretion. *Orner v. Shalala*, 30 F.3d 1307, 1310 (10th Cir. 1994) ("[W]hen Rule 60(b)(4) is applicable, relief is not a discretionary matter; it is mandatory.") (citing *V.T.A., Inc. v. Airco, Inc.*, 597 F.2d 220, 224 n.8 (10th Cir. 1979)).

The rationale for mandatory relief stems from the nature of void judgments themselves. Because a void judgment is legally ineffective, courts have recognized that relief under Rule 60(b)(4) does not require the showing typically associated with discretionary Rule 60 motions. *United States v. Boch Oldsmobile, Inc.*, 909 F.2d 657, 661 (1st Cir. 1990). The same principle distinguishes void-judgment relief from clerical correction under Rule 60(a). *In re Bestway Prods., Inc.*, 151 B.R. 530, 534 n.13 (Bankr. E.D. Cal. 1993).

### B.    This Motion Is Timely

A motion under Rule 60(b)(4) must be filed within a "reasonable time" as required by Rule 60(c)(1). What constitutes a reasonable time depends on the facts of the case, including the interest in finality, the reason for any delay, the practical ability of the movant to learn earlier of the grounds relied upon, and prejudice to other parties. Here, any delay is attributable to the alleged lack of service and lack of notice, which are the very defects Defendants contend rendered the Amended Judgment void.

Defendants did not receive notice of the Renewed Motion to Amend Judgment or of the Amended Judgment entered on January 6, 2025. The Amended Judgment

DEFENDANTS-IN-JUDGMENT'S MOTION TO VACATE AND SET ASIDE AMENDED JUDGMENT

only came to Defendants' attention on or about January 20, 2026 when New High commenced enforcement proceedings against Mr. Guez individually and his former wife. Guez Decl. ¶ 8. Upon learning of the Amended Judgment, Defendants promptly retained counsel and moved with all due dispatch to seek relief. Guez Decl. ¶ 8. Any delay between the entry of the Amended Judgment and the filing of this Motion is the direct and exclusive consequence of New High's failure to properly serve Defendants. This Motion brought by Defendants a few short months after discovery of the void Judgment is thus patently timely given the "reasonable" standard.

## V.    CONCLUSION

For the foregoing reasons, Defendants-in-Judgment Daniel Guez and Global Med Group, LLC respectfully request that this Court grant this Motion and enter an order vacating and setting aside the Amended Judgment entered on January 6, 2025 (Dkt. No. 76), insofar as it purports to add Daniel Guez and Global Med Group, LLC as judgment debtors.

DATED:  May 29, 2026                    FROST LLP


By: _____
JOHN D. MAATTA
TIMOTHY LAQUER
Attorneys for Defendants/Judgment
Debtors Daniel Guez and Global Med
Group, LLC

13

DEFENDANTS-IN-JUDGMENT'S MOTION TO VACATE AND SET ASIDE AMENDED JUDGMENT

## CERTIFICATE OF COMPLIANCE

The undersigned counsel of record for Daniel Guez and Global Med Group, LLC hereby certifies that this brief contains 4,525 words, which complies with the word limit of L.R. 11-6.1.

DATED:  May 29, 2026          FROST LLP


By:  _JOHN D. MAATTA_____

JOHN D. MAATTA
TIMOTHY LAQUER
Attorneys for Defendants/Judgment
Debtors Daniel Guez and Global Med
Group, LLC

DEFENDANTS-IN-JUDGMENT'S MOTION TO VACATE AND SET ASIDE AMENDED JUDGMENT