LAWRENCE J. HILTON (Bar No. 156524)
Email: lhilton@onellp.com
ROBERT D. HUNT (Bar No. 247802)
Email: rhunt@onellp.com
**ONE LLP**
23 Corporate Plaza, Suite 150-105
Newport Beach, CA 92660
Telephone:  (949) 502-2870
Facsimile:   (949) 258-5081

Attorneys for Plaintiff and Judgment Creditor,
NEW HIGH LIMITED

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEW HIGH LIMITED, a Hong Kong corporation,<br><br>  Plaintiff,<br><br>  v.<br><br>GLOBAL MERCH GROUP, LLC, a Nevada limited liability company,<br><br>  Defendant. | Case No. 2:21-cv-09608-CAS-PVC<br>Hon. Christina A. Snyder<br><br>**PLAINTIFF AND JUDGMENT CREDITOR NEW HIGH LIMITED'S OPPOSITION TO JUDGMENT DEBTORS DANIEL GUEZ AND GLOBAL MED GROUP, LLC'S MOTION TO VACATE AND SET ASIDE AMENDED JUDGMENT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 60(b)(4)**<br><br>**[DECLARATIONS OF LAWRENCE J. HILTON, ROBERT D. HUNT, AND DERRICK TAYLOR AND REQUEST FOR JUDICIAL NOTICE SUBMITTED CONCURRENTLY HEREWITH]**<br><br>Date:   June 29, 2026<br>Time:   10:00 a.m.<br>Crtrm:  8D |

**OPPOSITION TO JUDGMENT DEBTORS DANIEL GUEZ AND GLOBAL MED GROUP, LLC'S MOTION TO VACATE AND SET ASIDE AMENDED JUDGMENT**

# TABLE OF CONTENTS

I.      INTRODUCTION.........................................................................................1

II.     FACTUAL AND PROCEDURAL BACKGROUND......................................2

        A.      The Original Judgment....................................................................2

        B.      Global Merch Nevada Appealed the Original Judgment......................3

        C.      Global Med Sued New High in the Related Global Med Action. ..........3

        D.      The Amended Judgment. ..................................................................4

        E.      Attorney Michael Bowse Represented Each Party in the Present
                Action and the Global Med Action.....................................................5

III.    ARGUMENT ..............................................................................................5

        A.      Judgment Debtors Failed to Move to Vacate the Amended
                Judgment Within a Reasonable Amount of Time..................................5

                1.      Interest In Finality. ..............................................................10

                2.      Reason for Delay...................................................................10

                3.      Practical Ability of the Litigant to Learn Earlier of the
                        Grounds Relied Upon.............................................................11

                4.      Prejudice to Other Parties. ....................................................11

        B.      Judgment Debtors' Jurisdictional and Due Process Arguments
                Lack Merit...................................................................................13

                1.      Guez Has Controlled the Litigation for All Judgment
                        Debtors From the Outset. .......................................................13

                2.      It Is Beyond Dispute that Judgment Debtors Received
                        Notice of Plaintiff's Original Motion to Amend
                        Judgment. ...........................................................................15

                3.      Judgment Debtors Received Notice of the Renewed
                        Motion to Amend Via the Other Judgment Debtors and
                        Their Shared Attorney Michael Bowse.....................................16

**OPPOSITION TO JUDGMENT DEBTORS DANIEL GUEZ AND GLOBAL MED GROUP, LLC'S MOTION TO VACATE AND SET ASIDE AMENDED JUDGMENT**

4.  This Court Has Already Concluded that Judgment Debtors Had Notice and An Opportunity to Be Heard. .............. 19

5.  Judgment Debtors Also Received Notice of the Renewed Motion to Amend Via Substitute Service. ................................. 20

6.  New High Requests the Opportunity to Take Discovery. .......... 21

IV.  CONCLUSION ...................................................................................... 22

ii

# <u>TABLE OF AUTHORITIES</u>

**Cases**

*Ackermann v. United States*,
 340 U.S. 193, 95 L. Ed. 207, 71 S. Ct. 209 (1950) .................................................. 12

*Ashford v. Steuart*,
 657 F.2d 1053 (9th Cir. 1981) .................................................................................. 10

*Carolina Cas. Ins. Co. v. L.M. Ross Law Group, LLP*,
 212 Cal. App. 4th 1181 (2012) ................................................................................ 14

*Coney Island Auto Parts. Unlimited, Inc. v. Burton*,
 607 U.S. 155, 146 S. Ct. 579, 223 L. Ed. 2d 438 (2026) .................................... 5, 6

*Data Disc, Inc. v. Systems Tech. Assocs., Inc.*,
 557 F.2d 1280 (9th Cir. 1977) .................................................................................. 21

*Innovation Ventures, LLC v. N2G Distrib.*,
 2014 U.S. Dist. LEXIS 184739 (C.D. Cal. Feb. 18, 2014) .................................... 13

*Jack Farenbaugh & Son v. Belmont Constr., Inc.*,
 194 Cal. App. 3d 1023 (1987) .................................................................................. 14

*Jones v. Flowers*,
 547 U.S. 220, 126 S. Ct. 1708, 164 L. Ed. 2d 415 (2006) .................................... 13

*Perfect 10, Inc. v. Giganews, Inc.*,
 2015 U.S. Dist. LEXIS 184784 (C.D. Cal. June 3, 2015) ...................................... 13

*Plotkin v. Pacific Tel. & Tel. Co.*,
 688 F.2d 1291 (9th Cir. 1982) ............................................................................ 10, 12

*SEC v. Internet Solutions for Bus., Inc.*,
 509 F.3d 1161 (9th Cir. 2007) .................................................................................. 21

*United Student Aid Funds, Inc. v. Espinosa*,
 559 U.S. 260, 130 S. Ct. 1367, 176 L. Ed. 2d 158 (2010) .................................... 13

*Wong v. Charles Schwab & Co.*,
 No. 24-5037, 2026 LX 231296 (9th Cir. May 12, 2026) ......................................... 6

**OPPOSITION TO JUDGMENT DEBTORS DANIEL GUEZ AND GLOBAL MED GROUP, LLC'S MOTION TO VACATE AND SET ASIDE AMENDED JUDGMENT**

**Statutes**

Cal. Civ. Proc. Code § 415.20(b) ................................................................20

**Rules**

Cal. R. Prof. Conduct 1.4(a)(3) ................................................................22

Cal. R. Prof. Conduct 4.2................................................................19

Civil L.R. 5-3.2.1 ................................................................7

