LAWRENCE J. HILTON (Bar No. 156524)
Email: lhilton@onellp.com
ROBERT D. HUNT (Bar No. 247802)
Email: rhunt@onellp.com
**ONE LLP**
23 Corporate Plaza, Suite 150-105
Newport Beach, CA 92660
Telephone: (949) 502-2870
Facsimile: (949) 258-5081

Attorneys for Judgment Creditor,
NEW HIGH LIMITED

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION

| | |
|---|---|
| NEW HIGH LIMITED, a Hong Kong corporation,<br><br>Plaintiff,<br><br>v.<br><br>GLOBAL MERCH GROUP, LLC, a Nevada limited liability company,<br><br>Defendant. | Case No. 2:21-cv-09608-CAS-PVC<br>Hon. Christina A. Snyder<br><br>**DECLARATION OF LAWRENCE J. HILTON IN SUPPORT OF OPPOSITION TO JUDGMENT DEBTORS DANIEL GUEZ AND GLOBAL MED GROUP, LLC'S MOTION TO VACATE AND SET ASIDE AMENDED JUDGMENT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 60(b)(4)**<br><br>Date:    June 29, 2026<br>Time:    10:00 a.m.<br>Crtrm:  8D |

**DECLARATION OF LAWRENCE J. HILTON IN SUPPORT OF OPPOSITION TO MOTION TO VACATE AND SET ASIDE AMENDED JUDGMENT**

I, Lawrence J. Hilton, declare as follows:

1.      I am an attorney duly licensed to practice before this Court. I am a partner of One LLP, and counsel of record for Plaintiff and Judgment Creditor New High Limited ("New High") in this action. I have personal knowledge of the facts stated herein, and if called upon to testify, could and would testify competently thereto.

2.      As set forth herein, New High will suffer severe prejudice if the Court vacates the Amended Judgment, which was entered on January 10, 2025 as to Judgment Debtors Global Merch Group, LLC ("Global Merch Nevada"), Global Med Group, LLC ("Global Med"), Daniel Guez ("Guez"), and Mapleton Capital, LLC ("Mapleton"). (Dkt. No. 76.)

3.      Over the past more than sixteen months since the Amended Judgment was entered, New High has incurred significant attorneys' fees and costs trying to enforce the Amended Judgment. For example and without limitation, New High has gone to great lengths to conduct a Judgment Debtor Examination of Guez. (*See, e.g.*, Dkt. Nos. 79, 81, 83, 87, 90, 95, 100, 104, 109, and 111).) In fact, in an effort to serve orders for examination and post-judgment discovery on Guez, One LLP has engaged several private investigators and registered process servers. (*See* Dkt. No. 122-1 at ¶ 3; Declaration of Derrick Taylor ("Taylor Decl."), filed concurrently herewith, at ¶¶ 2-3.) In addition, in order to take the examination of Amy Guez, New High was forced to incur significant attorneys' fees and costs responding to a motion to vacate the order for her examination, attending multiple hearings, and taking the examination. (*See* Dkt. Nos. 116, 120, 124.)

4.      Since the Amended Judgment was entered, I have billed a total of 34.2 hours in connection with post-judgment enforcement in this action. In addition, based on my time entries to date for this action for the present month of June 2026, I have spent at least 2 additional hours drafting the Opposition to Guez and Global

**DECLARATION OF LAWRENCE J. HILTON IN SUPPORT OF OPPOSITION TO MOTION TO VACATE AND SET ASIDE AMENDED JUDGMENT**

Med's Motion to Vacate and Set Aside the Amended Judgment and supporting documents.  Together, these hours total 36.2.

5.    My hourly rate for this action is $500, which is less than my typical hourly rate.  This rate is very reasonable given my experience and background, the complexity of this case, and the rates of my peers in the Los Angeles County, California market area.  I obtained my J.D. degree from the University of Texas at Austin in 1991, graduating in the Order of the Coif.  I have at least 33 years of experience as a practicing attorney, in both state and federal courts and in arbitrations.  I specialize in complex litigation matters, including but not limited to matters involving fraud claims, breach of contract claims, real property claims, and/or breach of fiduciary duty claims.  Before joining One LLP, I spent most of my career at Gibson, Dunn & Crutcher LLP, O'Melveny & Myers LLP, and O'Neil LLP.

