# EXHIBIT 22

Michael A. Bowse (SBN189659)
mbowse@bowselawgroup.com
BOWSE LAW GROUP, APC
811 Wilshire Blvd., 17th Floor
Los Angeles, CA 90017
Phone: (213) 344-4700
Fax: (213) 344-4700

Attorney for Plaintiff and Cross-Defendants Global Med Group, LLC, and for Cross-Defendant Daniel Guez, Andreana Bosilcic, Delfern Holdings, LLC, and Mapleton Capital, LLC

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLOBAL MED GROUP, LLC, a Texas limited liability company, | Case No.: 2:22-cv-06031-DMG-PVC |
| Plaintiff, | |
| vs. | **COUNTER-DEFENDANT DELFERN HOLDINGS, LLC'S AMENDED RESPONSE TO INTERROGATORIES – SET ONE** |
| NEW HIGH LTD., a Hong Kong Corporation, | **JURY TRIAL DEMANDED** |
| Defendant. | |
| NEW HIGH LIMITED, a Hong Kong Corporation, | |
| Counterclaimant, | |
| vs. | |
| GLOBAL MED GROUP, LLC, a Texas limited liability company; DANIEL GUEZ, an individual; ANDREANA BOSILCIC, an individual; DELFERN HOLDINGS, LLC, a California limited liability company, and MAPLETON CAPITAL, LLC; | |
| Counter-Defendants. | |

AMENDED RESPONSES TO INTERROGATORIES

1

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Cross-Defendant Delfern Holdings ("Responding Party"), by and through its attorneys, makes these amended responses to Cross-Complainant New High Limited's First Set of Interrogatories (the "Interrogatories") as follows:

## I.   PRELIMINARY STATEMENT

The following Responses are made solely for the purpose of this action. Each Response is subject to all appropriate objections which would require the exclusion of any statement contained herein, if the interrogatory were asked of, or if the answer were made by, a witness present and testifying in Court. All such objections and grounds are reserved and may be interposed at the time of trial.

Responding Party has not yet completed its investigation of the facts related to this action, has not yet completed discovery in this action, and has not yet completed preparation for trial. Consequently, the following Responses are given without prejudice to the right to produce at trial any and all subsequently discovered evidence relating to the proof of presently known material facts, and to produce all evidence, whenever discovered, relating to the proof of subsequently discovered material facts.

Except for explicit facts submitted herein, no admission of any nature whatsoever are implied or should be inferred. The fact that any demand herein has been answered should not be taken as an admission or acceptance of the existence of any fact or facts set forth or assumed by any demand, or that such answer constitutes admissible evidence. This Preliminary Statement is, by this reference, incorporated into each and every of the following Responses to Interrogatories, Set One.

## II.   GENERAL OBJECTIONS

1.   Responding Party objects to each Interrogatory to the extent that it seeks documents, information or communications that are protected by the attorney-client privilege and/or the work-product doctrine and/or the common interest doctrine or any constitutional, statutory, or common law privilege or doctrine including, but not limited to, the protections afforded by the United States Constitution and the California State

AMENDED RESPONSES TO INTERROGATORIES                                         2

Constitution. The inadvertent production of such information shall neither constitute a waiver of any privilege nor a waiver of any rights Responding Party may have to object to the use of any of these responses at pretrial proceedings or at trial.

2. Responding Party objects to each Interrogatory to the extent that it seeks protected trade secrets, proprietary information, or information which Responding Party has an obligation to keep confidential.

3. Responding Party objects to each Interrogatory to the extent that the information requested is not relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence.

4. Responding Party objects to each Interrogatory to the extent that it calls for disclosure of an expert opinion.

5. Responding Party objects to each Interrogatory to the extent it constitutes an unwarranted intrusion, invasion, or infringement of the right of privacy of any person under the federal or state Constitutions or any other applicable federal or state law, including persons not parties to this litigation.

6. Each of the above general objections applies to each Interrogatory and is incorporated by this reference into each of Responding Party's responses as though set forth in full.

## III.    RESPONSES TO INTERROGATORIES

**INTERROGATORY NO. 1:**

Identify the name, address, and email address for each PERSON who served as one of YOUR MEMBERS at any time from October 28, 2020 to the present.

**ANSWER:**

Responding Party incorporates the Preliminary Statement and each of the General Objections set forth in Parts I and II, above. Responding Party objects to this Interrogatory on the ground that it seeks information on a topic that is not relevant to any actual and legitimate dispute in this action. Responding Party further objects to this Interrogatory on the ground that its use of the term "MEMBER" by defining it with reference to a statute

---

AMENDED RESPONSES TO INTERROGATORIES                                                         3

that itself contains no definition of the term renders the Interrogatory vague, uncertain and confusing.

Subject to and without waiving the foregoing general and specific objections, Responding Party answers as follows:

Daniel Guez, who may be contacted through counsel.

**INTERROGATORY NO. 2:**

State the dates during which YOU were a MANAGER (the meaning as defined in Tex. Bus. Orgs. Code § 101.302) of GLOBAL MED.

**ANSWER:**

Responding Party incorporates the Preliminary Statement and each of the General Objections set forth in Parts I and II, above. Responding Party objects to this Interrogatory on the ground that it seeks information on a topic that is not relevant to any actual and legitimate dispute in this action. Responding Party further objects to this Interrogatory on the ground that its use of the term "MANAGER" by defining it with reference to a statute that itself contains no definition of the term renders the Interrogatory vague, uncertain and confusing.

