# EXHIBIT 23

Michael A. Bowse (SBN189659)
mbowse@bowselawgroup.com
BOWSE LAW GROUP, APC
811 Wilshire Blvd., 17th Floor
Los Angeles, CA 90017
Phone: (213) 344-4700
Fax: (213) 344-4700

Attorney for Plaintiff and Cross-Defendants Global Med Group, LLC, and for Cross-Defendant Daniel Guez, Andreana Bosilcic, Delfern Holdings, LLC, and Mapleton Capital, LLC

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLOBAL MED GROUP, LLC, a Texas limited liability company,<br><br>                  Plaintiff,<br><br>     vs.<br><br>NEW HIGH LTD., a Hong Kong Corporation,<br><br>                  Defendant. | Case No.: 2:22-cv-06031-DMG-PVC<br><br>**PLAINTIFF AND COUNTER-DEFENDANT GLOBAL MED GROUP, LLC'S AMENDED RESPONSE TO INTERROGATORIES – SET ONE**<br><br>**JURY TRIAL DEMANDED** |
| NEW HIGH LIMITED, a Hong Kong Corporation,<br><br>                  Counterclaimant,<br><br>     vs.<br><br>GLOBAL MED GROUP, LLC, a Texas limited liability company; DANIEL GUEZ, an individual; ANDREANA BOSILCIC, an individual; DELFERN HOLDINGS, LLC, a California limited liability company, and MAPLETON CAPITAL, LLC;<br><br>                  Counter-Defendants. | |

AMENED RESPONSES TO INTERROGATORIES

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Plaintiff and Cross-Defendant Global Med Group, LLC ("Responding Party"), by and through its attorneys, makes these amended responses to Cross-Complainant New High Limited's First Set of Interrogatories (the "Interrogatories") as follows:

## I.   **PRELIMINARY STATEMENT**

The following Responses are made solely for the purpose of this action.  Each Response is subject to all appropriate objections which would require the exclusion of any statement contained herein, if the interrogatory were asked of, or if the answer were made by, a witness present and testifying in Court.  All such objections and grounds are reserved and may be interposed at the time of trial.

Responding Party has not yet completed its investigation of the facts related to this action, has not yet completed discovery in this action, and has not yet completed preparation for trial.  Consequently, the following Responses are given without prejudice to the right to produce at trial any and all subsequently discovered evidence relating to the proof of presently known material facts, and to produce all evidence, whenever discovered, relating to the proof of subsequently discovered material facts.

Except for explicit facts submitted herein, no admission of any nature whatsoever are implied or should be inferred.  The fact that any demand herein has been answered should not be taken as an admission  or acceptance of the existence of any fact or facts set forth or assumed by any demand, or that such answer constitutes admissible evidence.  This Preliminary Statement is, by this reference, incorporated into each and every of the following Responses to Interrogatories, Set One.

## II.   **GENERAL OBJECTIONS**

1.   Responding Party objects to each Interrogatory to the extent that it seeks documents, information or communications that are protected by the attorney-client privilege and/or the work-product doctrine and/or the common interest doctrine or any constitutional, statutory, or common law privilege or doctrine including, but not limited to, the protections afforded by the United States Constitution and the California State

AMENED RESPONSES TO INTERROGATORIES                                                    2

Constitution.  The inadvertent production of such information shall neither constitute a waiver of any privilege nor a waiver of any rights Responding Party may have to object to the use of any of these responses at pretrial proceedings or at trial.

2.      Responding Party objects to each Interrogatory to the extent that it seeks protected trade secrets, proprietary information, or information which Responding Party has an obligation to keep confidential.

3.      Responding Party objects to each Interrogatory to the extent that the information requested is not relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence.

4.      Responding Party objects to each Interrogatory to the extent that it calls for disclosure of an expert opinion.

5.      Responding Party objects to each Interrogatory to the extent it constitutes an unwarranted intrusion, invasion, or infringement of the right of privacy of any person under the federal or state Constitutions or any other applicable federal or state law, including persons not parties to this litigation.

