# EXHIBIT 24

Michael A. Bowse (SBN189659)
mbowse@bowselawgroup.com
BOWSE LAW GROUP, APC
811 Wilshire Blvd., 17th Floor
Los Angeles, CA 90017
Phone: (213) 344-4700
Fax: (213) 344-4700

Attorney for Plaintiff and Cross-Defendants Global Med Group, LLC, and for Cross-Defendant Daniel Guez, Andreana Bosilcic, Delfern Holdings, LLC, and Mapleton Capital, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLOBAL MED GROUP, LLC, a Texas limited liability company, | Case No.: 2:22-cv-06031-DMG-PVC |
| Plaintiff, | |
| vs. | **COUNTER-DEFENDANT DANIEL GUEZ'S AMENDED RESPONSES TO INTERROGATORIES – SET ONE** |
| NEW HIGH LTD., a Hong Kong Corporation, | **JURY TRIAL DEMANDED** |
| Defendant. | |
| NEW HIGH LIMITED, a Hong Kong Corporation, | |
| Counterclaimant, | |
| vs. | |
| GLOBAL MED GROUP, LLC, a Texas limited liability company; DANIEL GUEZ, an individual; ANDREANA BOSILCIC, an individual; DELFERN HOLDINGS, LLC, a California limited liability company, and MAPLETON CAPITAL, LLC; | |
| Counter-Defendants. | |

AMENDED RESPONSES TO INTERROGATORIES

1

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Cross-Defendant Daniel Guez ("Responding Party"), by and through his attorneys, manes the following amended responses to Cross-Complainant New High Limited's First Set of Interrogatories (the "Interrogatories") as follows:

## I.    PRELIMINARY STATEMENT

The following Responses are made solely for the purpose of this action. Each Response is subject to all appropriate objections which would require the exclusion of any statement contained herein, if the interrogatory were asked of, or if the answer were made by, a witness present and testifying in Court. All such objections and grounds are reserved and may be interposed at the time of trial.

Responding Party has not yet completed his investigation of the facts related to this action, has not yet completed discovery in this action, and has not yet completed preparation for trial. Consequently, the following Responses are given without prejudice to the right to produce at trial any and all subsequently discovered evidence relating to the proof of presently known material facts, and to produce all evidence, whenever discovered, relating to the proof of subsequently discovered material facts.

Except for explicit facts submitted herein, no admission of any nature whatsoever are implied or should be inferred. The fact that any demand herein has been answered should not be taken as an admission or acceptance of the existence of any fact or facts set forth or assumed by any demand, or that such answer constitutes admissible evidence. This Preliminary Statement is, by this reference, incorporated into each and every of the following Responses to Interrogatories, Set One.

## II.    GENERAL OBJECTIONS

1. Responding Party objects to each Interrogatory to the extent that it seeks documents, information or communications that are protected by the attorney-client privilege and/or the work-product doctrine and/or the common interest doctrine or any constitutional, statutory, or common law privilege or doctrine including, but not limited to, the protections afforded by the United States Constitution and the California State

AMENDED RESPONSES TO INTERROGATORIES                                         2

Constitution. The inadvertent production of such information shall neither constitute a waiver of any privilege nor a waiver of any rights Responding Party may have to object to the use of any of these responses at pretrial proceedings or at trial.

2. Responding Party objects to each Interrogatory to the extent that it seeks protected trade secrets, proprietary information, or information which Responding Party has an obligation to keep confidential.

3. Responding Party objects to each Interrogatory to the extent that the information requested is not relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence.

4. Responding Party objects to each Interrogatory to the extent that it calls for disclosure of an expert opinion.

5. Responding Party objects to each Interrogatory to the extent it constitutes an unwarranted intrusion, invasion, or infringement of the right of privacy of any person under the federal or state Constitutions or any other applicable federal or state law, including persons not parties to this litigation.

6. Each of the above general objections applies to each Interrogatory and is incorporated by this reference into each of Responding Party's responses as though set forth in full.

**III. RESPONSES TO INTERROGATORIES**

**INTERROGATORY NO. 1:**

State the dates during which YOU were a MEMBER (as that term is defined in Tex. Bus. Orgs. Code § 101.102) of GLOBAL MED.

