# EXHIBIT 25

Michael A. Bowse (SBN189659)
mbowse@bowselawgroup.com
BOWSE LAW GROUP, APC
811 Wilshire Blvd., 17th Floor
Los Angeles, CA 90017
Phone: (213) 344-4700
Fax: (213) 344-4700

Attorney for Plaintiff and Cross-Defendants Global Med Group, LLC, and for Cross-Defendant Daniel Guez, Andreana Bosilcic, Delfern Holdings, LLC, and Mapleton Capital, LLC

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLOBAL MED GROUP, LLC, a Texas limited liability company,<br><br>        Plaintiff,<br><br>    vs.<br><br>NEW HIGH LTD., a Hong Kong Corporation,<br><br>        Defendant. | Case No.: 2:22-cv-06031-DMG-PVC<br><br><br>**COUNTER-DEFENDANT MAPLETON CAPITAL, LLC'S AMENDED RESPONSES TO INTERROGATORIES – SET ONE JURY TRIAL DEMANDED** |
| NEW HIGH LIMITED, a Hong Kong Corporation,<br><br>        Counterclaimant,<br><br>    vs.<br><br>GLOBAL MED GROUP, LLC, a Texas limited liability company; DANIEL GUEZ, an individual; ANDREANA BOSILCIC, an individual; DELFERN HOLDINGS, LLC, a California limited liability company, and MAPLETON CAPITAL, LLC;<br><br>        Counter-Defendants. | |

AMENDED RESPONSES TO INTERROGATORIES

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Cross-Defendant Mapleton Capital, LLC ("Responding Party"), by and through its attorneys, makes these amended responses to Cross-Complainant New High Limited's First Set of Interrogatories (the "Interrogatories") as follows:

## I.   PRELIMINARY STATEMENT

The following Responses are made solely for the purpose of this action. Each Response is subject to all appropriate objections which would require the exclusion of any statement contained herein, if the interrogatory were asked of, or if the answer were made by, a witness present and testifying in Court. All such objections and grounds are reserved and may be interposed at the time of trial.

Responding Party has not yet completed its investigation of the facts related to this action, has not yet completed discovery in this action, and has not yet completed preparation for trial. Consequently, the following Responses are given without prejudice to the right to produce at trial any and all subsequently discovered evidence relating to the proof of presently known material facts, and to produce all evidence, whenever discovered, relating to the proof of subsequently discovered material facts.

Except for explicit facts submitted herein, no admission of any nature whatsoever are implied or should be inferred. The fact that any demand herein has been answered should not be taken as an admission or acceptance of the existence of any fact or facts set forth or assumed by any demand, or that such answer constitutes admissible evidence. This Preliminary Statement is, by this reference, incorporated into each and every of the following Responses to Interrogatories, Set One.

## II.   GENERAL OBJECTIONS

1. Responding Party objects to each Interrogatory to the extent that it seeks documents, information or communications that are protected by the attorney-client privilege and/or the work-product doctrine and/or the common interest doctrine or any constitutional, statutory, or common law privilege or doctrine including, but not limited to, the protections afforded by the United States Constitution and the California State

AMENDED RESPONSES TO INTERROGATORIES                                    2

Constitution.  The inadvertent production of such information shall neither constitute a waiver of any privilege nor a waiver of any rights Responding Party may have to object to the use of any of these responses at pretrial proceedings or at trial.

2.  Responding Party objects to each Interrogatory to the extent that it seeks protected trade secrets, proprietary information, or information which Responding Party has an obligation to keep confidential.

3.  Responding Party objects to each Interrogatory to the extent that the information requested is not relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence.

4.  Responding Party objects to each Interrogatory to the extent that it calls for disclosure of an expert opinion.

5.  Responding Party objects to each Interrogatory to the extent it constitutes an unwarranted intrusion, invasion, or infringement of the right of privacy of any person under the federal or state Constitutions or any other applicable federal or state law, including persons not parties to this litigation.

6.  Responding Party objects to the term "VALUE," as defined in the Requests on the ground that it is vague, uncertain and confusing, as California Civil Code section 3439.08(b)(1)(B)(i) does not define the term "value".

7.  Each of the above general objections applies to each Interrogatory and is incorporated by this reference into each of Responding Party's responses as though set forth in full.

**III.  RESPONSES TO INTERROGATORIES**

**INTERROGATORY NO. 1:**

Identify the name, address, and email address for each PERSON who served as one of YOUR MEMBERS at any time from November 4, 2020 to the present.

**ANSWER:**

Responding Party incorporates the Preliminary Statement and each of the General Objections set forth in Parts I and II, above. Responding Party objects to this Interrogatory

AMENDED RESPONSES TO INTERROGATORIES                                              3

on the ground that it seeks information on a topic that is not relevant to any actual and legitimate dispute in this action. Responding Party further objects to this Interrogatory on the ground that its use of the term "MEMBER" by defining it with reference to a statute that itself contains no definition of the term renders the Interrogatory vague, uncertain and confusing.