Civil L.R. 5-4.8.1 ................................................................7

Fed. R. App. P. 4(a) ................................................................10

Fed. R. Civ. P. 5(b)(1) ................................................................18

Fed. R. Civ. P. 5(b)(2)(C) ................................................................20

Fed. R. Civ. P. 60................................................................6

Fed. R. Civ. P. 60(b)(4) ................................................................ 1, 5, 13

Fed. R. Evid. 201 ................................................................4, 12

**OPPOSITION TO JUDGMENT DEBTORS DANIEL GUEZ AND GLOBAL MED GROUP, LLC'S MOTION TO VACATE AND SET ASIDE AMENDED JUDGMENT**

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

Apparently hoping that this Court will ignore the entire history of this case and the entire history of the related cases, Judgment Debtors Daniel Guez ("Guez") and his company Global Med Group, LLC ("Global Med") (collectively the "Judgment Debtors") hired new attorneys and filed a Motion to Vacate and Set Aside the Amended Judgment Pursuant to Federal Rule of Civil Procedure 60(b)(4) ("Motion") (Dkt. No. 129).  The Motion should be denied for several reasons.

First, Judgment Debtors failed to file a motion to vacate or set aside the Amended Judgment within a reasonable amount of time.  The U.S. Supreme Court has recently confirmed that even where a defendant claims that a judgment is void because of invalid service, the defendant is required to file a motion to vacate the judgment within a reasonable amount of time.  Here, Judgment Debtors received notice of the Amended Judgment immediately via their shared attorney Michael Bowse, but then, they waited more than sixteen (16) months to file their Motion, which was clearly unreasonable.  Plaintiff and Judgment Creditor New High Limited ("New High") will suffer severe prejudice if the Court vacates the Amended Judgment.

Second, even if for some reason this Court concludes that Judgment Debtors filed their Motion within a reasonable amount of time, their jurisdictional and due process arguments lack merit.  Guez hired Michael Bowse to represent all of the judgment debtors (e.g., Global Merch Group, LLC, Global Med, Guez, and Mapleton Capital, LLC) in both this action and the related Global Med Group, LLC action (discussed in detail below), and Guez has had control over the course of the litigation from the outset.  Moreover, Judgment Debtors received notice of the Renewed Motion to Amend Judgment ("Renewed Motion to Amend") via Defendant and Judgment Debtor Global Merch Group, LLC and the other judgment debtor in this action (Mapleton Capital, LLC) and their shared attorney Mr. Bowse.

1

In addition, the Renewed Motion to Amend was served on Judgment Debtors via substitute service and mail.  Thus, Judgment Debtors clearly had actual and/or constructive notice of the Renewed Motion to Amend, and had an opportunity to oppose it, but chose not to do so.

For these reasons, Plaintiff New High respectfully requests that the Court deny the present Motion.

## II.    FACTUAL AND PROCEDURAL BACKGROUND

### A.    The Original Judgment.

Plaintiff started doing business with Guez and his companies in January 2020, and Guez immediately started confusing and blurring the names and identities of his companies, leading Plaintiff to believe that "Global Merch Group, LLC" was the one who would be responsible for paying Plaintiff.  (See, e.g., Dkt. No. 58-16 ¶ 2 and Exh. 1.)  As of the date this action commenced, December 10, 2021, only one entity named "Global Merch Group, LLC" existed—a Nevada limited liability company ("Global Merch Nevada").  (*See* Dkt. No. 35-1 at Exh. A.)  As this Court is aware, Global Merch Nevada was served with the Complaint but failed to respond, so on January 11, 2022, New High requested that the Clerk enter default against Global Merch Nevada for failure to appear or otherwise respond to New High's Complaint within the time prescribed by the Federal Rules of Civil Procedure.  (Dkt. No. 12.)  On January 12, 2022, the Clerk entered default against Global Merch Nevada.  (Dkt. No. 13.)  On February 23, 2022, New High filed a motion for default judgment against Global Merch Nevada.  (Dkt. No. 14.)  On March 14, 2022, Global Merch Nevada, through its counsel Michael Bowse, filed a motion to set aside the default, claiming that it had no notice of the action.  (Dkt. No. 15.)  In response, New High submitted text messages it had received from Guez confirming that Guez knew about the action, and even going so far as to mock New

/ / /

/ / /

**OPPOSITION TO JUDGMENT DEBTORS DANIEL GUEZ AND GLOBAL MED GROUP, LLC'S MOTION TO VACATE AND SET ASIDE AMENDED JUDGMENT**

High.  (*See* Dkt. Nos. 18-5 & 18-6).  After the matter was briefed and a hearing was held, on April 11, 2022, this Court granted Global Merch Nevada's motion to set aside default, on the express condition that Global Merch Nevada pay New High $7,500 in reasonable attorneys' fees.  (Dkt. No. 19)  The Court ordered Global Merch Nevada to pay New High that amount "on or before April 25, 2022."  (*Id.*)  Neither Global Merch Nevada, nor their counsel, ever paid the $7,500 to New High.  (*See* Dkt. No. 20 at ¶¶ 5-6.)  On May 16, 2022, this Court ordered Global Merch Nevada to show cause why a default judgment should not be entered as a result of its failure to pay the $7,500.  (Dkt. No. 21.)  Global Merch Nevada failed to respond.

Eventually, on July 21, 2022, the Court entered an order granting the Motion for Default Judgment against Global Merch Nevada.  (Dkt. No. 26.)  On July 26, 2022, this Court entered Judgment against Global Merch Nevada in the amount of $2,541,205.86 (the "Original Judgment").  (Dkt. No. 27.)

**B.    Global Merch Nevada Appealed the Original Judgment.**

On October 20, 2022, Global Merch Nevada appealed the Original Judgment and the Order denying the Motion to Set Aside Default Judgment (Dkt. No. 46), commencing Ninth Circuit Court of Appeals Case No. 22-55983.  The appeal was unsuccessful, as the Ninth Circuit affirmed this Court's Judgment.  (Dkt. No. 64.)

**C.    Global Med Sued New High in the Related Global Med Action.**

Shortly after the Original Judgment was entered, on August 24, 2022, Global Med sued New High, commencing the related action in this Court entitled *Global Med Group, LLC v. New High Ltd.*, Case No. 2:22-cv-06031-CAS-PVC (the "Global Med Action"). The Global Med Action asserted claims against New High based on purchase orders issued under the "Global Med Group" name, identifying

/ / /

/ / /

/ / /

3

Guez as "Buyer," and directing delivery and billing to "Global Merch Group, LLC" at an address in Vernon, California.  (Global Med Action Dkt. No. 1.)[1]

In the Global Med Action, New High filed Counterclaims against Guez, Global Med, Delfern Holdings, LLC ("Delfern"), Mapleton Capital, LLC ("Mapleton"), and Andreana Bosilcic ("Bosilcic"). All of those parties appeared in and answered the Counterclaims in that action. (Global Med Action Dkt. Nos. 27-28, 38.)