6.    Based on my hourly billing rate of $500 in this action, my combined 36.2 hours of attorneys' fees total at least $18,100.

7.    As set forth in the concurrently filed Declaration of Robert D. Hunt, since the Amended Judgment was entered, Mr. Hunt has spent a total of 114.1 hours in connection with post-judgment enforcement in this action.

8.    Based on Mr. Hunt's hourly billing rate of $375 in this action, his combined 114.1 hours of attorneys' fees total at least $42,787.50.

9.    Thus in total, New High has incurred at least $60,887.50 in reasonable attorneys' fees in connection with enforcing the Amended Judgment and responding to the Judgment Debtors' Motion to Vacate the same.

10.    Since the Amended Judgment was entered, New High has also incurred other expenses and costs in the amount of at least $25,757.46 in connection with enforcement of the judgment.

/ / /

/ / /

3

**DECLARATION OF LAWRENCE J. HILTON IN SUPPORT OF OPPOSITION TO MOTION TO VACATE AND SET ASIDE AMENDED JUDGMENT**

11.     On January 10, 2025, this Court issued the Amended Judgment, and it was served electronically through the Court's electronic CM/ECF system on Michael Bowse and his clients.  (Dkt. No. 76.)  Attached hereto as Exhibit 1 is a true and correct copy of the Notice of Electronic Filing showing electronic service on Mr. Bowse.

12.     On January 22 and January 28, 2025, this Court issued the Abstracts of Judgment against Global Med and Guez, and they were served electronically through the Court's electronic CM/ECF system on Mr. Bowse and his clients.  (Dkt. Nos. 77-78.)  Attached hereto as Exhibits 2 and 3 are true and correct copies of the Notices of Electronic Filing showing electronic service on Mr. Bowse.

13.     On January 23, 2025, New High propounded post-judgment discovery on Guez, which was served on him via email to his attorney Mr. Bowse and also via personal drop service.  Attached hereto as Exhibit 4 is a true and correct copy of New High's First Set of Post-Judgment Requests for Production of Documents to Guez.  Attached hereto as Exhibit 5 is a true and correct copy of New High's First Set of Post-Judgment Interrogatories to Guez.  Attached hereto as Exhibit 6 is a true and correct copy of a Proof of Service from Nationwide Legal LLC.

14.     On January 23, 2025, New High propounded post-judgment discovery on Global Med, which was served on Global Med via email to its attorney Mr. Bowse and also via personal drop service.  Attached hereto as Exhibit 7 is a true and correct copy of New High's First Set of Post-Judgment Requests for Production of Documents to Global Med.  Attached hereto as Exhibit 8 is a true and correct copy of New High's First Set of Post-Judgment Interrogatories to Global Med.  Attached hereto as Exhibit 9 is a true and correct copy of a Proof of Service from Nationwide Legal LLC.

15.     New High has filed several applications for an order for the examination ("App. for JDE") of judgment debtor Guez, and the Court has issued orders for each of those. (Dkt. Nos. 79, 81, 83, 87, 90, 96, 97, 100, 104, 109.)  All

4

**DECLARATION OF LAWRENCE J. HILTON IN SUPPORT OF OPPOSITION TO MOTION TO VACATE AND SET ASIDE AMENDED JUDGMENT**

the Apps for JDE and the orders were served electronically through the Court's electronic CM/ECF system on Mr. Bowse and his clients.  Attached hereto as Exhibits 10 through 19 are true and correct copies of the Notices of Electronic Filing showing electronic service on Mr. Bowse.