Subject to and without waiving the foregoing general and specific objections, Responding Party answers as follows:

October 31, 2020 or November 4, 2020 to the present.

**INTERROGATORY NO. 3:**

State the reasons why YOU chose the name "Global Merch Group, LLC" for the Nevada limited liability company.

**ANSWER:**

Responding Party incorporates the Preliminary Statement and each of the General Objections set forth in Parts I and II, above. Responding Party objects to this Interrogatory on the ground that it seeks information on a topic that is not relevant to any actual and legitimate dispute in this action. Responding Party further objects to this Interrogatory on

AMENDED RESPONSES TO INTERROGATORIES                                    4

the grounds that it assumes predicate facts that are not established by the record, including that Responding Party chose the name "Global Merch Group, LLC."

Subject to and without waiving the foregoing general and specific objections, Responding Party answers as follows:

Responding Party did not choose the name "Global Merch Group, LLC" for the Nevada limited liability company.

**INTERROGATORY NO. 4:**

Identify the name, address and email address of each PERSON who participated in the decision to form GLOBAL MERCH NEVADA.

**ANSWER:**

Responding Party incorporates the Preliminary Statement and each of the General Objections set forth in Parts I and II, above. Responding Party objects to this Interrogatory on the ground that it seeks information regarding a topic that is not relevant to any actual and legitimate dispute in this action. Responding Party further objects to this Interrogatory on the grounds that it is vague and ambiguous insofar as it fails to specify its intended scope with specificity, including what constitutes "participation" in this context, such as whether that term is intended to include persons who were present and/or provided input or whether it is intended to limit the scope of the Interrogatory to persons who had decision-making authority.

Subject to and without waiving the foregoing general and specific objections, Responding Party answers as follows:

Michael A. Bowse
BOWSE LAW GROUP, APC
811 Wilshire Blvd., 17th Fl.
Los Angeles, CA 90017
(213) 344-4700
mbowse@bowselawgroup.com

---

AMENDED RESPONSES TO INTERROGATORIES                                    5

**INTERROGATORY NO. 5:**

Identify the name, address and email address of each PERSON who participated in the decision to use the name "Global Merch Group, LLC" for GLOBAL MERCH NEVADA.

**ANSWER:**

Responding Party incorporates the Preliminary Statement and each of the General Objections set forth in Parts I and II, above. Responding Party objects to this Interrogatory on the ground that it seeks information regarding a topic that is not relevant to any actual and legitimate dispute in this action. Responding Party further objects to this Interrogatory on the grounds that it is vague and ambiguous insofar as it fails to specify its intended scope with specificity, including what constitutes "participation" in this context, such as whether that term is intended to include persons who were present and/or provided input or whether it is intended to limit the scope of the Interrogatory to persons who had decision-making authority.

Subject to and without waiving the foregoing general and specific objections, Responding Party answers as follows:

Michael A. Bowse
BOWSE LAW GROUP, APC
811 Wilshire Blvd., 17th Fl.
Los Angeles, CA 90017
(213) 344-4700
mbowse@bowselawgroup.com

BOWSE LAW GROUP

Date:    July 28, 2023

/s/ Michael A. Bowse
Michael A. Bowse

Attorney for Plaintiff and Cross-Defendants Global Med Group, LLC, and for Cross-Defendant Daniel Guez, Andreana Bosilcic, Delfern Holdings, LLC, and Mapleton Capital, LLC

AMENDED RESPONSES TO INTERROGATORIES                                      6

## <u>VERIFICATION</u>

I, Daniel Guez am manager of counter-defendant Delfern Holdings, LLC. I am the agent of defendant for the purpose of answering counter-complainant New High Ltd.'s First Set of Interrogatories. I have read the foregoing interrogatories and the answers to those interrogatories, which are true according to the best of my knowledge, information, and belief. I declare under penalty of perjury that the foregoing is true and correct.

Dated Aug 1, 2023         .



Daniel Guez (Aug 1, 2023 08:39 PDT)

Daniel S. Guez

AMENDED RESPONSES TO INTERROGATORIES                                     7

## DECLARATION OF SERVICE

Michael A. Bowse, pursuant to 28 U.S.C. § 1746 hereby declares as follows:

1. I am not a party to this action, am over 18 years of age, and am employed by Bowse Law Group, APC, whose business address is 811 Wilshire Blvd., 17th Floor, Los Angeles, California.

2. I hereby certify that, on July 28, 2023, I served the foregoing **COUNTER-DEFENDANT DELFERN HOLDINGS, LLC'S AMENDED RESPONSE TO INTERROGATORIES – Set one** in the above-captioned action on the following:

| | |
|---|---|
| LAWRENCE J. HILTON<br>Email: lhilton@onellp.com<br>ALEC SCHULMAN<br>Email: aschulman@onellp.com<br>ONE LLP<br>23 Corporate Plaza, Suite 150-105<br>Newport Beach, CA 92660<br>Telephone: (949) 502-2870<br>Facsimile:   (949) 258-5081 | Counsel for Defendant/Cross-Complainant New High Limited |

3. **By electronic transmission.** Based on court e-filing rules, a court order, or an agreement of the parties to accept electronic service, I X electronically served the documents on the person[s] at the electronic service address[es] above ☐ caused the documents to be sent to the person[s] at the electronic service address[es] set forth below via upload to [NAME OF E-FILING VENDOR].

___/s/ Michael A. Bowse_____
Michael A. Bowse

---

AMENDED RESPONSES TO INTERROGATORIES
7