6.      Responding Party objects to the term "VALUE," as defined in the Requests on the ground that it is vague, uncertain and confusing, as California Civil Code section 3439.08(b)(1)(B)(i) does not define the term "value".

7.      Each of the above general objections applies to each Interrogatory and is incorporated by this reference into each of Responding Party's responses as though set forth in full.

**III.    RESPONSES TO INTERROGATORIES**

**INTERROGATORY NO. 1:**

State the name, address, telephone number and email address of all individuals and entities that served as one of YOUR MEMBERS at any time after January 1, 2020.

**ANSWER:**

Responding Party incorporates the Preliminary Statement and each of the General Objections set forth in Parts I and II, above. Responding Party objects to this Interrogatory

---

AMENED RESPONSES TO INTERROGATORIES                                         3

on the ground that it seeks information on a topic that is not relevant to any actual and legitimate dispute in this action. Responding Party further objects to this Interrogatory on the ground that its use of the term "MEMBER" by defining it with reference to a statute that itself contains no definition of the term renders the Interrogatory vague, uncertain and confusing.

Subject to and without waiving the foregoing general and specific objections, Responding Party answers as follows:

Andreana Bosilcic, as trustee
2419 E. 28th St.
Vernon, CA 90058

Mapleton Capital LLC
2419 E. 28th St.
Vernon, CA 90058

**INTERROGATORY NO. 2:**

State the name, address, telephone number and email address of all individuals and entities that served as one of YOUR MANAGERS at any time after January 1, 2020.

**ANSWER:**

Responding Party incorporates the Preliminary Statement and each of the General Objections set forth in Parts I and II, above. Responding Party objects to this Interrogatory on the ground that it seeks information on a topic that is not relevant to any actual and legitimate dispute in this action. Responding Party further objects to this Interrogatory on the ground that its use of the term "MANAGER" by defining it with reference to a statute that itself contains no definition of the term renders the Interrogatory vague, uncertain and confusing.

Subject to and without waiving the foregoing general and specific objections, Responding Party answers as follows:

Daniel Guez
2419 E. 28th St.
Vernon, CA 90058

Delfern Holdings, LLC
2419 E. 28th St.
Vernon, CA 90058

AMENED RESPONSES TO INTERROGATORIES                                    4

**INTERROGATORY NO. 3:**

State the name, address, telephone number and email address of all representatives of ADVENTIST HEALTH who are likely to have discoverable information that YOU may use to support YOUR claims and defenses in this action.

**ANSWER:**

Responding Party incorporates the Preliminary Statement and each of the General Objections set forth in Parts I and II, above. Responding Party also objects to this Interrogatory on the ground that the phrase "representatives of ADVENTIST HEALTH" is vague and confusing in this context.

Subject to and without waiving the foregoing general and specific objections, Responding Party answers as follows:

Dave Riddle, dave.riddle@cardinalhealth.com, 925-305-8133

Nate Terrazas, Nate.Terrazas@cardinalhealth.com, 530-665-9692

Natalie Sanchez, Natalie.Sanchez@cardinalhealth.com 909-974-3737

Gale O'Neill, AHBuyersSSC@ah.org, 916-406-0869

Melissa Morgan, MorganMG01@ah.org, 916-406-2182

Justin Freed, FreedJR@ah.org, 916-406-0885

Tricia Kassab, KassabP@ah.org

Kevan Evans, evanskj@ah.org

Deelayna Manski, manskid@ah.org

Christina Haas, haasc@ah.org

**INTERROGATORY NO. 4:**

For each payment of $500 or more that YOU made to GUEZ on or after January 1, 2020, state the date, amount, and purpose of such payment.

**ANSWER:**

Responding Party incorporates the Preliminary Statement and each of the General Objections set forth in Parts I and II, above. Responding Party objects to this Interrogatory on the ground that it seeks information on a topic that is not relevant to any actual and

AMENED RESPONSES TO INTERROGATORIES                                                    5

legitimate dispute in this action. Responding Party also objects to this Interrogatory on the ground that it is compound and unduly burdensome insofar as it fails to specify the payments to which it refers or even a reasonable time period during which those transfers occurred, apparently seeking to require Responding Party to compile a list of all payments in excess of $500 and provide a reason for each.