**ANSWER:**

Responding Party incorporates the Preliminary Statement and each of the General Objections set forth in Parts I and II, above. Responding Party objects to this Interrogatory on the ground that it seeks information on a topic that is not relevant to any actual and legitimate dispute in this action. Responding Party further objects to this Interrogatory on the ground that its use of the term "MEMBER" by defining it with reference to a statute

---

AMENDED RESPONSES TO INTERROGATORIES                                     3

that itself contains no definition of the term renders the Interrogatory vague, uncertain and confusing.

Subject to and without waiving the foregoing general and specific objections, Responding Party answers as follows:

Responding Party has not been a member of GLOBAL MED.

**INTERROGATORY NO. 2:**

State the dates during which YOU were a MANAGER (the meaning as defined in Tex. Bus. Orgs. Code § 101.302) of GLOBAL MED.

**ANSWER:**

Responding Party incorporates the Preliminary Statement and each of the General Objections set forth in Parts I and II, above. Responding Party objects to this Interrogatory on the ground that it seeks information on a topic that is not relevant to any actual and legitimate dispute in this action. Responding Party further objects to this Interrogatory on the ground that its use of the term "MANAGER" by defining it with reference to a statute that itself contains no definition of the term renders the Interrogatory vague, uncertain and confusing.

Subject to and without waiving the foregoing general and specific objections, Responding Party answers as follows:

May 14, 2019 to present (since October 31, 2020 or November 4, 2020, on behalf of DELFERN).

**INTERROGATORY NO. 3:**

State the dates during which YOU were a MEMBER (as that term is defined in Nev. Rev. Stat. Ann. § 86.081) of MAPLETON.

**ANSWER:**

Responding Party incorporates the Preliminary Statement and each of the General Objections set forth in Parts I and II, above. Responding Party objects to this Interrogatory on the ground that it seeks information on a topic that is not relevant to any actual and legitimate dispute in this action. Responding Party also objects to the Interrogatory on the

AMENDED RESPONSES TO INTERROGATORIES                                         4

ground that it assumes a predicate fact – that Responding Party has ever been a MEMBER of MAPLETON – that is not supported by the record.

Subject to and without waiving the foregoing general and specific objections, Responding Party answers as follows:

Responding Party has not been a member of MAPLETON.

**INTERROGATORY NO. 4:**

State the dates during which YOU were a MANAGER (as that term is defined in Nev. Rev. Stat. Ann. § 86.071) of MAPLETON.

**ANSWER:**

Responding Party incorporates the Preliminary Statement and each of the General Objections set forth in Parts I and II, above. Responding Party objects to this Interrogatory on the ground that it seeks information regarding a topic that is not relevant to any actual and legitimate dispute in this action. Responding Party also objects to the Interrogatory on the ground that it assumes a predicate fact – that Responding Party has ever been a MANAGER of MAPLETON – that is not supported by the record.

Subject to and without waiving the foregoing general and specific objections, Responding Party answers as follows:

Responding Party has not been a manager of MAPLETON in his individual capacity. Responding Party has performed management functions on behalf of DELFERN since October 31, 2020 or November 4, 2020.

**INTERROGATORY NO. 5:**

Describe all actions YOU have taken since June 24, 2022 to cure GLOBAL MED'S "forfeited existence" status with the Texas Secretary of State.

**ANSWER:**

Responding Party incorporates the Preliminary Statement and each of the General Objections set forth in Parts I and II, above. Responding Party objects to this Interrogatory on the ground that it seeks information on a topic that is not relevant to any actual and legitimate dispute in this action. Responding Party further objects to this Interrogatory on

AMENDED RESPONSES TO INTERROGATORIES                                                          5

the ground that it fails to specify whether it seeks acts Responding Party performed for the specific purpose of curing GLOBAL MED'S "forfeited existence" status with the Texas Secretary of State, or other, ordinary acts Responding Party performed that may have assisted or supported the curing of GLOBAL MED'S "forfeited existence" status with the Texas Secretary of State. Responding Party also objects to this Interrogatory on the ground that it seeks information about communications that are protected from discovery by the attorney-client privilege.