Subject to and without waiving the foregoing general and specific objections, Responding Party answers as follows:

Andreana Bosilcic, as trustee
2419 E. 28th St.
Vernon, CA 90058

**INTERROGATORY NO. 2:**

Identify the name, address, and email address for each PERSON who served as one of YOUR MANAGERS at any time from November 4, 2020 to the present.

**ANSWER:**

Responding Party incorporates the Preliminary Statement and each of the General Objections set forth in Parts I and II, above. Responding Party objects to this Interrogatory on the ground that it seeks information on a topic that is not relevant to any actual and legitimate dispute in this action. Responding Party further objects to this Interrogatory on the ground that its use of the term "MANAGER" by defining it with reference to a statute that itself contains no definition of the term renders the Interrogatory vague, uncertain and confusing.

Subject to and without waiving the foregoing general and specific objections, Responding Party answers as follows:

Delfern Holdings, LLC
2419 E. 28th St.
Vernon, CA 90058

**INTERROGATORY NO. 3:**

State the date, amount, and purpose of each TRANSFER YOU received from GLOBAL MED from February 1, 2021 to the present.

**ANSWER:**

AMENDED RESPONSES TO INTERROGATORIES                                      4

Responding Party incorporates the Preliminary Statement and each of the General Objections set forth in Parts I and II, above. Responding Party objects to this Interrogatory on the ground that it seeks information on a topic that is not relevant to any actual and legitimate dispute in this action. Responding Party further objects to this Interrogatory on the ground that its use of the uncertainly and vaguely defined term "TRANSFER" renders it vague, uncertain and confusing. Responding Party also objects to this Interrogatory on the ground that it is compound and unduly burdensome insofar as it fails to specify the "TRANSFERS" to which it refers, apparently seeking to require Responding Party to compile a list of all transfers and provide a reason for each.

Subject to and without waiving the foregoing general and specific objections, Responding Party answers as follows:

**INTERROGATORY NO. 4:**

For each TRANSFER YOU received from GLOBAL MED from February 1, 2021 to the present, state the VALUE YOU gave in exchange for such transfer.

**ANSWER:**

Responding Party incorporates the Preliminary Statement and each of the General Objections set forth in Parts I and II, above. Responding Party objects to this Interrogatory on the ground that it seeks information on a topic that is not relevant to any actual and legitimate dispute in this action. Responding Party further objects to this Interrogatory on the ground that its use of the uncertainly and vaguely defined term "TRANSFER" renders it vague, uncertain and confusing. Responding Party also objects to this Interrogatory on the ground that it is compound and unduly burdensome insofar as it fails to specify the "TRANSFERS" to which it refers, apparently seeking to require Responding Party to compile a list of all transfers and provide a reason for each. Responding Party further objects to this Request on the ground that its use of the confusingly defined term "VALUE" renders the Request itself vague, confusing and uncertain.

AMENDED RESPONSES TO INTERROGATORIES 5

Subject to and without waiving the foregoing general and specific objections, Responding Party answers as follows:

**INTERROGATORY NO. 5:**

State the date, amount, and purpose of each TRANSFER YOU made to GUEZ from February 1, 2021 to the present.

**ANSWER:**

Responding Party incorporates the Preliminary Statement and each of the General Objections set forth in Parts I and II, above. Responding Party objects to this Interrogatory on the ground that it seeks information on a topic that is not relevant to any actual and legitimate dispute in this action. Responding Party further objects to this Interrogatory on the ground that its use of the uncertainly and vaguely defined term "TRANSFER" renders it vague, uncertain and confusing. Responding Party also objects to this Interrogatory on the ground that it is compound and unduly burdensome insofar as it fails to specify the "TRANSFERS" to which it refers, apparently seeking to require Responding Party to compile a list of all transfers and provide a reason for each.

Subject to and without waiving the foregoing general and specific objections, Responding Party answers as follows:

Responding Party made no TRANSFERS to GUEZ February 1, 2021 to the present.

**INTERROGATORY NO. 6:**

For each TRANSFER YOU made to GUEZ from February 1, 2021 to the present, state the VALUE YOU received in exchange for such transfer.

**ANSWER:**

Responding Party incorporates the Preliminary Statement and each of the General Objections set forth in Parts I and II, above. Responding Party objects to this Interrogatory on the ground that it seeks information on a topic that is not relevant to any actual and legitimate dispute in this action. Responding Party further objects to this Interrogatory on the ground that its use of the uncertainly and vaguely defined term "TRANSFER" renders

AMENDED RESPONSES TO INTERROGATORIES                                                     6

it vague, uncertain and confusing. Responding Party also objects to this Interrogatory on the ground that it is compound and unduly burdensome insofar as it fails to specify the "TRANSFERS" to which it refers, apparently seeking to require Responding Party to compile a list of all transfers and provide a reason for each. Responding Party further objects to this Request on the ground that its use of the confusingly defined term "VALUE" renders the Request itself vague, confusing and uncertain.