Global Med's Complaint was eventually dismissed by this Court's April 19, 2024 Order Accepting Findings, Conclusions, and Recommendation of the Magistrate Judge Pedro V. Castillo, by which this Court adopted the recommendation of Judge Castillo awarding terminating sanctions against Global Med for discovery misconduct and its repeated failures to pay monetary sanctions awarded to New High.  (Global Med Action Dkt. No. 122.)

**D.      The Amended Judgment.**

New High's two motions to amend the judgment and the Judgment Debtors' notice and opportunity to respond to those motions will be discussed in detail in Part III *infra*.

More than sixteen (16) months ago, on January 10, 2025, this Court granted New High's Renewed Motion to Amend the Judgment and entered an Amended Judgment against Global Merch Nevada, Global Med, Mapleton, and Guez.  (Dkt. No. 76 ("Amended Judgment").)  The Court found that Global Med, Mapleton, and Guez are alter egos of Global Merch Nevada, and that adding Global Med, Mapleton, and Guez to the judgment as judgment debtors did not offend due process.  (Dkt. No. 75 at 8-10.)  The Court entered the Amended Judgment against

---

[1] Pursuant to Fed. R. Evid. 201, New High hereby requests that the Court take judicial notice of the filings in the Global Med Action that are cited in this Opposition, especially because it is related to this case, and before the same Court and Judge, and because both of the Judgment Debtors are parties in that action.

**OPPOSITION TO JUDGMENT DEBTORS DANIEL GUEZ AND GLOBAL MED GROUP, LLC'S MOTION TO VACATE AND SET ASIDE AMENDED JUDGMENT**

each of the four judgment debtors, jointly and severally, in the sum of $2,724,093.11. (Dkt. No. 76.)

### E. Attorney Michael Bowse Represented Each Party in the Present Action and the Global Med Action.

From the outset, Michael Bowse has been representing all of the parties that have appeared in the present action. By at least March 14, 2022, Michael Bowse appeared on behalf of Global Merch Nevada in the present action. (Dkt. No. 15.) By at least August 4, 2022, Michael Bose appeared on behalf of Global Med in the present action. (Dkt. Nos. 31, 38-1.) By at least March 18, 2026, Michael Bowse officially appeared on behalf of Guez in the present action (and as discussed herein, he was representing him from the outset). (Dkt. No. 121.)

In addition, from the outset, Michael Bowse has been representing Plaintiff and Counter-Defendants in the Global Med Action. By at least August 24, 2022, Michael Bowse appeared on behalf of Global Med by initiating the action. (Global Med Action Dkt. Nos. 1, 27.) By at least October 27, 2022, Michael Bowse appeared on behalf of Guez, Delfern, and Bosilcic in the Global Med Action. (Global Med Action Dkt. Nos. 22-24, 28.) By at least December 6, 2022, Michael Bowse appeared on behalf of Mapleton in the Global Med Action. (Global Med Action Dkt. No. 34, 38.)

## III. ARGUMENT

### A. Judgment Debtors Failed to Move to Vacate the Amended Judgment Within a Reasonable Amount of Time.

Recently, in *Coney Island Auto Parts. Unlimited, Inc. v. Burton*, 607 U.S. 155, 146 S. Ct. 579, 223 L. Ed. 2d 438 (2026), the U.S. Supreme Court considered a case that is very similar to the present case. The lower court had entered default judgment against the defendant, and then, after the plaintiff commenced enforcement proceedings against the defendant, the defendant eventually filed a motion to vacate the judgment under Federal Rule of Civil Procedure 60(b)(4),

5

alleging that the judgment was void because the plaintiff had failed to properly serve it with the complaint. *Id.* at 157. The court analyzed the text and structure of Fed. R. Civ. P. 60 and pointed out that "Rule 60(c)(1) provides that a 'motion under Rule 60(b) must be made within a reasonable time,'" and "[b]ecause a motion for relief from an allegedly void judgment is a 'motion under Rule 60(b),' the reasonable-time limit applies." *Id.* at 158 (citing Fed. R. Civ. P. 60). The defendant tried to rely on the generally accepted maxim that a "void judgment is a legal nullity," but the court rejected that argument, explaining that "[g]iving a party a 'reasonable' time to seek relief from an allegedly void judgment may well be all that due process demands." *Id.* at 159-160. The defendant also argued that "when a party does not receive proper service, it might not learn about the proceedings until long after the judgment issues," but the Supreme Court rejected that argument as well, explaining that "Rule 60(c)(1) accommodates such a scenario by imposing a reasonable-time requirement, rather than a fixed time limit." *Id.* at 160. The court held that "[l]itigants seeking relief under Rule 60(b)(4) must comply with Rule 60(c)(1) and file a motion within a reasonable time." *Id.* at 162; *see also Wong v. Charles Schwab & Co.*, No. 24-5037, 2026 LX 231296, at *1 (9th Cir. May 12, 2026) (applying *Coney Island Auto*). In their Motion, Judgment Debtors begrudgingly acknowledge this standard (Dkt. No. 129 at 12), but they fail to cite *Coney Island Auto*.

Here, Judgment Debtors failed to file a motion to vacate or set aside the Amended Judgment within a reasonable amount of time. In fact, Judgment Debtors waited more than **sixteen (16) months** to file their Motion to Vacate, which was clearly unreasonable.

Judgment Debtors received actual notice, and also constructive notice, of the Amended Judgment, as well as New High's efforts to enforce it, on several dates, including but not limited to the following:

- On January 10, 2025, this Court issued the Amended Judgment, and it was served electronically through the Court's electronic CM/ECF system on all

6

parties who have appeared in the action through Mr. Bowse, including Global Merch Nevada and Global Med (and by extension Guez, as explained in Part III.B.1, *infra*), by service on Mr. Bowse, who was also representing Guez and Global Med in the Global Med Action. (Dkt. No. 76;[2] Declaration of Lawrence J. Hilton ("Hilton Decl.") at Exh. 1.)