16.     On July 14, 2025, New High filed an ex parte application for leave to serve Guez with any order for judgment debtor examination via substitute service at any of his addresses, specifically identifying 11401 Ayrshire Rd., Los Angeles, CA 90049 ("Ayrshire Road Address").  (Dkt. No. 89.)  Before filing the application, New High's counsel notified Guez and his counsel Mr. Bowse of the substance, but Guez did not oppose.  (Dkt. Nos. 89-5 at ¶¶ 6-7; 89-6, 89-7.)  On July 21, 2025, this Court granted the application.  (Dkt. No. 95.)[1]  Each of these filings was served electronically through the Court's electronic CM/ECF system on Mr. Bowse and his clients.  Attached hereto as Exhibits 20 and 21 are true and correct copies of the Notices of Electronic Filing showing electronic service on Mr. Bowse.

17.     Attached hereto as Exhibit 22 is a true and correct copy of Delfern Holdings, LLC's Amended Responses to Interrogatories - Set One in the related action titled *Global Med Group, LLC v. New High Ltd.*, Case No. 2:22-cv-06031-CAS-PVC ("Global Med Action").

18.     Attached hereto as Exhibit 23 is a true and correct copy of Global Med's Amended Responses to Interrogatories - Set One in the related Global Med Action.

/ / /

/ / /

/ / /

---

[1] Although the Court subsequently vacated that order (because under California law, an order for debtor examination must be served via personal service), the Court did not address the question of whether the Ayrshire Road Address was/is one of Guez's addresses.  (Dkt. No. 123 at 2 n.2.)

**DECLARATION OF LAWRENCE J. HILTON IN SUPPORT OF OPPOSITION TO MOTION TO VACATE AND SET ASIDE AMENDED JUDGMENT**

19. Attached hereto as Exhibit 24 is a true and correct copy of Guez's Amended Responses to Interrogatories - Set One in the related Global Med Action.

20. Attached hereto as Exhibit 25 is a true and correct copy of Mapleton's Amended Responses to Interrogatories - Set One in the related Global Med Action.

21. Attached hereto as Exhibit 26 is a true and correct copy of New High's First Set of Requests for Admission to Guez in the related Global Med Action.

22. Attached hereto as Exhibit 27 is a true and correct copy of Guez's Amended Responses to Requests for Admission - Set One in the related Global Med Action.

23. On November 5, 2024, New High filed the Renewed Motion to Amend, which among other things was served electronically through the Court's electronic CM/ECF system on Mr. Bowse and his clients. (Dkt. No. 66.) Attached hereto as Exhibit 28 is a true and correct copy of the Notice of Electronic Filing showing electronic service on Mr. Bowse.

24. On November 27, 2024, the Court granted the ex parte application and continued the hearing to January 6, 2024 at 10 a.m. via Zoom, which Order was served electronically through the Court's electronic CM/ECF system on Mr. Bowse and his clients. (Dkt. No. 70.) Attached hereto as Exhibit 29 is a true and correct copy of the Notice of Electronic Filing showing electronic service on Mr. Bowse.

25. Attached hereto as Exhibit 30 is a true and correct copy of an email from the Courtroom Deputy Clerk for this Court to all counsel, including me and Mr. Bowse.

26. On January 8, 2025, the Court entered a minute order regarding the hearing held on the Renewed Motion to Amend, which order was served electronically through the Court's electronic CM/ECF system on Mr. Bowse and his

///

///

///

6

**DECLARATION OF LAWRENCE J. HILTON IN SUPPORT OF OPPOSITION TO MOTION TO VACATE AND SET ASIDE AMENDED JUDGMENT**

clients.  (Dkt. No. 75.)  Attached hereto as Exhibit 31 is a true and correct copy of the Notice of Electronic Filing showing electronic service on Mr. Bowse.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 8th day of June, 2026, at Lisbon, Portugal.

/s/ Lawrence J. Hilton
Lawrence J. Hilton

7

**DECLARATION OF LAWRENCE J. HILTON IN SUPPORT OF OPPOSITION TO MOTION TO VACATE AND SET ASIDE AMENDED JUDGMENT**