**INTERROGATORY NO. 5:**

For each payment of $500 or more that YOU made to BOSILCIC on or after January 1, 2020, state the date, amount, and purpose of such payment.

**ANSWER:**

Responding Party incorporates the Preliminary Statement and each of the General Objections set forth in Parts I and II, above. Responding Party objects to this Interrogatory on the ground that it seeks information on a topic that is not relevant to any actual and legitimate dispute in this action. Responding Party also objects to this Interrogatory on the ground that it is compound and unduly burdensome insofar as it fails to specify the payments to which it refers or even a reasonable time period during which those transfers occurred, apparently seeking to require Responding Party to compile a list of all payments in excess of $500 and provide a reason for each.

**INTERROGATORY NO. 6:**

For each payment of $2,500 or more that YOU made to MAPLETON on or after January 1, 2020, state the date, amount, and purpose of such payment.

**ANSWER:**

Responding Party incorporates the Preliminary Statement and each of the General Objections set forth in Parts I and II, above. Responding Party objects to this Interrogatory on the ground that it seeks information on a topic that is not relevant to any actual and legitimate dispute in this action. Responding Party also objects to this Interrogatory on the ground that it is compound and unduly burdensome insofar as it fails to specify the

---

AMENED RESPONSES TO INTERROGATORIES                                             6

payments to which it refers or even a reasonable time period during which those transfers occurred, apparently seeking to require Responding Party to compile a list of all payments in excess of $2500 and provide a reason for each.

**INTERROGATORY NO. 7:**

Describe all actions YOU have taken since June 24, 2022 to cure YOUR "forfeited existence" status with the Texas Secretary of State.

**ANSWER:**

Responding Party incorporates the Preliminary Statement and each of the General Objections set forth in Parts I and II, above. Responding Party objects to this Interrogatory on the ground that it seeks information on a topic that is not relevant to any actual and legitimate dispute in this action. Responding Party further objects to this Interrogatory on the ground that it fails to specify whether it seeks acts Responding Party performed for the specific purpose of curing its "forfeited existence" status with the Texas Secretary of State, or other, ordinary acts Responding Party performed that may have assisted or supported the curing of its "forfeited existence" status with the Texas Secretary of State. Responding Party also objects to this Interrogatory on the ground that it seeks information about communications that are protected from discovery by the attorney-client privilege.

Subject to and without waiving the foregoing general and specific objections, Responding Party answers as follows:

On or about August 30, 2022, Responding Party filed tax reporting documents to the Comptroller of Public Accounts; on September 9, 2022, Responding Party sent a Tax Clearance Request for Reinstatement to the Comptroller of Public Accounts; on March 8, 2023, Responding Party paid $50 to the Comptroller of Public Accounts; on March 13, 2023, Responding Party submitted an Application for Reinstatement and Request to Set Aside Revocation or Forfeiture to the Texas Secretary of State.

**INTERROGATORY NO. 8:**

Identify all DOCUMENTS evidencing any contract to which YOU and MAPLETON were parties at any time from January 1, 2020 to the present.

**ANSWER:**

Responding Party incorporates the Preliminary Statement and each of the General Objections set forth in Parts I and II, above. Responding Party objects to this Interrogatory on the ground that it seeks information on a topic that is not relevant to any actual and legitimate dispute in this action.

Subject to and without waiving the foregoing general and specific objections, Responding Party answers as follows:

Company Agreement Of Global Med Group LLC

**INTERROGATORY NO. 9:**

Identify any factoring agreements to which YOU were a party on or after January 1, 2020.

**ANSWER:**

Responding Party incorporates the Preliminary Statement and each of the General Objections set forth in Parts I and II, above. Responding Party objects to this Interrogatory on the ground that it seeks information on a topic that is not relevant to any actual and legitimate dispute in this action. Responding Party also objects to this Interrogatory on the ground that the undefined term "factoring agreements" is vague and ambiguous in this context.