Subject to and without waiving the foregoing general and specific objections, Responding Party answers as follows:

Responding Party authorized others to cure GLOBAL MED's "forfeited existence" status with the Texas Secretary of State. Pursuant to that authorization, on or about August 30, 2022, GLOBAL MED filed tax reporting documents to the Comptroller of Public Accounts; on September 9, 2022, GLOBAL MED sent a Tax Clearance Request for Reinstatement to the Comptroller of Public Accounts; on March 8, 2023, GLOBAL MED paid $50 to the Comptroller of Public Accounts; on March 13, 2023, GLOBAL MED submitted an Application for Reinstatement and Request to Set Aside Revocation or Forfeiture to the Texas Secretary of State.

**INTERROGATORY NO. 6:**

Identify all DOCUMENTS evidencing any contract to which YOU and MAPLETON were parties at any time from January 1, 2020 to the present.

**ANSWER:**

Responding Party incorporates the Preliminary Statement and each of the General Objections set forth in Parts I and II, above. Responding Party objects to this Interrogatory on the ground that it seeks information on a topic that is not relevant to any actual and legitimate dispute in this action.

Subject to and without waiving the foregoing general and specific objections, Responding Party answers as follows:

None.

AMENDED RESPONSES TO INTERROGATORIES        6

**INTERROGATORY NO. 7:**

State the reasons why GLOBAL MED made TRANSFERS to MAPLETON.

**ANSWER:**

Responding Party incorporates the Preliminary Statement and each of the General Objections set forth in Parts I and II, above. Responding Party objects to this Interrogatory on the ground that it seeks information on a topic that is not relevant to any actual and legitimate dispute in this action. Responding Party further objects to this Interrogatory on the ground that its use of the uncertainly and vaguely defined phrase "made TRANSFERS" renders it vague, uncertain and confusing. Responding Party also objects to this Interrogatory on the ground that it is compound and unduly burdensome insofar as it fails to specify the "TRANSFERS" to which it refers or even the time period during which those transfers occurred, apparently seeking to require Responding Party to compile a list of all transfers and provide a reason for each.

Subject to and without waiving the foregoing general and specific objections, Responding Party answers as follows:

GLOBAL MED made distributions to its member, MAPLETON.  GLOBAL MED made payments to MAPLETON in connection with loans.

**INTERROGATORY NO. 8:**

State the amount of money YOU received from GLOBAL MED during 2020.

**ANSWER:**

Responding Party incorporates the Preliminary Statement and each of the General Objections set forth in Parts I and II, above. Responding Party objects to this Interrogatory on the ground that it seeks information on a topic that is not relevant to any actual and legitimate dispute in this action. Responding Party further objects to this Interrogatory on the ground that it seeks information protected from discovery by Responding Party's personal rights to privacy, including financial privacy, under California and United States law.

---

AMENDED RESPONSES TO INTERROGATORIES                                                    7

**INTERROGATORY NO. 9:**

State the amount of money YOU received from GLOBAL MED during 2021.

**ANSWER:**

Responding Party incorporates the Preliminary Statement and each of the General Objections set forth in Parts I and II, above. Responding Party objects to this Interrogatory on the ground that it seeks information on a topic that is not relevant to any actual and legitimate dispute in this action. Responding Party further objects to this Interrogatory on the ground that it seeks information protected from discovery by Responding Party's personal rights to privacy, including financial privacy, under California and United States law.

**INTERROGATORY NO. 10:**

State the amount of money YOU received from GLOBAL MED during 2022.

**ANSWER:**

Responding Party incorporates the Preliminary Statement and each of the General Objections set forth in Parts I and II, above. Responding Party objects to this Interrogatory on the ground that it seeks information on a topic that is not relevant to any actual and legitimate dispute in this action. Responding Party further objects to this Interrogatory on the ground that it seeks information protected from discovery by Responding Party's personal rights to privacy, including financial privacy, under California and United States law.

**INTERROGATORY NO. 11:**

State the amount of money YOU received from MAPLETON during 2020.