Subject to and without waiving the foregoing general and specific objections, Responding Party answers as follows:

Responding Party made no TRANSFERS to GUEZ February 1, 2021 to the present.

**INTERROGATORY NO. 7:**

State the date, amount, and purpose of each TRANSFER YOU made to BOSILCIC from February 1, 2021 to the present.

**ANSWER:**

Responding Party incorporates the Preliminary Statement and each of the General Objections set forth in Parts I and II, above. Responding Party objects to this Interrogatory on the ground that it seeks information on a topic that is not relevant to any actual and legitimate dispute in this action. Responding Party further objects to this Interrogatory on the ground that its use of the uncertainly and vaguely defined term "TRANSFER" renders it vague, uncertain and confusing. Responding Party also objects to this Interrogatory on the ground that it is compound and unduly burdensome insofar as it fails to specify the "TRANSFERS" to which it refers, apparently seeking to require Responding Party to compile a list of all transfers and provide a reason for each.

Subject to and without waiving the foregoing general and specific objections, Responding Party answers as follows:

Responding Party made no TRANSFERS to BOSILCIC from February 1, 2021 to the present.

AMENDED RESPONSES TO INTERROGATORIES                                    7

**INTERROGATORY NO. 8:**

For each TRANSFER YOU made to BOSILCIC from February 1, 2021 to the present, state the VALUE YOU received in exchange for such transfer.

**ANSWER:**

Responding Party incorporates the Preliminary Statement and each of the General Objections set forth in Parts I and II, above. Responding Party objects to this Interrogatory on the ground that it seeks information on a topic that is not relevant to any actual and legitimate dispute in this action. Responding Party further objects to this Interrogatory on the ground that its use of the uncertainly and vaguely defined term "TRANSFER" renders it vague, uncertain and confusing. Responding Party also objects to this Interrogatory on the ground that it is compound and unduly burdensome insofar as it fails to specify the "TRANSFERS" to which it refers, apparently seeking to require Responding Party to compile a list of all transfers and provide a reason for each. Responding Party further objects to this Request on the ground that its use of the confusingly defined term "VALUE" renders the Request itself vague, confusing and uncertain.

Subject to and without waiving the foregoing general and specific objections, Responding Party answers as follows:

Responding Party made no TRANSFERS to BOSILCIC from February 1, 2021 to the present.

BOWSE LAW GROUP

Date:    July 30, 2023

/s/ Michael A. Bowse
Michael A. Bowse

Attorney for Plaintiff and Cross-Defendants Global Med Group, LLC, and for Cross-Defendant Daniel Guez, Andreana Bosilcic, Delfern Holdings, LLC, and Mapleton Capital, LLC

---

AMENDED RESPONSES TO INTERROGATORIES                                                         8

## <u>VERIFICATION</u>

I, Daniel Guez am manager of counter-defendant Mapleton Capital, LLC. I am the agent of defendant for the purpose of answering counter-complainant New High Ltd.'s First Set of Interrogatories. I have read the foregoing interrogatories and the answers to those interrogatories, which are true according to the best of my knowledge, information, and belief. I declare under penalty of perjury that the foregoing is true and correct.

Dated   Aug 1, 2023                .



Daniel Guez (Aug 1, 2023 08:39 PDT)

Daniel S. Guez

AMENDED RESPONSES TO INTERROGATORIES                                              10

# DECLARATION OF SERVICE

Michael A. Bowse, pursuant to 28 U.S.C. § 1746 hereby declares as follows:

1. I am not a party to this action, am over 18 years of age, and am employed by Bowse Law Group, APC, whose business address is 811 Wilshire Blvd., 17th Floor, Los Angeles, California.

2. I hereby certify that, on July 30, 2023, I served the foregoing **COUNTER-DEFENDANT MAPLETON CAPITAL, LLC'S RESPONSE TO INTERROGATORIES – Set one** in the above-captioned action on the following:

LAWRENCE J. HILTON                          Counsel for Defendant/Cross-
Email: lhilton@onellp.com                       Complainant New High Limited
ALEC SCHULMAN
Email: aschulman@onellp.com
ONE LLP
23 Corporate Plaza, Suite 150-105
Newport Beach, CA 92660
Telephone: (949) 502-2870
Facsimile:    (949) 258-5081

3. **By electronic transmission.** Based on court e-filing rules, a court order, or an agreement of the parties to accept electronic service, I X electronically served the documents on the person[s] at the electronic service address[es] above ☐ caused the documents to be sent to the person[s] at the electronic service address[es] set forth below via upload to [NAME OF E-FILING VENDOR].

\_\_\_\_/s/ Michael A. Bowse_____
Michael A. Bowse

AMENDED RESPONSES TO INTERROGATORIES                                        11