- On January 17, 2025, New High filed a Notice of Judgment Lien with the California Secretary of State, naming Global Merch Nevada, Guez, Global Med, and Mapleton as judgment debtors. (Request for Judicial Notice ("RJN"), filed concurrently herewith, at Exh. A.)

- On January 22 and January 28, 2025, this Court issued the Abstracts of Judgment against Global Med and Guez, and they were served electronically through the Court's electronic CM/ECF system on all parties who have appeared in the action through Mr. Bowse, including Global Merch Nevada and Global Med (and by extension Guez), by service on Mr. Bowse. (Dkt. Nos. 77-78; Hilton Decl. Exhs. 2-3.)

- On January 23, 2025, New High propounded post-judgment discovery on Guez, which was served on him via email to his attorney Mr. Bowse and also via personal drop service at one of his addresses. (Hilton Decl. Exhs. 4-6.) Each of those documents identified and defined Guez as "Judgment Debtor." (Hilton Decl. Exhs. 4-6 at Definitions.)

- On January 23, 2025, New High propounded post-judgment discovery on Global Med, which was served on Global Med via email to its attorney Mr. Bowse and also via personal drop service at one of its addresses. (Hilton Decl.

---

[2] *See* L.R. 5-3.2.1 ("Upon the electronic filing of a document, a 'Notice of Electronic Filing' ('NEF') will be automatically generated by the CM/ECF System and sent by e-mail to: … all attorneys who have appeared in the case in this Court…. [S]ervice with this electronic NEF will constitute service pursuant to the Federal Rules of Civil and Criminal Procedure, and the NEF itself will constitute proof of service for individuals so served."); *see also* L.R. 5-4.8.1 (Obligation to Maintain Personal Contact Information).

7

**OPPOSITION TO JUDGMENT DEBTORS DANIEL GUEZ AND GLOBAL MED GROUP, LLC'S MOTION TO VACATE AND SET ASIDE AMENDED JUDGMENT**

Exhs. 7-9.)  Each of those documents identified and defined Global Med as "Judgment Debtor."  (Hilton Decl. Exhs. 7-9 at Definitions.)

- On January 28, 2025, the Abstract of Judgment against Daniel Guez was recorded in the official records of the Los Angeles County Clerk-Recorder. (RJN Exh. B.)

- On April 14, 2025, New High filed an application for an order for the examination ("App. for JDE") of judgment debtor Guez, which the Court issued an order for on April 28, 2025. Both the App for JDE and Order were served electronically through the Court's electronic CM/ECF system on all parties who have appeared in the action through Mr. Bowse, including Global Merch Nevada and Global Med (and by extension Guez), by service on Mr. Bowse. (Dkt. Nos. 79, 81; Hilton Decl. Exhs. 10-11.)

- On June 5, 2025, New High filed another App. for JDE of judgment debtor Guez, which this Court issued an order for on June 9, 2025. Both were served electronically through the Court's electronic CM/ECF system on all parties who have appeared in the action through Mr. Bowse, including Global Merch Nevada and Global Med (and by extension Guez) by service on Mr. Bowse.  (Dkt. Nos. 83, 87; Hilton Decl. Exhs. 12-13.)

- On July 14, 2025, New High filed an ex parte application for leave to serve Guez with any order for judgment debtor examination via substitute service at any of his addresses, specifically identifying 11401 Ayrshire Rd., Los Angeles, CA 90049 ("Ayrshire Road Address").  (Dkt. No. 89.)  Before filing the application, New High's counsel notified Guez and his counsel Mr. Bowse of the substance, but Guez did not oppose.  (Dkt. Nos. 89-5 at ¶¶ 6-7; 89-6; 89-7.)  On July 21, 2025, this Court granted the application.  (Dkt. No. 95.)[3]  Each of these filings was served

---

[3] Although the Court subsequently vacated that order (because under California law, an order for debtor examination must be served via personal service), the Court did not address the question of whether the Ayrshire Road Address was/is one of Guez's addresses.  (Dkt. No. 123 at 2 n.2.)

**OPPOSITION TO JUDGMENT DEBTORS DANIEL GUEZ AND GLOBAL MED GROUP, LLC'S MOTION TO VACATE AND SET ASIDE AMENDED JUDGMENT**

electronically through the Court's electronic CM/ECF system on all parties who have appeared in the action through Mr. Bowse, including Global Merch Nevada and Global Med (and by extension Guez), by service on Mr. Bowse. (Hilton Decl. Exhs. 20-21.)

- On July 14, September 9, and December 17, 2025, New High filed additional Apps. for JDE of Daniel Guez, and this Court issued the requested orders, all of which were served electronically through the Court's electronic CM/ECF system on all parties who have appeared in the action through Mr. Bowse, including Global Merch Nevada and Global Med (and by extension Guez), by service on Mr. Bowse.  (Dkt. Nos. 90, 96, 97, 100, 104, 109; Hilton Decl. Exhs. 14-19.)

- On January 12, 2026, an Order for Appearance and Examination of Judgment Debtor was served on Daniel Guez via substitute service at the Ayrshire Road Address, followed by mailing to that address.  (Dkt. Nos. 95, 109, 111.)  It should be noted that Daniel's black Audi (which will be discussed *infra*) was at the Ayrshire Road Address on January 12, 2026 when the Order to Appear for Examination was served via substitute service.  (Dkt. No. 111 at 3.)

In their Motion, Judgment Debtors ignore all of the foregoing facts.  Instead, Guez alleges in his Declaration: "I only became aware of New High's Amended Judgment on or about January 20, 2026 when New High commenced enforcement proceedings against me individually and against my former wife."  (Dkt. 129-1 at ¶ 8.)  Even if this allegation were true, which it is not, it is significant for at least two reasons.  First, it reveals that Guez actually received notice via the Ayrshire Road Address—because that is the address where he and Amy Guez were served on that day.  (*See* Dkt. Nos. 110-112.)  Second, at the very least, Guez has admitted that Judgment Debtors received notice of the Amended Judgment by at least January 20, 2026, which was more than four (4) months before they filed the present Motion. (Dkt. No. 129.)

**OPPOSITION TO JUDGMENT DEBTORS DANIEL GUEZ AND GLOBAL MED GROUP, LLC'S MOTION TO VACATE AND SET ASIDE AMENDED JUDGMENT**

Whether Judgment Debtors received notice of the Amended Judgment more than sixteen months ago (as New High contends) or more than four months ago (as Judgment Debtors contend), Judgment Debtors failed to file their Motion within a reasonable amount of time.  The Ninth Circuit has held that failing to file a motion to vacate an appealable judgment within the 30-day time period for appeal can be unreasonable.  *Ashford v. Steuart*, 657 F.2d 1053, 1055 (9th Cir. 1981); *Plotkin v. Pacific Tel. & Tel. Co.*, 688 F.2d 1291, 1293 & n.2 (9th Cir. 1982).