Subject to and without waiving the foregoing general and specific objections, Responding Party answers as follows:

None.

**INTERROGATORY NO. 10:**

Identify all PERSONS with knowledge of facts supporting YOUR allegation in Paragraph 12 of the COMPLAINT that the initial order from ADVENTIST HEALTH "was

---

AMENED RESPONSES TO INTERROGATORIES                                          8

meant to be just the first of many orders for Global Med to supply PPE to Adventist Health."

**ANSWER:**

Responding Party incorporates the Preliminary Statement and each of the General Objections set forth in Parts I and II, above. Responding Party also objects to this interrogatory on the ground that it is vague and ambiguous insofar as it fails to specify whether it seeks only the identities of PERSONS with firsthand, personal knowledge or PERSONS who may have secondhand or indirect knowledge regarding the subject matter of the Interrogatory. Responding Party also objects that its investigation is not completed and discovery is ongoing; such that it can only identify the persons whose identities it knows as of the date of these responses. Responding Party reserves the right to of the

Subject to and without waiving the foregoing objections, Responding Party answers as follows:

Responding Party is presently aware that the following PERSONS may have direct or indirect knowledge of the subject matter of this Interrogatory: Daniel Guez, Lee Hirsch, Dave Riddle, Nate Terrazas, Natalie Sanchez, Gale O'Neill, Melissa Morgan, Justin Freed, Tricia Kassab, Kevan Evans, Deelayna Manski, Christina Haas, Cardinal Health, Adventist Health.

**INTERROGATORY NO. 11:**

Identify all PERSONS with knowledge of facts supporting YOUR allegation in Paragraph 13 of the COMPLAINT that "Adventist Health had already stated its intention to order additional N95 masks and other PPE from Global Med after the initial purchase order was filled."

**ANSWER:**

Responding Party incorporates the Preliminary Statement and each of the General Objections set forth in Parts I and II, above. Responding Party also objects to this interrogatory on the ground that it is vague and ambiguous insofar as it fails to specify whether it seeks only the identities of PERSONS with firsthand, personal knowledge or

AMENED RESPONSES TO INTERROGATORIES                                    9

PERSONS who may have secondhand or indirect knowledge regarding the subject matter of the Interrogatory. Responding Party also objects that its investigation is not completed and discovery is ongoing; such that it can only identify the persons whose identities it knows as of the date of these responses. Responding Party reserves the right to of the

Subject to and without waiving the foregoing objections, Responding Party answers as follows:

Responding Party is presently aware that the following PERSONS may have direct or indirect knowledge of the subject matter of this Interrogatory: Daniel Guez, Lee Hirsch, Dave Riddle, Nate Terrazas, Natalie Sanchez, Gale O'Neill, Melissa Morgan, Justin Freed, Tricia Kassab, Kevan Evans, Deelayna Manski, Christina Haas, Cardinal Health, Adventist Health.

**INTERROGATORY NO. 12:**

Identify all PERSONS with knowledge of facts supporting YOUR allegation in Paragraph 21 of the COMPLAINT that "Adventist Health notified Global Med that the masks did 'not meet N95 specifications and do not protect our caregivers if used with COVID19 patients.'"

**ANSWER:**

Responding Party incorporates the Preliminary Statement and each of the General Objections set forth in Parts I and II, above. Responding Party also objects to this interrogatory on the ground that it is vague and ambiguous insofar as it fails to specify whether it seeks only the identities of PERSONS with firsthand, personal knowledge or PERSONS who may have secondhand or indirect knowledge regarding the subject matter of the Interrogatory. Responding Party also objects that its investigation is not completed and discovery is ongoing; such that it can only identify the persons whose identities it knows as of the date of these responses. Responding Party reserves the right to of the

Subject to and without waiving the foregoing objections, Responding Party answers as follows:

---

AMENED RESPONSES TO INTERROGATORIES                                    10

Responding Party is presently aware that the following PERSONS may have direct or indirect knowledge of the subject matter of this Interrogatory: Daniel Guez, Lee Hirsch, Dave Riddle, Nate Terrazas, Natalie Sanchez, Gale O'Neill, Melissa Morgan, Justin Freed, Tricia Kassab, Kevan Evans, Deelayna Manski, Christina Haas, Cardinal Health, Adventist Health.