**ANSWER:**

Responding Party incorporates the Preliminary Statement and each of the General Objections set forth in Parts I and II, above. Responding Party objects to this Interrogatory on the ground that it seeks information on a topic that is not relevant to any actual and

AMENDED RESPONSES TO INTERROGATORIES                                          8

legitimate dispute in this action. Responding Party further objects to this Interrogatory on the ground that it seeks information protected from discovery by Responding Party's personal rights to privacy, including financial privacy, under California and United States law.

Subject to and without waiving the foregoing general and specific objections, Responding Party answers as follows:

Responding Party did not receive payments from Mapleton in 2020.

**INTERROGATORY NO. 12:**

State the amount of money YOU received from MAPLETON during 2021.

**ANSWER:**

Responding Party incorporates the Preliminary Statement and each of the General Objections set forth in Parts I and II, above. Responding Party objects to this Interrogatory on the ground that it seeks information on a topic that is not relevant to any actual and legitimate dispute in this action. Responding Party further objects to this Interrogatory on the ground that it seeks information protected from discovery by Responding Party's personal rights to privacy, including financial privacy, under California and United States law.

Subject to and without waiving the foregoing general and specific objections, Responding Party answers as follows:

Responding Party did not receive payments from Mapleton in 2021.

**INTERROGATORY NO. 13:**

State the amount of money YOU received from MAPLETON during 2022.

**ANSWER:**

Responding Party incorporates the Preliminary Statement and each of the General Objections set forth in Parts I and II, above. Responding Party objects to this Interrogatory on the ground that it seeks information on a topic that is not relevant to any actual and legitimate dispute in this action. Responding Party further objects to this Interrogatory on the ground that it seeks information protected from discovery by Responding Party's

---

AMENDED RESPONSES TO INTERROGATORIES                                          9

personal rights to privacy, including financial privacy, under California and United States law.

Subject to and without waiving the foregoing general and specific objections, Responding Party answers as follows:

Responding Party did not receive payments from Mapleton in 2022.

BOWSE LAW GROUP

Date:    July 30, 2023

/s/ Michael A. Bowse
Michael A. Bowse

Attorney for Plaintiff and Cross-Defendants Global Med Group, LLC, and for Cross-Defendant Daniel Guez, Andreana Bosilcic, Delfern Holdings, LLC, and Mapleton Capital, LLC

AMENDED RESPONSES TO INTERROGATORIES                                                   10

## **<u>VERIFICATION</u>**

I, Daniel S. Guez, state that I have read Cross-Complainant New High Ltd.'s First Set of Interrogatories and my answers to those interrogatories, which are true to the best of my knowledge, information, and belief. I declare under penalty of perjury that the foregoing is true and correct.

Dated this July 30, 2023.



Daniel Guez (Aug 1, 2023 08:39 PDT)

Daniel S. Guez

## DECLARATION OF SERVICE

Michael A. Bowse, pursuant to 28 U.S.C. § 1746 hereby declares as follows:

1. I am not a party to this action, am over 18 years of age, and am employed by Bowse Law Group, APC, whose business address is 811 Wilshire Blvd., 17th Floor, Los Angeles, California.

2. I hereby certify that, on July 30, 2023, I served the foregoing **COUNTER-DEFENDANT DANIEL GUEZ'S RESPONSE TO INTERROGATORIES – Set one** in the above-captioned action on the following:

LAWRENCE J. HILTON                     Counsel for Defendant/Cross-
Email: lhilton@onellp.com              Complainant New High Limited
ALEC SCHULMAN
Email: aschulman@onellp.com
ONE LLP
23 Corporate Plaza, Suite 150-105
Newport Beach, CA 92660
Telephone: (949) 502-2870
Facsimile:   (949) 258-5081

3. **By electronic transmission.** Based on court e-filing rules, a court order, or an agreement of the parties to accept electronic service, I X electronically served the documents on the person[s] at the electronic service address[es] above ☐ caused the documents to be sent to the person[s] at the electronic service address[es] set forth below via upload to [NAME OF E-FILING VENDOR].

       ___/s/ Michael A. Bowse_____
         Michael A. Bowse

---

AMENDED RESPONSES TO INTERROGATORIES                                    12