According to the Ninth Circuit, "[w]hat constitutes 'reasonable time' depends upon the facts of each case, taking into consideration the interest in finality, the reason for delay, the practical ability of the litigant to learn earlier of the grounds relied upon, and prejudice to other parties."  *Ashford*, 657 F.2d at 1055 (citations omitted).  All of these factors weigh in favor of New High.

### 1.    Interest In Finality.

Here, the time for appealing the Amended Judgment passed more than fifteen months ago.  Fed. R. App. P. 4(a).  Thus, this factor clearly weighs in favor of New High.  Where the time for appeal has passed, "the interest in finality must be given great weight."  *Ashford*, 657 F.2d at 1055.

### 2.    Reason for Delay.

Judgment Debtors have failed to establish that their delay was reasonable.  In fact, the only evidence that they have provided is the following allegation from Guez: "Upon learning of the Amended Judgment, I promptly retained counsel to seek relief."  (Dkt. No. 129-1 at ¶ 8.)  But Judgment Debtors already had counsel, namely Mr. Bowse.  Indeed, if there was any doubt, Mr. Bowse filed an ex parte application in this action on behalf of Guez on March 18, 2026, which was two months after Guez says he became aware of the Amended Judgment.  (Dkt. No. 121-1.)  But Guez did not file a motion to vacate the Amended Judgment at that time.  Instead, Guez has decided to retain new counsel, apparently in hopes that this

10

**OPPOSITION TO JUDGMENT DEBTORS DANIEL GUEZ AND GLOBAL MED GROUP, LLC'S MOTION TO VACATE AND SET ASIDE AMENDED JUDGMENT**

Court will ignore Mr. Bowse's significant involvement in this action and the Global Med Action.

### 3. Practical Ability of the Litigant to Learn Earlier of the Grounds Relied Upon.

Judgment Debtors have also failed to establish that they did not have the practical ability to learn earlier the grounds that they are relying on.  As previously explained, they received repeated notice of the Amended Judgment and the enforcement proceedings, and if they had wanted more information about what was happening in the present action, it would have been very easy for them to ask their attorney Mr. Bowse.

### 4. Prejudice to Other Parties.

New High will suffer severe prejudice if the Court vacates the Amended Judgment.  Over the past more than sixteen months, New High has incurred at least $60,887.50 in reasonable attorneys' fees and at least $25,757.46 in reasonable costs trying to enforce the Amended Judgment.  (Hilton Decl. ¶¶ 2-10; Declaration of Robert D. Hunt at ¶¶ 2-4.)  For example, this Court has already found that "Plaintiff/Judgment Creditor New High Limited has gone to great lengths to conduct a Judgment Debtor Examination of Daniel Guez."  (Dkt. No. 120 at 1 (citing Dkt. Nos. 79, 81, 83, 87, 90, 95, 100, 104, 109, and 111).)  For example and without limitation, in an effort to serve orders for examination and post-judgment discovery on Guez, counsel for New High has engaged several private investigators and registered process servers.  (Dkt. No. 122-1 at ¶ 3; Declaration of Derrick Taylor ("Taylor Decl.") at ¶¶ 2-3.)  In addition, in order to take the examination of Amy Guez, New High was forced to incur significant attorneys' fees and costs responding to a motion to vacate the order for her examination, attending multiple hearings, and taking the examination.  (Dkt. Nos. 116, 120, 124.)

In addition, on March 31, 2026, New High filed a related lawsuit against Guez and other parties, entitled *New High Limited v. Daniel Guez, et al.*, Case No.

11

**OPPOSITION TO JUDGMENT DEBTORS DANIEL GUEZ AND GLOBAL MED GROUP, LLC'S MOTION TO VACATE AND SET ASIDE AMENDED JUDGMENT**

2:26-cv-03432-CAS-PVC ("Fraudulent Transfer Action").[4]  In fact, New High is informed and believes that the reason that Guez filed the present Motion was so that he could try to establish that this Court lacks subject matter jurisdiction in the Fraudulent Transfer Action, as Guez's new counsel at Frost LLP filed a motion to dismiss making that exact argument in the Fraudulent Transfer Action prior to filing the Motion in the present action.  (*See* Fraudulent Transfer Action Dkt. No. 19 at 5-8.)[5]

It should be noted that even in cases where a court finds that the motion to vacate was timely, courts should deny the motion to vacate if the defendant made a deliberate choice not to appeal the judgment.  *Plotkin*, 688 F.2d at 1293 (citing *Ackermann v. United States*, 340 U.S. 193, 198, 95 L. Ed. 207, 71 S. Ct. 209 (1950)).  "Allowing motions to vacate pursuant to Rule 60(b) after a deliberate choice has been made not to appeal, would allow litigants to circumvent the appeals process and would undermine greatly the policies supporting finality of judgments." *Id.*  "Litigants unsuccessful at trial could forego available appeals and, should subsequent decisions in other cases render their positions viable, they could move to have adverse judgments vacated." *Id.*  "The uncertainty resulting from such a rule would be unacceptable." *Id.*  Here, as explained in the next section, Guez was controlling the litigation for all of the Judgment Debtors, and he and his attorney Mr. Bowse made a deliberate decision not to appeal the Amended Judgment.

---

[4] Pursuant to Fed. R. Evid. 201, New High hereby requests that the Court take judicial notice of the filings in the Fraudulent Transfer Action that are cited in this Opposition brief, especially because it is a related case before the same judge in the same Court and because Guez is a party in that action.

[5] Note that after Guez filed his Motion to Dismiss in the Fraudulent Transfer Action, New High filed an Amended Complaint in that action, clarifying that this Court has subject matter jurisdiction regardless of the Amended Judgment.  (Fraudulent Transfer Action Dkt. No. 22.)  New High reserves the right to argue in the Fraudulent Transfer Action that regardless of whether or not this Court vacates the Amended Judgment in the present action, New High has the right to pursue its claims in the Fraudulent Transfer Action.