**INTERROGATORY NO. 13:**

Identify all PERSONS with knowledge of any of the "multiple discussions and communications with Adventist Health and with New High" alleged in Paragraph 21 of the COMPLAINT.

**ANSWER:**

Responding Party incorporates the Preliminary Statement and each of the General Objections set forth in Parts I and II, above. Responding Party also objects to this interrogatory on the ground that it is vague and ambiguous insofar as it fails to specify whether it seeks only the identities of PERSONS with firsthand, personal knowledge or PERSONS who may have secondhand or indirect knowledge regarding the subject matter of the Interrogatory. Responding Party also objects that its investigation is not completed and discovery is ongoing; such that it can only identify the persons whose identities it knows as of the date of these responses. Responding Party reserves the right to of the

Subject to and without waiving the foregoing objections, Responding Party answers as follows:

Responding Party is presently aware that the following PERSONS may have direct or indirect knowledge of the subject matter of this Interrogatory: Daniel Guez, Lee Hirsch, Dave Riddle, Nate Terrazas, Natalie Sanchez, Gale O'Neill, Melissa Morgan, Justin Freed, Tricia Kassab, Kevan Evans, Deelayna Manski, Christina Haas, Cardinal Health, Adventist Health.

BOWSE LAW GROUP

Date:    July 30, 2023          /s/ Michael A. Bowse
                                Michael A. Bowse

AMENED RESPONSES TO INTERROGATORIES                          11

Attorney for Plaintiff and Cross-Defendants Global Med Group, LLC, and for Cross-Defendant Daniel Guez, Andreana Bosilcic, Delfern Holdings, LLC, and Mapleton Capital, LLC

AMENED RESPONSES TO INTERROGATORIES

12

## <u>VERIFICATION</u>

I, Daniel Guez am manager of plaintiff and counter-defendant Global Med Group, LLC. I am the agent of defendant for the purpose of answering counter-complainant New High Ltd.'s First Set of Interrogatories. I have read the foregoing interrogatories and the answers to those interrogatories, which are true according to the best of my knowledge, information, and belief. I declare under penalty of perjury that the foregoing is true and correct.

Dated   Aug 1, 2023   .


Daniel Guez (Aug 1, 2023 08:39 PDT)

Daniel S. Guez

AMENED RESPONSES TO INTERROGATORIES                                          14

## <u>DECLARATION OF SERVICE</u>

Michael A. Bowse, pursuant to 28 U.S.C. § 1746 hereby declares as follows:

1. I am not a party to this action, am over 18 years of age, and am employed by Bowse Law Group, APC, whose business address is 811 Wilshire Blvd., 17th Floor, Los Angeles, California.

2. I hereby certify that, on July 30, 2023, I served the foregoing **PLAINTIFF AND COUNTER-DEFENDANT GLOBAL MED GROUP, LLC'S AMENDED RESPONSES TO INTERROGATORIES – Set one** in the above-captioned action on the following:

| | |
|---|---|
| LAWRENCE J. HILTON<br>Email: lhilton@onellp.com<br>ALEC SCHULMAN<br>Email: aschulman@onellp.com<br>ONE LLP<br>23 Corporate Plaza, Suite 150-105<br>Newport Beach, CA 92660<br>Telephone: (949) 502-2870<br>Facsimile:   (949) 258-5081 | Counsel for Defendant/Cross-Complainant New High Limited |

3. **By electronic transmission**. Based on court e-filing rules, a court order, or an agreement of the parties to accept electronic service, I X electronically served the documents on the person[s] at the electronic service address[es] above ☐ caused the documents to be sent to the person[s] at the electronic service address[es] set forth below via upload to [NAME OF E-FILING VENDOR].

___/s/ Michael A. Bowse_____
Michael A. Bowse

---

AMENED RESPONSES TO INTERROGATORIES                                                    15