12

**OPPOSITION TO JUDGMENT DEBTORS DANIEL GUEZ AND GLOBAL MED GROUP, LLC'S MOTION TO VACATE AND SET ASIDE AMENDED JUDGMENT**

**B.**    **Judgment Debtors' Jurisdictional and Due Process Arguments Lack Merit.**

Even if for some reason this Court concludes that Judgment Debtors filed their Motion within a reasonable amount of time, which they did not, their jurisdictional and due process arguments lack merit.  Rule 60(b)(4) only applies "in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard."  *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 271, 130 S. Ct. 1367, 176 L. Ed. 2d 158 (2010) (citations omitted).  First, "[f]ederal courts considering Rule 60(b)(4) motions that assert a judgment is void because of a jurisdictional defect generally have reserved relief only for the exceptional case in which the court that rendered judgment lacked even an 'arguable basis' for jurisdiction."  *Id.* (citation omitted).  Second, "[d]ue process requires notice 'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'"  *Id.* at 272 (citation omitted).  Even in cases where there is a failure to comply with statutory or procedural service requirements, such failure does not constitute a denial of due process for purposes of Rule 60(b)(4) if the party seeking relief received notice of the proceedings and had an opportunity to present their objections.  *Id.*; *see also Jones v. Flowers*, 547 U.S. 220, 225, 126 S. Ct. 1708, 164 L. Ed. 2d 415 (2006) ("[D]ue process does not require actual notice….").

**1.**    **Guez Has Controlled the Litigation for All Judgment Debtors From the Outset.**

Amending a judgment to add an alter ego judgment debtor requires a showing that the proposed judgment debtor "controlled the litigation, thereby having had the opportunity to litigate, in order to satisfy due process concerns."  *Perfect 10, Inc. v. Giganews, Inc.*, 2015 U.S. Dist. LEXIS 184784, at *3 (C.D. Cal. June 3, 2015); *Innovation Ventures, LLC v. N2G Distrib.*, 2014 U.S. Dist. LEXIS 184739, at *16

13

**OPPOSITION TO JUDGMENT DEBTORS DANIEL GUEZ AND GLOBAL MED GROUP, LLC'S MOTION TO VACATE AND SET ASIDE AMENDED JUDGMENT**

(C.D. Cal. Feb. 18, 2014) ("Control of the litigation sufficient to overcome due process objections may consist of a combination of factors, usually including the financing of the litigation, the hiring of attorneys, and control over the course of the litigation."); *Jack Farenbaugh & Son v. Belmont Constr., Inc.*, 194 Cal. App. 3d 1023, 1031 (1987); *Carolina Cas. Ins. Co. v. L.M. Ross Law Group, LLP*, 212 Cal. App. 4th 1181, 1192-93 (2012).

Guez hired Bowse to represent all of the Judgment Debtors in the present action and the Global Med Action, and Guez has had control over the course of the litigation from the outset, as evidenced by the following:

- Global Merch Nevada was the original Defendant and Judgment Debtor in the present action. Its sole Manager was and is Delfern. (Dkt. No. 58-37.)  Guez was and is Delfern's sole Manager and Member.  (Dkt. No. 58-39; Hilton Decl. Exh. 22 [Delfern Am. Resp. to Interrogatory No. 1 and Verification in Global Med Action].)  In other words, Guez is the ultimate decision-maker for the original Defendant and Judgment Debtor in the present action.

- Global Med has had two managers during the relevant time, namely Guez and Delfern.  (Hilton Decl. Exh. 23, Global Med Am. Resp. to Interrogatory No. 2 and Verification.)  And as noted above, Guez is the sole Manager of Delfern.  (*See also* Hilton Decl. Exh. 24, Guez Am. Resp. to Interrogatory No. 2.)  Thus, Guez has been the ultimate decision-maker for Global Med.  In fact, based on the California Secretary of State's records, Guez is the "CEO" of Global Med.  (Dkt. No. 66-6.)

- Mapleton's sole manager is Delfern.  (Hilton Decl. Exh. 25, Mapleton Am. Resp. to Interrogatory No. 2 & Verification.)  And as noted above, Guez is the sole manager of Delfern.  Thus, Guez has been the ultimate decision-maker for Mapleton.  In fact, based on the Nevada Secretary of State's records, Guez is the "Managing Member" for Mapleton.  (Dkt. No. 66-6.)

14

**OPPOSITION TO JUDGMENT DEBTORS DANIEL GUEZ AND GLOBAL MED GROUP, LLC'S MOTION TO VACATE AND SET ASIDE AMENDED JUDGMENT**

- Guez is the manager and self-described "CEO" of both Global Merch Nevada and Global Med.  (Dkt. Nos. 58-10 through 58-12.)  In fact, Guez has submitted a declaration declaring that he is the "President and CEO" of Global Med.  (Global Med Action Dkt. No. 116-2.)

- Guez admits that he is the one who authorized the Motion to Quash filed by Global Med in the present action (*i.e.*, Dkt. No. 31).  (Hilton Decl. Exhs. 26-27, Guez's Am. Resp. to RFA No. 5.)

- In the Global Med Action, Guez is the only person (besides Mr. Bowse) who has filed a declaration.  (Global Med Action Dkt. Nos. 56, 116-2.)

Thus, it is clear that Guez has been controlling the litigation in the present action and the Global Med Action, and the assertion by Judgment Debtors that they are "strangers" to this litigation is laughable.

**2.      It Is Beyond Dispute that Judgment Debtors Received Notice of Plaintiff's Original Motion to Amend Judgment.**

On September 13, 2023, New High filed and served its original Motion to Amend Judgment to add Global Med and Guez as additional judgment debtors because Global Merch Nevada, Global Med, and Guez are alter egos of one another, with Daniel owning and controlling all of those entities.  (Dkt. No. 58.)  Global Merch Nevada, Global Med, and Guez each had notice of and an opportunity to respond to the original Motion to Amend Judgment, which among other things was served electronically through the Court's electronic CM/ECF system on all parties who have appeared in the action through Mr. Bowse, including Global Merch Nevada and Global Med (and by extension Guez) by service on Mr. Bowse.  (*Id.*)  In fact, on October 1, 2023, Michael Bowse filed a response to New High's original Motion to Amend Judgment, making arguments on behalf of all of the proposed judgment debtors.  (Dkt. No. 59.)

The Court declined to rule on the original Motion to Amend Judgment because the Ninth Circuit appeal was still pending.  But the Court gave New High

15

**OPPOSITION TO JUDGMENT DEBTORS DANIEL GUEZ AND GLOBAL MED GROUP, LLC'S MOTION TO VACATE AND SET ASIDE AMENDED JUDGMENT**

leave to file a renewed motion after the appeal had been decided. (Dkt. No. 62.) On August 14, 2024, the Ninth Circuit affirmed the Original Judgment. (Dkt. No. 64.)

It should also be noted that in the Global Med Action on February 1, 2024, New High specifically stated, "New High filed a motion to amend the judgment to add Global Med Group, LLC and Mr. Guez to the judgment, but due to a pending appeal the Court declined to rule." (Global Med Action Dkt. No. 117 at 3-4 (citing Dkt. No. 62 in the present action).) Global Med and Guez were parties to the Global Med Action at that time.

### 3. Judgment Debtors Received Notice of the Renewed Motion to Amend Via the Other Judgment Debtors and Their Shared Attorney Michael Bowse.

It is important to point out at the outset that two of the judgment debtors did not file a motion to vacate the Amended Judgment, namely Global Merch Nevada and Mapleton. As a result, it is undisputed that Global Merch Nevada and Mapleton had notice and an opportunity to respond to the Renewed Motion to Amend, and it is undisputed that the Amended Judgment is binding on Global Merch Nevada and Mapleton. Given that Guez controlled both Global Merch Nevada and Mapleton, the notice and opportunity provided to them should be imputed to Guez and Global Med.

Judgment Debtors Guez and Global Med received actual notice and also constructive notice of the Renewed Motion to Amend on several dates, including but not limited to the following:

- Before filing the Renewed Motion to Amend, counsel for New High sent Mr. Bowse at least two emails requesting a conference of counsel. (Dkt. No. 66-2 ¶¶ 2-3 & Exhs. 1-2.)

- On November 5, 2024, New High filed the Renewed Motion to Amend, which among other things was served electronically through the Court's electronic CM/ECF system on all parties who have appeared in the action through Mr. Bowse,

16

including Global Merch Nevada and Global Med (and by extension Guez), by service on Mr. Bowse, who was also representing Guez and Global Med in the Global Med Action.  (Dkt. No. 66; Hilton Decl. Exh. 28.)

- As previously explained, Guez and Delfern are the managers for Global Merch Nevada, Global Med, and Mapleton.  This fact is also significant because Mr. Bowse is listed as Delfern's registered agent for service of process, and the mailing address for Delfern is listed as Mr. Bowse's office.  (Dkt. No. 58-39.) Thus, any documents that were served on Mr. Bowse provided notice to Delfern (and Guez) as the manager of Global Merch Nevada, Global Med, and Mapleton.

- On November 11, 2024, the Renewed Motion to Amend was served on Mapleton's registered agent in Nevada.  (Dkt. No. 67.)

- On November 26, 2024, New High's counsel contacted Mr. Bowse regarding an ex parte application to continue the hearing on the Renewed Motion to Amend, and Michael Bowse responded, "I don't have any objection to moving the hearing date on your motion to January 6.  You can indicate that the application is unopposed."  (Dkt. No. 69-2 ¶ 7 & Exh. D.)

- On November 27, 2024, the Court granted the ex parte application and continued the hearing to January 6, 2024 at 10 a.m. via Zoom, which Order was served electronically through the Court's electronic CM/ECF system on all parties who have appeared in the action through Mr. Bowse, including Global Merch Nevada and Global Med (and by extension Guez), by service on Mr. Bowse.  (Dkt. No. 70; Hilton Decl. Exh. 29.)

- On December 5, 2024, the Order granting the Ex Parte was served on Mapleton's registered agent in Nevada.  (Dkt. No. 73.)

- On December 6, 2024, the Renewed Motion to Amend and Order Granting the Ex Parte were served on Guez and Global Med via substitute service. (Dkt. Nos. 71-72.)

17

**OPPOSITION TO JUDGMENT DEBTORS DANIEL GUEZ AND GLOBAL MED GROUP, LLC'S MOTION TO VACATE AND SET ASIDE AMENDED JUDGMENT**

- On January 6, 2025, the Courtroom Deputy Clerk for this Court emailed Mr. Bowse and said, "[a]ttached hereto is the Court's Tentative on the Renewed Motion to Amend Judgment to Add Global Med Group, LLC Mapleton Capital, LLC and Daniel Guez as Judgment Debtors [66] for your review prior to the Zoom hearing this morning, January 6, 2025, at 10:00 a.m." (Hilton Decl. Exh. 30.)  The hearing took place that same day, but Judgment Debtors chose not to attend.

- On January 8, 2025, the Court entered a minute order regarding the hearing held on the Renewed Motion to Amend, which order was served electronically through the Court's electronic CM/ECF system on all parties who have appeared in the action through Mr. Bowse, including Global Merch Nevada and Global Med (and by extension Guez), by service on Mr. Bowse.  (Dkt. No. 75; Hilton Decl. Exh. 31.)

As such, all judgment debtors (including Guez and Global Med) had notice of the Renewed Motion to Amend, and all judgment debtors (including Guez and Global Med) had an opportunity to respond to it and attend the hearing.  As just explained, Mr. Bowse was clearly aware of the hearing date and time, so the only logical conclusion is that Judgment Debtors made a deliberate decision not to attend the hearing and not to oppose the Renewed Motion.

Because Guez and Global Med were already being represented by Mr. Bowse, serving Mr. Bowse was sufficient.  Fed. R. Civ. P. 5(b)(1) ("If a party is represented by an attorney, service under this rule must be made on the attorney unless the court orders service on the party.").  Similarly, according to the California Rules of Professional Conduct, because Guez and Global Med were already being represented by Mr. Bowse and because Guez was/is a manager/officer of Global Merch Nevada, Global Med, and Mapleton, counsel for New High could not

18

**OPPOSITION TO JUDGMENT DEBTORS DANIEL GUEZ AND GLOBAL MED GROUP, LLC'S MOTION TO VACATE AND SET ASIDE AMENDED JUDGMENT**

communicate with Guez without going through Mr. Bowse. Cal. R. Prof. Conduct 4.2.[6]

### 4. This Court Has Already Concluded that Judgment Debtors Had Notice and An Opportunity to Be Heard.

When New High filed its original Motion to Amend the Judgment to add Guez and Global Med as judgment debtors, Mr. Bowse made similar arguments regarding their due process rights. (Dkt. No. 59 at 2.) In response, this Court explained that Guez, Global Med, and their counsel cannot pretend that they were unaware of the filings in this case because Guez has been controlling it from the beginning:

> It appears to the Court that the due process concerns regarding adding a judgment debtor when the judgment was entered by default do not apply here. Guez is the CEO of both GMG and Global Med and is the co-owner of Mapleton. As CEO of GMG, he has been a party to the litigation since the action commenced. As such, Guez, Global Med, and Mapleton have had the opportunity to present a defense, and their interests have been represented throughout the action by their shared attorney. Furthermore, Guez, Global Med, and Mapleton had an opportunity to be heard on this matter at the hearing on January 6, 2025, but no appearance was made.

/ / /

/ / /

---

[6] (a)   In representing a client, a lawyer shall not communicate directly or indirectly about the subject of the representation with a person the lawyer knows to be represented by another lawyer in the matter, unless the lawyer has the consent of the other lawyer.
(b)     In the case of a represented corporation, partnership, association, or other private or governmental organization, this rule prohibits communications with:
(1)     A current officer, director, partner, or managing agent of the organization; or
(2)     A current employee, member, agent, or other constituent of the organization, if the subject of the communication is any act or omission of such person in connection with the matter which may be binding upon or imputed to the organization for purposes of civil or criminal liability.

19

**OPPOSITION TO JUDGMENT DEBTORS DANIEL GUEZ AND GLOBAL MED GROUP, LLC'S MOTION TO VACATE AND SET ASIDE AMENDED JUDGMENT**

Accordingly, the Court finds that adding Guez, Global Med, and Mapleton to the judgment would not offend due process.

(Dkt. No. 75 at 9.)

### 5.    Judgment Debtors Also Received Notice of the Renewed Motion to Amend Via Substitute Service.

As mentioned *supra*, in addition to providing notice via several other methods, New High also served the Renewed Motion on Judgment Debtors via substitute service. *See* Cal. Civ. Proc. Code § 415.20(b); *see also* Fed. R. Civ. P. 5(b)(2)(C) (permitting service of a document by "mailing it to the person's last known address").

New High and its private investigators and process servers attempted service at several addresses, including (1) the address for Global Med's registered agent in Texas, (2) the address for Global Med's registered agent in California, and (3) the address on Guez's driver's license, namely 351 18th Street, Santa Monica, California, which is the address Guez now alleges he resided. (Dkt. No. 69-2 ¶¶ 3-5 & Exhs. A-C; *see* Dkt. No. 129-1 ¶ 7.) But those addresses were no longer being used and/or Judgment Debtors repeatedly evaded service. However, after making several attempts at the Ayrshire Road Address, on December 6, 2024, the Renewed Motion and supporting documents were served on Judgment Debtors via substitute service by leaving them with Amy Guez at the Ayrshire Road Address and thereafter mailing them to that address. (Taylor Decl. ¶¶ 6-9; Dkt. Nos. 71-72.)

Now, Guez is alleging that he has never used the Ayrshire Road Address as one of his addresses. However, New High engaged private investigators who identified the Ayrshire Road Address as one of his addresses. (Dkt. Nos. 122-1, 122-2.) In fact, the private investigators identified a black Audi that was registered to Guez that was parked at the Ayrshire Road Address. (*Id.* at ¶ 4 & Exh. 1; Taylor Decl. ¶ 5 & Exhs. 1-2.) Moreover, as previously explained, Guez has now

20

OPPOSITION TO JUDGMENT DEBTORS DANIEL GUEZ AND GLOBAL MED GROUP, LLC'S MOTION TO VACATE AND SET ASIDE AMENDED JUDGMENT

unintentionally admitted that he receives notice at the Ayrshire Road Address. (Dkt. 129-1 ¶ 8; *see* Dkt. Nos. 110-112.)

Judgment Debtors have failed to provide corroborating evidence regarding Guez's relevant addresses in December 2024. In fact, all that they have provided is a self-serving declaration from Guez and Guez's driver's license issued March 26, 2024. (Dkt. No. 129-1 & Exh. A.) They have not provided any supporting evidence showing Guez's addresses in December 2024 (e.g., utility bills, etc.).

Even in cases where the defendant has not been controlling the litigation (here Guez has been controlling the litigation), a party moving to vacate a judgment based on improper service "bears the burden of proving that service did not occur." *SEC v. Internet Solutions for Bus., Inc.*, 509 F.3d 1161, 1163 (9th Cir. 2007). Moreover, "a signed return of service constitutes prima facie evidence of valid service which can be overcome only by strong and convincing evidence." *Id.* Here, the evidence provided by Judgment Debtors is neither strong nor convincing.

### 6.    New High Requests the Opportunity to Take Discovery.

To the extent that there was or is a dispute about jurisdiction or due process, a court has the discretion to allow the parties to take discovery. *See, e.g.*, *Data Disc, Inc. v. Systems Tech. Assocs., Inc.*, 557 F.2d 1280, 1285 n.1 (9th Cir. 1977).

If the Court decides to consider Guez's self-serving Declaration, New High requests the right to take discovery regarding Guez's allegations. For example and without limitation, New High requests permission to serve written discovery requests on Guez and take Guez's deposition regarding the issues he raised in his Declaration. In addition, if Judgment Debtors are really going to take the position that Mr. Bowse did not communicate with them about the present action or send them any of the filings in the present action, they have waived the attorney-client privilege with respect to those issues. New High requests permission to serve discovery on Judgment Debtors and also Mr. Bowse and to take their depositions regarding those issues. Mr. Bowse had an ethical duty to Judgment Debtors to keep

21

**OPPOSITION TO JUDGMENT DEBTORS DANIEL GUEZ AND GLOBAL MED GROUP, LLC'S MOTION TO VACATE AND SET ASIDE AMENDED JUDGMENT**

them informed about the filings in this action and to send them copies of any significant filings.  Cal. R. Prof. Conduct 1.4(a)(3).

## IV.    <u>CONCLUSION</u>

For the foregoing reasons, New High respectfully requests that the Court deny the Motion to Vacate.

Dated:  June 8, 2026                                     **ONE LLP**


By: /s/ Lawrence J. Hilton
   Lawrence J. Hilton
   Robert D. Hunt
   Attorneys for Plaintiff and Judgment
   Creditor New High Limited

## <u>CERTIFICATE OF COMPLIANCE (L.R. 11-6.2)</u>

The undersigned, counsel of record for Plaintiff/Judgment Creditor New High Limited, hereby certifies that this brief contains 6,998 words, which complies with the word limit of L.R. 11-6.1.


Dated:  June 8, 2026                         By: /s/ Lawrence J. Hilton
           Lawrence J. Hilton

22

**OPPOSITION TO JUDGMENT DEBTORS DANIEL GUEZ AND GLOBAL MED GROUP, LLC'S MOTION TO VACATE AND SET ASIDE AMENDED JUDGMENT**