# EXHIBIT 27

Michael A. Bowse (SBN189659)
mbowse@bowselawgroup.com
BOWSE LAW GROUP, APC
811 Wilshire Blvd., 17th Floor
Los Angeles, CA 90017
Phone: (213) 344-4700
Fax: (213) 344-4700

Attorney for Plaintiff and Cross-Defendants Global Med Group, LLC, and for Cross-Defendant Daniel Guez, Andreana Bosilcic, Delfern Holdings, LLC, and Mapleton Capital, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLOBAL MED GROUP, LLC, a Texas limited liability company, <br><br> Plaintiff, <br><br> vs. <br><br> NEW HIGH LTD., a Hong Kong Corporation, <br><br> Defendant. | Case No.: 2:22-cv-06031-DMG-PVC <br><br> **COUNTER-DEFENDANT DANIEL GUEZ'S AMENDED RESPONSE TO REQUESTS FOR ADMISSION – SET ONE** <br><br> **JURY TRIAL DEMANDED** |
| NEW HIGH LIMITED, a Hong Kong Corporation, <br><br> Counterclaimant, <br><br> vs. <br><br> GLOBAL MED GROUP, LLC, a Texas limited liability company; DANIEL GUEZ, an individual; ANDREANA BOSILCIC, an individual; DELFERN HOLDINGS, LLC, a California limited liability company, and MAPLETON CAPITAL, LLC; <br><br> Counter-Defendants. | |

COUNTER-DEFENDANT DANIEL GUEZ'S AMENDED RESPONSE TO REQUESTS FOR ADMISSION – SET ONE

1

Pursuant to Rule 36 of the Federal Rules of Civil Procedure, Cross-Defendant Daniel Guez ("Responding Party"), by and through his attorneys provides the following amended responses to Cross-Complainant New High Ltd.'s First Set of Requests for Admission as follows:

## I.    PRELIMINARY STATEMENT

The following Responses are made solely for the purpose of this action.  Each Response is subject to all appropriate objections which would require the exclusion of any statement contained herein, if the request were asked of, or if the answer were made by, a witness present and testifying in Court.  All such objections and grounds are reserved and may be interposed at the time of trial.

Responding Party has not yet completed her investigation of the facts related to this action, has not yet completed its discovery in this action, and has not yet completed preparation for trial.  Consequently, the following Responses are given without prejudice to the right to produce at trial any and all subsequently discovered evidence relating to the proof of presently known material facts, and to produce all evidence, whenever discovered, relating to the proof of subsequently discovered material facts

Except for explicit facts submitted herein, no admission of any nature whatsoever are implied or should be inferred.  The fact that any demand herein has been answered should not be taken as an admission or acceptance of the existence of any fact or facts set forth or assumed by any demand, or that such answer constitutes admissible evidence.  This Preliminary Statement is, by this reference, incorporated into each and every of the following Responses to Requests for Admissions, Set One.

## II.    GENERAL OBJECTIONS

1.    Responding Party objects to each of the Requests on the ground that it is premature insofar as Responding Party's investigation of matters relevant to this litigation are not yet complete and are continuing, such that Responding Party may not know all of the facts relevant and necessary to formulate a complete response to the

COUNTER-DEFENDANT DANIEL GUEZ'S AMENDED RESPONSE TO REQUESTS FOR ADMISSION – SET ONE

2

Requests. The responses set forth below are based on the facts and information known to Responding Party at the time of these Responses and are subject to change as new or different information becomes available and known to Responding Party. These responses are given without prejudice to Responding Party 's right to produce or rely on subsequently discovered information.

2. Further discovery, independent investigation, or other analysis may lead to the discovery of additional information, which may require additions or changes to these responses.

3. Nothing herein is intended to be or should be construed as a waiver of the attorney-client privilege, the work product doctrine, or any other protection. Inadvertent production of such protected information is not intended to be and shall not operate as a waiver of the applicable privilege. Any information withheld on the basis of such privilege will be identified on a privilege log.

4. Responding Party objects to the Requests and each of them in their entirety on the ground that Responding is not a proper party to this action and has been named as a counter-defendant without facts to justify naming Responding Party as a counter-defendant.

5. Unless otherwise indicated, Responding Party's answers relate only to matters occurring between April 1, 2020 and July 31, 2020 ("RELEVANT PERIOD").

6. Responding Party objects to the term "MEMBER(S)" as defined in the Requests on the ground that it is vague, uncertain and confusing, as Tex. Bus. Orgs. Code § 101.102 does not define the term "member".

7. Responding Party objects to the term "MANAGER(S)" as defined in the Requests on the ground that it is vague, uncertain and confusing, as Tex. Bus. Orgs. Code § 101.302 does not define the term "manager".

8. Responding Party objects to the term "REASONABLY EQUIVALENT VALUE," as defined in the Requests on the ground that it is vague, uncertain and

COUNTER-DEFENDANT DANIEL GUEZ'S AMENDED RESPONSE TO REQUESTS FOR ADMISSION – SET ONE

3

confusing, as California Civil Code section 3439.08(a) does not define the term "reasonably equivalent value".

9.    Responding Party objects to the term "VALUE," as defined in the Requests on the ground that it is vague, uncertain and confusing, as California Civil Code section 3439.08(b)(1)(B)(i) does not define the term "value".

## III.    SPECIFIC RESPONSES TO REQUESTS FOR ADMISSION

**REQUEST NO. 1:**

Admit that at all times since April 22, 2020, YOU have been a MEMBER of GLOBAL MED.

**ANSWER:**

Responding Party incorporates the Preliminary Statement and each of the General Objections set forth in Parts I and II, above. Responding Party objects to this Request on the ground that it seeks admission on a topic that is not relevant to any actual and legitimate dispute in this action. Responding Party further objects to this Request on the ground that its use of the uncertainly and vaguely defined term "MEMBER" renders it vague, uncertain and confusing.

Subject to and without waiving the foregoing general and specific objections, Responding Party answers as follows:

Denied.

**REQUEST NO.** 2:

Admit that at all times since April 22, 2020, YOU have been a MANAGER of GLOBAL MED.

**ANSWER:**

Responding Party incorporates the Preliminary Statement and each of the General Objections set forth in Parts I and II, above. Responding Party objects to this Request on the ground that it seeks admission on a topic that is not relevant to any actual and legitimate dispute in this action. Responding Party further objects to this Request on the ground that

COUNTER-DEFENDANT DANIEL GUEZ'S AMENDED RESPONSE TO REQUESTS FOR ADMISSION – SET ONE                                                                                   4

its use of the uncertainly and vaguely defined term "MEMBER" renders it vague, uncertain and confusing.

Subject to and without waiving the foregoing general and specific objections, Responding Party answers as follows:

Denied that Responding Party has been a manager of GLOBAL MED in his personal capacity, but admitted that Delfern Holdings, LLC, acting through Responding Party, has been the manager of Global Med.

**REQUEST NO. 3:**

Admit that at all times since April 22, 2020, BOSILCIC has been a MEMBER of GLOBAL MED.

**ANSWER:**

Responding Party incorporates the Preliminary Statement and each of the General Objections set forth in Parts I and II, above. Responding Party objects to this Request on the ground that it seeks admission on a topic that is not relevant to any actual and legitimate dispute in this action. Responding Party further objects to this Request on the ground that its use of the uncertainly and vaguely defined term "MEMBER" renders it vague, uncertain and confusing.

Subject to and without waiving the foregoing general and specific objections, Responding Party answers as follows:

Denied.

**REQUEST NO. 4:**

Admit that at all times since April 22, 2020, BOSILCIC has been a MANAGER of GLOBAL MED.

**ANSWER:**

Responding Party incorporates the Preliminary Statement and each of the General Objections set forth in Parts I and II, above. Responding Party objects to this Request on the ground that it seeks admission on a topic that is not relevant to any actual and legitimate

COUNTER-DEFENDANT DANIEL GUEZ'S AMENDED RESPONSE TO REQUESTS FOR ADMISSION – SET ONE

dispute in this action. Responding Party further objects to this Request on the ground that its use of the uncertainly and vaguely defined term "MANAGER" renders it vague, uncertain and confusing.

Subject to and without waiving the foregoing general and specific objections, Responding Party answers as follows:

Denied.

**REQUEST NO. 5:**

Admit that YOU authorized the filing of the MOTION TO QUASH.

**ANSWER:**

Responding Party incorporates the Preliminary Statement and each of the General Objections set forth in Parts I and II, above. Responding Party objects to this Request on the ground that it seeks admission on a topic that is not relevant to any actual and legitimate dispute in this action. Responding Party further objects to this Request on the grounds that it is vague and ambiguous insofar as it fails to specify whether the Request is intended to inquire regarding Responding Party acting in her personal capacity or in some other capacity. Responding Party further objects to this Request on the ground that it assumes a foundation fact that is not itself established by the record of this action, namely that Responding Party had authority to authorize the MOTION TO QUASH.

Subject to and without waiving the foregoing general and specific objections, Responding Party answers as follows:

Admitted.

**REQUEST NO. 6:**

Admit that YOU authorized the filing of the REPLY.

**ANSWER:**

Responding Party incorporates the Preliminary Statement and each of the General Objections set forth in Parts I and II, above. Responding Party objects to this Request on the ground that it seeks admission on a topic that is not relevant to any actual and legitimate

COUNTER-DEFENDANT DANIEL GUEZ'S AMENDED RESPONSE TO REQUESTS FOR ADMISSION – SET ONE

6

dispute in this action. Responding Party further objects to this Request on the grounds that it is vague and ambiguous insofar as it fails to specify whether the Request is intended to inquire regarding Responding Party acting in her personal capacity or in some other capacity. Responding Party further objects to this Request on the ground that it assumes a foundation fact that is not itself established by the record of this action, namely that Responding Party had authority to authorize the REPLY.

Subject to and without waiving the foregoing general and specific objections, Responding Party answers as follows:

Admitted.

**REQUEST NO. 7:**

Admit that in the REPLY, GLOBAL MED represented to the Court that "Med has already cured its prior failure to file statements with the Texas state comptroller."

**ANSWER:**

Responding Party incorporates the Preliminary Statement and each of the General Objections set forth in Parts I and II, above. Responding Party objects to this Request on the ground that it seeks admission on a topic that is not relevant to any actual and legitimate dispute in this action.

Subject to and without waiving the foregoing general and specific objections, Responding Party answers as follows:

Admitted that the quoted language appears in the REPLY.

**REQUEST NO. 8:**

Admit that GLOBAL MED'S representation to the Court in the REPLY that "Med has already cured its prior failure to file statements with the Texas state comptroller" was untrue.

**ANSWER:**

Responding Party incorporates the Preliminary Statement and each of the General Objections set forth in Parts I and II, above. Responding Party objects to this Request on

COUNTER-DEFENDANT DANIEL GUEZ'S AMENDED RESPONSE TO REQUESTS FOR ADMISSION – SET ONE

the ground that it seeks admission on a topic that is not relevant to any actual and legitimate dispute in this action.

Subject to and without waiving the foregoing general and specific objections, Responding Party answers as follows:

Denied.

**REQUEST NO. 9:**

Admit that as of December 28, 2022 GLOBAL MED's status with the Texas Secretary of State is "Forfeited existence."

**ANSWER:**

Responding Party incorporates the Preliminary Statement and each of the General Objections set forth in Parts I and II, above. Responding Party objects to this Request on the ground that it seeks admission on a topic that is not relevant to any actual and legitimate dispute in this action.

Subject to and without waiving these objections, Responding Party answers:

Despite making reasonable efforts to obtain information sufficient to enable Responding Party to truthfully admit or deny this request, Responding Party is unable to obtain sufficient information to enable Responding Party to truthfully admit or deny this request because it seeks information at a specific point in time that had already passed when the Requests were issued and served. As such, Responding Party is unable to truthfully admit or deny this request.

**REQUEST NO. 10:**

Admit that Global Med Group, LLC, is a Texas limited liability company, originally formed on May 14, 2019 as Global Merch Group, LLC.

**ANSWER:**

Responding Party incorporates the Preliminary Statement and each of the General Objections set forth in Parts I and II, above. Responding Party objects to this Request on

COUNTER-DEFENDANT DANIEL GUEZ'S AMENDED RESPONSE TO REQUESTS FOR ADMISSION – SET ONE

the ground that it seeks admission on a topic that is not relevant to any actual and legitimate dispute in this action.

Subject to and without waiving these objections, Responding Party answers:

Admitted.

**REQUEST NO. 11:**

Admit that on April 22, 2020, Global Merch Group, LLC, a Texas limited liability company, changed its name to Global Med Group, LLC.

**ANSWER:**

Responding Party incorporates the Preliminary Statement and each of the General Objections set forth in Parts I and II, above. Responding Party objects to this Request on the ground that it seeks admission on a topic that is not relevant to any actual and legitimate dispute in this action.

Subject to and without waiving these objections, Responding Party answers:

Admitted that Global Merch Group, LLC, a Texas limited liability company, filed a Certificate of Amendment with the Secretary of State for the State of Texas on April 22, 2023.

**REQUEST NO. 12:**

Admit that prior to April 22, 2020, Global Merch Group, LLC, a Texas limited liability company, conducted business using the name Global Med Group.

**ANSWER:**

Responding Party incorporates the Preliminary Statement and each of the General Objections set forth in Parts I and II, above. Responding Party objects to this Request on the ground that it seeks admission on a topic that is not relevant to any actual and legitimate dispute in this action.

Subject to and without waiving these objections, Responding Party answers:

Denied.

COUNTER-DEFENDANT DANIEL GUEZ'S AMENDED RESPONSE TO REQUESTS FOR ADMISSION – SET ONE

9

**REQUEST NO. 13:**

Admit that prior to April 22, 2020, Global Merch Group, LLC, a Texas limited liability company, issued purchase orders to NEW HIGH with a logo displaying the name Global Med Group.

**ANSWER:**

Responding Party incorporates the Preliminary Statement and each of the General Objections set forth in Parts I and II, above. Responding Party objects to this Request on the ground that it seeks admission on a topic that is not relevant to any actual and legitimate dispute in this action.

Subject to and without waiving these objections, Responding Party answers:

Despite making reasonable efforts to obtain information sufficient to enable Responding Party to truthfully admit or deny this request, Responding Party is unable to obtain sufficient information to enable Responding Party to truthfully admit or deny this request because copies of the purchase orders for masks at issue in this action, including purchase orders 033078, 410003132, and 410003131, that are available to Responding Party do not reflect the name "Global Med Group". Accordingly, as to those purchase orders, denied. As to any other purchase orders, Responding Party cannot admit or deny this Request at the present time.

**REQUEST NO. 14:**

Admit that prior to April 22, 2020, Global Merch Group, LLC, a Texas limited liability company, entered into contracts using the name Global Med Group.

**ANSWER:**

Responding Party incorporates the Preliminary Statement and each of the General Objections set forth in Parts I and II, above. Responding Party objects to this Request on the ground that it seeks admission on a topic that is not relevant to any actual and legitimate dispute in this action. Subject to and without waiving these objections, Responding Party answers:

COUNTER-DEFENDANT DANIEL GUEZ'S AMENDED RESPONSE TO REQUESTS FOR ADMISSION – SET ONE                                                                      10

Despite making reasonable efforts to obtain information sufficient to enable Responding Party to truthfully admit or deny this request, Responding Party is unable to obtain sufficient information to enable Responding Party to truthfully admit or deny this request because copies of the purchase orders for masks at issue in this action, including purchase orders 033078, 410003132, and 410003131, that are available to Responding Party do not reflect the name "Global Med Group". Accordingly, as to those purchase orders, denied. As to any other purchase orders, Responding Party cannot admit or deny this Request at the present time.

**REQUEST NO. 15:**

Admit that after April 22, 2020, GLOBAL MED continued to use the name Global Merch Group, LLC in commerce.

**ANSWER:**

Responding Party incorporates the Preliminary Statement and each of the General Objections set forth in Parts I and II, above. Responding Party objects to this Request on the ground that it seeks admission on a topic that is not relevant to any actual and legitimate dispute in this action.

Subject to and without waiving these objections, Responding Party answers:

Denied that GLOBAL MED "continued" to use the name Global Merch Group, LLC, but admitted that GLOBAL MED from time-to-time used the name "Global Merch Group, LLC" as a dba.

**REQUEST NO. 16:**

Admit that after April 22, 2020, GLOBAL MED used the name Global Merch Group, LLC on purchase orders issued to NEW HIGH.

**ANSWER:**

Responding Party incorporates the Preliminary Statement and each of the General Objections set forth in Parts I and II, above. Responding Party objects to this Request on the ground that it seeks admission on a topic that is not relevant to any actual and legitimate

COUNTER-DEFENDANT DANIEL GUEZ'S AMENDED RESPONSE TO REQUESTS FOR ADMISSION – SET ONE                                                                          11

dispute in this action to the extent it seeks an admission regarding purchase orders other than those for the masks at issue in this action, which were issued prior to the date identified in this Request.

Subject to and without waiving these objections, Responding Party answers:

Admitted.

**REQUEST NO. 17:**

Admit that after April 22, 2020, GLOBAL MED issued purchase orders to NEW HIGH that included the following terms:

Shipping Address Global Merch Group LLC 2419 E 28th St Vernon CA 90058 United States.

**ANSWER:**

Responding Party incorporates the Preliminary Statement and each of the General Objections set forth in Parts I and II, above. Responding Party objects to this Request on the ground that it seeks admission on a topic that is not relevant to any actual and legitimate dispute in this action to the extent it seeks an admission regarding purchase orders other than those for the masks at issue in this action, which were issued prior to the date identified in this Request.

Subject to and without waiving these objections, Responding Party answers:

Admitted.

**REQUEST NO. 18:**

Admit that after April 22, 2020, GLOBAL MED entered into contracts using the name Global Merch Group, LLC.

**ANSWER:**

Responding Party incorporates the Preliminary Statement and each of the General Objections set forth in Parts I and II, above. Responding Party objects to this Request on the ground that it seeks admission on a topic that is not relevant to any actual and legitimate dispute in this action to the extent it seeks an admission regarding purchase orders other

COUNTER-DEFENDANT DANIEL GUEZ'S AMENDED RESPONSE TO REQUESTS FOR ADMISSION – SET ONE

12

than those for the masks at issue in this action, which were issued prior to the date identified in this Request.

Subject to and without waiving these objections, Responding Party answers:

Admitted that GLOBAL MED entered into contracts using its DBA, "Global Merch Group, LLC."

**REQUEST NO. 19:**

Admit that after April 22, 2020, GLOBAL MED entered into financing agreements using the name Global Merch Group, LLC.

**ANSWER:**

Responding Party incorporates the Preliminary Statement and each of the General Objections set forth in Parts I and II, above. Responding Party objects to this Request on the ground that it seeks admission on a topic that is not relevant to any actual and legitimate dispute in this action to the extent it seeks an admission regarding purchase orders other than those for the masks at issue in this action, which were issued prior to the date identified in this Request.

Subject to and without waiving these objections, Responding Party answers:

Denied.

**REQUEST NO. 21:**

Admit that after April 22, 2020, GLOBAL MED granted liens on its assets using the name Global Merch Group, LLC.

**ANSWER:**

Responding Party incorporates the Preliminary Statement and each of the General Objections set forth in Parts I and II, above. Responding Party objects to this Request on the ground that it seeks admission on a topic that is not relevant to any actual and legitimate dispute in this action to the extent it seeks an admission regarding purchase orders other than those for the masks at issue in this action, which were issued prior to the date identified in this Request.

COUNTER-DEFENDANT DANIEL GUEZ'S AMENDED RESPONSE TO REQUESTS FOR ADMISSION – SET ONE                                                                                              13

Subject to and without waiving these objections, Responding Party answers:

Denied.

**REQUEST NO. 22:**

Admit that GLOBAL MED issued purchase orders to NEW HIGH displaying both "Global Med Group" and "Global Merch Group, LLC" on the same purchase order.

**ANSWER:**

Responding Party incorporates the Preliminary Statement and each of the General Objections set forth in Parts I and II, above. Responding Party objects to this Request on the ground that it seeks admission on a topic that is not relevant to any actual and legitimate dispute in this action to the extent it seeks an admission regarding purchase orders other than those for the masks at issue in this action, which were issued prior to the date identified in this Request.

Subject to and without waiving these objections, Responding Party answers as follows:

Despite making reasonable efforts to obtain information sufficient to enable Responding Party to truthfully admit or deny this request, Responding Party is unable to obtain sufficient information to enable Responding Party to truthfully admit or deny this request because copies of the purchase orders for masks at issue in this action, including purchase orders 033078, 410003132, and 410003131, that are available to Responding Party do not reflect the name "Global Med Group". Accordingly, as to those purchase orders, denied. As to any other purchase orders, Responding Party cannot admit or deny this Request at the present time.

**REQUEST NO. 23:**

Admit that GLOBAL MED received PPE from NEW HIGH after January 1, 2020.

**ANSWER:**

Responding Party incorporates the Preliminary Statement and each of the General Objections set forth in Parts I and II, above.

COUNTER-DEFENDANT DANIEL GUEZ'S AMENDED RESPONSE TO REQUESTS FOR ADMISSION – SET ONE                                                                                                        14

Subject to and without waiving these objections, Responding Party answers as follows:

Admitted.

**REQUEST NO. 24:**

Admit that GLOBAL MED received invoices from NEW HIGH for PPE delivered after January 1, 2020.

**ANSWER:**

Responding Party incorporates the Preliminary Statement and each of the General Objections set forth in Parts I and II, above.

Subject to and without waiving these objections, Responding Party answers as follows:

Admitted.

**REQUEST NO. 25:**

Admit that GLOBAL MED did not pay the full amounts reflected in the invoices from NEW HIGH for PPE delivered after January 1, 2020.

**ANSWER:**

Responding Party incorporates the Preliminary Statement and each of the General Objections set forth in Parts I and II, above. Responding Party additionally objects that the Request is impermissibly compound, as it requests a single admission or denial as to multiple invoices though Responding Party's answers with respect to some invoices would be different from Responding Party's answers with respect to other invoices.

Subject to and without waiving these objections, Responding Party answers:

Denied.

**REQUEST NO. 25:**

Admit that GLOBAL MED received OTHER GOODS from NEW HIGH after January 1, 2020.

COUNTER-DEFENDANT DANIEL GUEZ'S AMENDED RESPONSE TO REQUESTS FOR ADMISSION – SET ONE

15

**ANSWER:**

Responding Party incorporates the Preliminary Statement and each of the General Objections set forth in Parts I and II, above. Responding Party additionally objects that the Request is impermissibly compound, as it requests a single admission or denial as to multiple shipments of goods though Responding Party's answers with respect to some shipments of goods would be different from Responding Party's answers with respect to other shipments of goods. Responding Party also objects to this Request on the ground that it is vague and confusing, as it fails to state whether it is intended to inquire regarding all such goods or fewer than all such goods and, if fewer than all such goods, it does not identify with particularity the goods to which it is intended to refer.

Subject to and without waiving these objections, Responding Party answers:

Admitted.

**REQUEST NO. 29:**

Admit that GLOBAL MED received invoices from NEW HIGH for OTHER GOODS delivered after January 1, 2020.

**ANSWER:**

Responding Party incorporates the Preliminary Statement and each of the General Objections set forth in Parts I and II, above. Responding Party additionally objects that the Request is impermissibly compound, as it requests a single admission or denial as to multiple shipments of goods though Responding Party's answers with respect to some shipments of goods may be different from Responding Party's answers with respect to other shipments of goods.

Subject to and without waiving these objections, Responding Party answers:

Admitted.

**REQUEST NO. 30:**

Admit that GLOBAL MED did not pay the full amounts reflected in the invoices from NEW HIGH for OTHER GOODS delivered after January 1, 2020.

COUNTER-DEFENDANT DANIEL GUEZ'S AMENDED RESPONSE TO REQUESTS FOR ADMISSION – SET ONE                                                                                                    16

**ANSWER:**

Responding Party incorporates the Preliminary Statement and each of the General Objections set forth in Parts I and II, above. Responding Party additionally objects that the Request is impermissibly compound, as it requests a single admission or denial as to multiple shipments of goods and invoices though Responding Party's answers with respect to some invoices and/or shipments of goods would be different from Responding Party's answers with respect to other invoices and/or shipments of goods. Responding Party also objects to this Request on the ground that it is vague and confusing, as it fails to state whether it is intended to inquire regarding all such invoices and/or goods or fewer than all such invoices and goods and, if fewer than all such goods, it does not identify with particularity the invoices and/or goods to which it is intended to refer.

Subject to and without waiving these objections, Responding Party answers:

Denied that GLOBAL MED did not pay undisputed amounts reflected in invoices from NEW HIGH, but admitted that GLOBAL MED did not pay disputed amounts.

**REQUEST NO. 28:**

Admit that if any PPE provided by NEW HIGH failed to conform with GLOBAL MED'S specifications, GLOBAL MED would have had the right under California Commercial Code section 2601 to reject the nonconforming PPE.

**ANSWER:**

Responding Party incorporates the Preliminary Statement and each of the General Objections set forth in Parts I and II, above. Responding Party additionally objects that the Request is impermissibly compound, as it requests a single admission or denial as to any and all PPE though Responding Party's answers with respect to some PPE may be different from Responding Party's answers with respect to other PPE. Responding Party also objects to this Request on the ground that it is vague and confusing, as it fails to acknowledge or account for the manner by which PPE was received by, delivered to or delivered on behalf of GLOBAL MED.

COUNTER-DEFENDANT DANIEL GUEZ'S AMENDED RESPONSE TO REQUESTS FOR ADMISSION – SET ONE

17

Subject to and without waiving these objections, Responding Party answers:

Denied that California Commercial Code section 2601 is the statute applicable to the present dispute.

**REQUEST NO. 33:**

Admit that GLOBAL MED did not reject any of the alleged "fake" N95 masks provided by NEW HIGH.

**ANSWER:**

Responding Party incorporates the Preliminary Statement and each of the General Objections set forth in Parts I and II, above. Responding Party additionally objects that the Request vague, ambiguous and confusing insofar as it does not specify the intended meaning of the term "reject," such as a complete refusal to take delivery, taking delivery of goods based on agreed conditions, or retaining goods after requests to return them were refused. Responding Party also objects to this Request on the ground that it is vague and confusing, as it fails to acknowledge or account for the manner by which PPE was received by, delivered to or delivered on behalf of GLOBAL MED.

Subject to and without waiving these objections, Responding Party answers:

Denied.

**REQUEST NO. 34:**

Admit that NEW HIGH never represented that the masks it was selling to GLOBAL MED met NIOSH N95 classification standards.

**ANSWER:**

Responding Party incorporates the Preliminary Statement and each of the General Objections set forth in Parts I and II, above. Responding Party additionally objects that the Request vague, ambiguous and confusing insofar as it does not specify whether it is intended to inquire regarding a specific, express statement that included the phrase "NIOSH N95 classification standard" or regarding statements that included within their scope the NIOSH N95 classification standard.

COUNTER-DEFENDANT DANIEL GUEZ'S AMENDED RESPONSE TO REQUESTS FOR ADMISSION – SET ONE

18

Subject to and without waiving these objections, Responding Party answers:

Denied.

**REQUEST NO. 35:**

Admit that on multiple occasions NEW HIGH told YOU in writing that the masks it was selling to GLOBAL MED did not have NIOSH approval.

**ANSWER:**

Responding Party incorporates the Preliminary Statement and each of the General Objections set forth in Parts I and II, above. Responding Party additionally objects that the Request vague, ambiguous and confusing insofar as it does not specify whether it is intended to inquire regarding writings created before GLOBAL MED placed its purchase orders for the subject masks, after the purchase orders were placed, or after delivery of the subject masks.

Subject to and without waiving these objections, Responding Party answers:

Admitted that, NEW HIGH wrote on March 30, 2020, "Can you also have Andi send PO for this N95 from HK too. Its Normal N95 with NO NIOSH," on April 2, 2020, "N95 from HK have FDA approved, but no NIOSH," and on April 3, 2020, "N95 from HK only have FDA, they are working on the NIOSH, but still pending to get approved." Otherwise, denied.

**REQUEST NO. 32:**

Admit that on March 29, 2020, YOU received an email from kahin@new- high.com, including a Declaration of Conformity from Shenzhen Huacetong Testing and Certification Co., Ltd. for the N95 masks NEW HIGH was to provide to GLOBAL MED.

**ANSWER:**

Responding Party incorporates the Preliminary Statement and each of the General Objections set forth in Parts I and II, above. Responding Party objects to this Request on the ground that it is vague and ambiguous to the extent it fails to specify whether it is

COUNTER-DEFENDANT DANIEL GUEZ'S AMENDED RESPONSE TO REQUESTS FOR ADMISSION – SET ONE

19

inquiring regarding a document bearing the specified title or an authentic declaration of conformity actually created by Shenzhen Huacetong Testing and Certification Co., Ltd.

Subject to and without waiving these objections, Responding Party answers:

Admitted that Responding Party received a document purporting to be a Declaration of Conformity from Shenzhen Huacetong Testing and Certification Co., Ltd. and that it was represented to GLOBAL MED that the document pertained to N95 masks NEW HIGH was proposing to sell to GLOBAL MED.

**REQUEST NO. 38:**

Admit that on March 29, 2020, YOU received an email from kahin@new- high.com, including a Bacterial Filtration Efficiency (BFE) and Differential Pressure (Delta P) Final Report from Nelson Labs for the masks to be supplied by NEW HIGH.

**ANSWER:**

Responding Party incorporates the Preliminary Statement and each of the General Objections set forth in Parts I and II, above. Responding Party objects to this Request on the ground that it is vague and ambiguous to the extent it fails to specify whether it is inquiring regarding a document bearing the specified title or an authentic report actually created by Nelson Labs.

Subject to and without waiving these objections, Responding Party answers:

Admitted that Responding Party received a document purporting to be a Bacterial Filtration Efficiency (BFE) and Differential Pressure (Delta P) Final Report from Nelson Labs and that it was represented to GLOBAL MED that the document pertained to N95 masks NEW HIGH was proposing to sell to GLOBAL MED.

**REQUEST NO. 34:**

Admit that on March 29, 2020, YOU received an email from kahin@new- high.com including the following statement:

Dear Danny:

COUNTER-DEFENDANT DANIEL GUEZ'S AMENDED RESPONSE TO REQUESTS FOR ADMISSION – SET ONE

20

The N95 samples from HK factory still on their way, already arrived LA, but still in clearance. But please confirm we can sign the contract with the factory to secure the 1 million N95 mask supply, I afraid if we don't sign the contract within these 2 days, the capacity will gone.

**ANSWER:**

Responding Party incorporates the Preliminary Statement and each of the General Objections set forth in Parts I and II, above.

Subject to and without waiving these objections, Responding Party answers:

Admitted that Responding Party received an email purporting to be from kahin@new-high.com that contained the referenced statement or a similar statement.

**REQUEST NO. 35:**

Admit that on March 30, 2020, YOU responded to the March 29, 2020 email from kahin@new-high.com, set forth in the previous Request, with an email including the following statement:

"Sign it !!!"

**ANSWER:**

Responding Party incorporates the Preliminary Statement and each of the General Objections set forth in Parts I and II, above.

Subject to and without waiving these objections, Responding Party answers:

Admitted that Responding Party sent an email containing the quoted language on that date to the email address specified in the Request. Denied that the quoted statement was the entirety of the email.

**REQUEST NO. 41:**

Admit that on April 2, 2020, YOU received an email from kahin@new- high.com including the following statement:

Dear Danny:

COUNTER-DEFENDANT DANIEL GUEZ'S AMENDED RESPONSE TO REQUESTS FOR ADMISSION – SET ONE

21

Yes, will sign contract with the factory. Can you also have Andi send PO for this N95 from HK too. Its Normal N95 with NO NIOSH.

**ANSWER:**

Responding Party incorporates the Preliminary Statement and each of the General Objections set forth in Parts I and II, above.

Subject to and without waiving these objections, Responding Party answers:

Admitted that Responding Party received an email purporting to be from kahin@new-high.com that contained the referenced statement or a similar statement.

**REQUEST NO. 37:**

Admit that on April 2, 2020, YOU received an email from kahin@new- high.com including the following statement:

Kindly reminder:

N95 from HK have FDA approval but no NIOSH.

**ANSWER:**

Responding Party incorporates the Preliminary Statement and each of the General Objections set forth in Parts I and II, above.

Subject to and without waiving these objections, Responding Party answers:

Admitted that Responding Party received an email purporting to be from kahin@new-high.com that contained the referenced statement or a similar statement.

**REQUEST NO. 38:**

Admit that on April 3, 2020, YOU received an email from kahin@new- high.com including the following statement:

Dear Danny:

N95 from HK only have FDA, they are working on the NIOSH but still pending to get approved. ALSO no 510K.

COUNTER-DEFENDANT DANIEL GUEZ'S AMENDED RESPONSE TO REQUESTS FOR ADMISSION – SET ONE

**ANSWER:**

Responding Party incorporates the Preliminary Statement and each of the General Objections set forth in Parts I and II, above.

Subject to and without waiving these objections, Responding Party answers:

Admitted that Responding Party received an email purporting to be from kahin@new-high.com that contained the referenced statement or a similar statement.

**REQUEST NO. 44:**

Admit that on April 8, 2020, NEW HIGH shipped 1200 sample masks to GLOBAL MED at 2840 East 11th Street, Los Angeles.

**ANSWER:**

Responding Party incorporates the Preliminary Statement and each of the General Objections set forth in Parts I and II, above. Responding Party objects to this Request on the ground that it seeks admission regarding an asserted action by NEW HIGH in China on a specific date in the past, which Responding Party could not have observed, such that Responding Party cannot have personal knowledge sufficient to answer the Request.

Subject to and without waiving these objections, Responding Party answers:

Responding Party cannot truthfully admit or deny this request because it seeks information regarding an event that allegedly occurred on a specific date in the past in a manner that could not have been observed by Responding Party.

**REQUEST NO. 45:**

Admit that on April 8, 2020, NEW HIGH provided GLOBAL MED with a Fiscal Year 2020 FDA Certification of Registration for the sample masks it provided to GLOBAL MED.

**ANSWER:**

Responding Party incorporates the Preliminary Statement and each of the General Objections set forth in Parts I and II, above. Responding Party objects to this Request on the ground that it seeks admission regarding an asserted action by NEW HIGH in China

COUNTER-DEFENDANT DANIEL GUEZ'S AMENDED RESPONSE TO REQUESTS FOR ADMISSION – SET ONE

23

on a specific date in the past, which Responding Party could not have observed, such that Responding Party cannot have personal knowledge sufficient to answer the Request.

Subject to and without waiving these objections, Responding Party answers:

Admitted that NEW HIGH provided GLOBAL MED with a document purporting to be a Fiscal Year 2020 FDA Certification of Registration. Otherwise denied.

**REQUEST NO. 41:**

Admit that on April 24, 2020 Richard Delgado (r.delgado@gmgllc.com) sent an email to Kahin at NEW HIGH including the following statement:

Hello Kahin Can you please send me spec sheet/product details for N95 mask. Information needed:

Inner box size Inner box photos        Case pack size Case pack photo How many cases on pallet Product details Best regards Richard.

**ANSWER:**

Responding Party incorporates the Preliminary Statement and each of the General Objections set forth in Parts I and II, above. Responding Party objects to this Request on the ground that it seeks admission regarding an asserted action by a person other than Responding Party on a specific date in the past, which Responding Party could not have observed, such that Responding Party cannot have personal knowledge sufficient to answer the Request.

Subject to and without waiving these objections, Responding Party answers:

Responding Party cannot truthfully admit or deny this request because it seeks information regarding an event that allegedly occurred on a specific date in the past in a manner that could not have been observed by Responding Party.

**REQUEST NO. 42:**

Admit that as of April 24, 2020, Richard Delgado was one of GLOBAL MED's employees.

COUNTER-DEFENDANT DANIEL GUEZ'S AMENDED RESPONSE TO REQUESTS FOR ADMISSION – SET ONE

24

**ANSWER:**

Responding Party incorporates the Preliminary Statement and each of the General Objections set forth in Parts I and II, above. Responding Party objects to this Request on the ground that it seeks admission regarding the specific legal status of a person who performed work for or associated with GLOBAL MED, though determining the specific legal status of that person as an employee, independent contractor or other would require special knowledge or expertise.

Subject to and without waiving these objections, Responding Party answers:

Admitted that Richard Delgado performed work for Responding Party as of the date specified in the Request. Otherwise, Responding Party cannot truthfully admit or deny this request because it seeks information regarding the specific legal relationship between GLOBAL MED and an individual that would require special knowledge or expertise to determine.

**REQUEST NO. 43:**

Admit that as of April 24, 2020, Richard Delgado was authorized to communicate with NEW HIGH on GLOBAL MED's behalf.

**ANSWER:**

Responding Party incorporates the Preliminary Statement and each of the General Objections set forth in Parts I and II, above. Responding Party objects to this Request on the ground that it seeks admission regarding a broad topic as to which Responding Party's answer may differ depending upon the segment of that broad topic that is at issue. For example, a person may be authorized to communicate on some topics but not on others.

Subject to and without waiving these objections, Responding Party answers:

Admitted that Richard Delgado was authorized to communicate with NEW HIGH at various times regarding particular topics. But denied that Richard Delgado was authorized to communicate with NEW HIGH at all times regarding all topics.

COUNTER-DEFENDANT DANIEL GUEZ'S AMENDED RESPONSE TO REQUESTS FOR ADMISSION – SET ONE                                                                                      25

**REQUEST NO. 44:**

Admit that on May 1, 2020, Richard Delgado received an email from kahin@new-high.com attaching a copy of a GTT Test Report dated March 10, 2020 for the masks to be supplied by NEW HIGH.

**ANSWER:**

Responding Party incorporates the Preliminary Statement and each of the General Objections set forth in Parts I and II, above. Responding Party objects to this Request on the ground that it seeks admission regarding an alleged email by a person other than Responding Party, such that Responding Party cannot have personal knowledge sufficient to answer the Request.

Subject to and without waiving these objections, Responding Party answers:

Responding Party cannot truthfully admit or deny this request because it seeks information regarding an event that allegedly occurred on a specific date in the past in a manner that could not have been observed by Responding Party.

**REQUEST NO. 50:**

Admit that on May 1, 2020, Richard Delgado received an email from kahin@new-high.com including a Bacterial Filtration Efficiency (BFE) and Differential Pressure (Delta P) Final Report from Nelson Labs for the N95 masks to be supplied by NEW HIGH.

**ANSWER:**

Responding Party incorporates the Preliminary Statement and each of the General Objections set forth in Parts I and II, above. Responding Party objects to this Request on the ground that it seeks admission regarding an alleged email by a person other than Responding Party, such that Responding Party cannot have personal knowledge sufficient to answer the Request.

Subject to and without waiving these objections, Responding Party answers:

COUNTER-DEFENDANT DANIEL GUEZ'S AMENDED RESPONSE TO REQUESTS FOR ADMISSION – SET ONE

26

Responding Party cannot truthfully admit or deny this request because it seeks information regarding an event that allegedly occurred on a specific date in the past in a manner that could not have been observed by Responding Party.

**REQUEST NO. 51:**

Admit that YOU represented to ADVENTIST HEALTH that the masks supplied by NEW HIGH had been approved by NIOSH as meeting its "N95" classification standard.

**ANSWER:**

Responding Party incorporates the Preliminary Statement and each of the General Objections set forth in Parts I and II, above.

Subject to and without waiving these objections, Responding Party answers:

Denied.

**REQUEST NO. 52:**

Admit that when You represented to ADVENTIST HEALTH that the masks supplied by NEW HIGH had been approved by NIOSH as meeting its "N95" classification standard, YOU knew that representation was false.

**ANSWER:**

Responding Party incorporates the Preliminary Statement and each of the General Objections set forth in Parts I and II, above. Responding Party further objects that this Request assumes the truth of a predicate fact (that GLOBAL MED represented to ADVENTIST HEALTH that the masks supplied by NEW HIGH had been approved by NIOSH as meeting its "N95" classification standard) that is not supported by the record. As a result, the Request is compound and confusing.

Subject to and without waiving these objections, Responding Party answers:

Denied that GLOBAL MED represented to ADVENTIST HEALTH that the masks supplied by NEW HIGH had been approved by NIOSH as meeting its "N95" classification standard.

COUNTER-DEFENDANT DANIEL GUEZ'S AMENDED RESPONSE TO REQUESTS FOR ADMISSION – SET ONE

27

**REQUEST NO. 53:**

Admit that after February 1, 2021, GLOBAL MED made TRANSFERS to YOU.

**ANSWER:**

Responding Party incorporates the Preliminary Statement and each of the General Objections set forth in Parts I and II, above. Responding Party objects to this Request on the ground that it seeks admission on a topic that is not relevant to any actual and legitimate dispute in this action. Responding Party further objects to this Request on the ground that its use of the uncertainly and vaguely defined phrase "made TRANSFERS" renders it vague, uncertain and confusing.

Subject to and without waiving these objections, Responding Party answers:

Admitted.

**REQUEST NO. 54:**

Admit that GLOBAL MED made TRANSFERS to YOU after February 1, 2021 without receiving REASONABLY EQUIVALENT VALUE in return.

**ANSWER:**

Responding Party incorporates the Preliminary Statement and each of the General Objections set forth in Parts I and II, above. Responding Party objects to this Request on the ground that it seeks admission on a topic that is not relevant to any actual and legitimate dispute in this action. Responding Party further objects to this Request on the ground that its use of the confusingly defined term "REASONABLY EQUIVALENT VALUE" renders the Request itself vague, confusing and uncertain.

Subject to and without waiving these objections, Responding Party answers:

Denied.

**REQUEST NO. 55:**

Admit that GLOBAL MED made TRANSFERS to YOU after February 1, 2021 without receiving VALUE in return.

COUNTER-DEFENDANT DANIEL GUEZ'S AMENDED RESPONSE TO REQUESTS FOR ADMISSION – SET ONE                                                                      28

**ANSWER:**

Responding Party incorporates the Preliminary Statement and each of the General Objections set forth in Parts I and II, above. Responding Party objects to this Request on the ground that it seeks admission on a topic that is not relevant to any actual and legitimate dispute in this action. Responding Party further objects to this Request on the ground that its use of the confusingly defined term "VALUE" renders the Request itself vague, confusing and uncertain.

Subject to and without waiving these objections, Responding Party answers:

Denied.

**REQUEST NO. 56:**

Admit that after February 1, 2021, GLOBAL MED made TRANSFERS to BOSILCIC.

**ANSWER:**

Responding Party incorporates the Preliminary Statement and each of the General Objections set forth in Parts I and II, above. Responding Party objects to this Request on the ground that it seeks admission on a topic that is not relevant to any actual and legitimate dispute in this action. Responding Party further objects to this Request on the ground that its use of the uncertainly and vaguely defined phrase "made TRANSFERS" renders it vague, uncertain and confusing.

Subject to and without waiving these objections, Responding Party answers:

Admitted.

**REQUEST NO. 57:**

Admit that GLOBAL MED made TRANSFERS to BOSILCIC after February 1, 2021 without receiving REASONABLY EQUIVALENT VALUE in return.

**ANSWER:**

Responding Party incorporates the Preliminary Statement and each of the General Objections set forth in Parts I and II, above. Responding Party objects to this Request on

COUNTER-DEFENDANT DANIEL GUEZ'S AMENDED RESPONSE TO REQUESTS FOR ADMISSION – SET ONE

29

the ground that it seeks admission on a topic that is not relevant to any actual and legitimate dispute in this action. Responding Party further objects to this Request on the ground that its use of the confusingly defined term "REASONABLY EQUIVALENT VALUE" renders the Request itself vague, confusing and uncertain.

Subject to and without waiving these objections, Responding Party answers:

Denied.

**REQUEST NO. 58:**

Admit that GLOBAL MED made TRANSFERS to BOSILCIC after February 1, 2021 without receiving VALUE in return.

**ANSWER:**

Responding Party incorporates the Preliminary Statement and each of the General Objections set forth in Parts I and II, above. Responding Party objects to this Request on the ground that it seeks admission on a topic that is not relevant to any actual and legitimate dispute in this action. Responding Party further objects to this Request on the ground that its use of the confusingly defined term "VALUE" renders the Request itself vague, confusing and uncertain.

Subject to and without waiving these objections, Responding Party answers:

Denied.

**REQUEST NO. 59:**

Admit that after February 1, 2021, GLOBAL MED paid personal expenses for YOU without reimbursement.

**ANSWER:**

Responding Party incorporates the Preliminary Statement and each of the General Objections set forth in Parts I and II, above. Responding Party objects to this Request on the ground that it seeks admission on a topic that is not relevant to any actual and legitimate dispute in this action, the events pertaining to which occurred in 2020. Responding Party

COUNTER-DEFENDANT DANIEL GUEZ'S AMENDED RESPONSE TO REQUESTS FOR ADMISSION – SET ONE

30

further objects to this Request on the ground that its use of the undefined term "personal expenses" renders the Request itself vague, confusing and uncertain.

Subject to and without waiving these objections, Responding Party answers:

Denied.

**REQUEST NO. 60:**

Admit that after February 1, 2021, GLOBAL MED made the payments for YOUR Audi without reimbursement.

**ANSWER:**

Responding Party incorporates the Preliminary Statement and each of the General Objections set forth in Parts I and II, above. Responding Party objects to this Request on the ground that it seeks admission on a topic that is not relevant to any actual and legitimate dispute in this action, the events pertaining to which occurred in 2020. Responding Party further objects to this Request on the ground that its use of the undefined term "reimbursement" renders the Request itself vague, confusing and uncertain insofar as it fails to specify whether it is intended to inquire only about "reimbursements" made after the specified payments or whether it also includes "reimbursements" that preceded the specified payments (i.e., in which case the specified payments would be reimbursements for previously provided monies, services or other value).

Subject to and without waiving these objections, Responding Party answers:

Denied.

**REQUEST NO. 61:**

Admit that after February 1, 2021, GLOBAL MED paid personal expenses for BOSILCIC without reimbursement.

**ANSWER:**

Responding Party incorporates the Preliminary Statement and each of the General Objections set forth in Parts I and II, above. Responding Party objects to this Request on the ground that it seeks admission on a topic that is not relevant to any actual and legitimate

COUNTER-DEFENDANT DANIEL GUEZ'S AMENDED RESPONSE TO REQUESTS FOR ADMISSION – SET ONE

31

dispute in this action, the events pertaining to which occurred in 2020. Responding Party further objects to this Request on the ground that its use of the undefined term "reimbursement" renders the Request itself vague, confusing and uncertain insofar as it fails to specify whether it is intended to inquire only about "reimbursements" made after the specified payments or whether it also includes "reimbursements" that preceded the specified payments (i.e., in which case the specified payments would be reimbursements for previously provided monies, services or other value).

Subject to and without waiving these objections, Responding Party answers:

Denied.

**REQUEST NO. 62:**

Admit that YOU are an officer of MAPLETON.

**ANSWER:**

Responding Party incorporates the Preliminary Statement and each of the General Objections set forth in Parts I and II, above. Responding Party objects to this Request on the ground that it seeks admission on a topic that is not relevant to any actual and legitimate dispute in this action. Responding Party further objects to this Request on the ground that its assumes the predicate fact that MAPLETON, which is a limited liability company. has appointed officers.

Subject to and without waiving these objections, Responding Party answers:

Denied.

**REQUEST NO. 63:**

Admit that YOU are a member (as that term is defined in Nev. Rev. Stat. Ann. § 86.081) of MAPLETON.

**ANSWER:**

Responding Party incorporates the Preliminary Statement and each of the General Objections set forth in Parts I and II, above. Responding Party objects to this Request on the ground that it seeks admission on a topic that is not relevant to any actual and legitimate

COUNTER-DEFENDANT DANIEL GUEZ'S AMENDED RESPONSE TO REQUESTS FOR ADMISSION – SET ONE

32

dispute in this action. Responding Party also objects to this Request on the ground that it uses a term ("member") that is defined in the preamble to the Requests according to the laws of a state in which MAPLETON is not organized, which term is defined differently in different parts of the Requests, and, on those grounds, is vague and confusing.

Subject to and without waiving these objections, Responding Party answers:

Denied.

**REQUEST NO. 65:**

Admit that YOU are a are a manager (as that term is defined in Nev. Rev. Stat. Ann. § 86.071) of MAPLETON.

**ANSWER:**

Responding Party incorporates the Preliminary Statement and each of the General Objections set forth in Parts I and II, above. Responding Party objects to this Request on the ground that it seeks admission on a topic that is not relevant to any actual and legitimate dispute in this action. Responding Party also objects to this Request on the ground that it uses a term ("manager") that is defined in the preamble to the Requests according to the laws of a state in which MAPLETON is not organized, which term is defined differently in different parts of the Requests, and, on those grounds, is vague and confusing.

Subject to and without waiving these objections, Responding Party answers:

Denied.

**REQUEST NO. 66:**

Admit that BOSILCIC is a member (as that term is defined in Nev. Rev. Stat. Ann. § 86.081) of MAPLETON.

**ANSWER:**

Responding Party incorporates the Preliminary Statement and each of the General Objections set forth in Parts I and II, above. Responding Party objects to this Request on the ground that it seeks admission on a topic that is not relevant to any actual and legitimate dispute in this action. Responding Party further objects to this Request on the ground that

its fails to specify whether it is meant to inquire regarding BOSILCIC's personal capacity or BOSILCIC's capacity as a trustee, member or officer of another entity or organization. Responding Party also objects to this Request on the ground that it uses a term ("member") that is defined in the preamble to the Requests according to the laws of a state in which MAPLETON is not organized, which term is defined differently in different parts of the Requests, and, on those grounds, is vague and confusing.

Subject to and without waiving these objections, Responding Party answers:

Admitted that Bosilcic is a member of MAPLETON in her capacity as trustee.

**REQUEST NO. 61:**

Admit that BOSILCIC is a manager (as that term is defined in Nev. Rev. Stat. Ann. § 86.071) of MAPLETON.

**ANSWER:**

Responding Party incorporates the Preliminary Statement and each of the General Objections set forth in Parts I and II, above. Responding Party objects to this Request on the ground that it seeks admission on a topic that is not relevant to any actual and legitimate dispute in this action. Responding Party further objects to this Request on the ground that its fails to specify whether it is meant to inquire regarding BOSILCIC's personal capacity or BOSILCIC's capacity as a trustee, member or officer of another entity or organization. Responding Party also objects to this Request on the ground that it uses a term ("manager") that is defined in the preamble to the Requests according to the laws of a state in which MAPLETON is not organized, which term is defined differently in different parts of the Requests, and, on those grounds, is vague and confusing.

Subject to and without waiving these objections, Responding Party answers:

Admitted that Bosilcic has been a manager of MAPLETON in her capacity as trustee.

**REQUEST NO. 62:**

Admit that BOSILCIC is a managing member of MAPLETON.

COUNTER-DEFENDANT DANIEL GUEZ'S AMENDED RESPONSE TO REQUESTS FOR ADMISSION – SET ONE                                                                                          34

**ANSWER:**

Responding Party incorporates the Preliminary Statement and each of the General Objections set forth in Parts I and II, above. Responding Party objects to this Request on the ground that it seeks admission on a topic that is not relevant to any actual and legitimate dispute in this action. Responding Party further objects to this Request on the ground that its fails to specify whether it is meant to inquire regarding BOSILCIC's personal capacity or BOSILCIC's capacity as a trustee, member or officer of another entity or organization. Responding Party also objects to this Request on the ground that it uses a term ("manager") that is defined in the preamble to the Requests according to the laws of a state in which MAPLETON is not organized, which term is defined differently in different parts of the Requests, and, on those grounds, is vague and confusing.

Subject to and without waiving these objections, Responding Party answers:

Admitted that Bosilcic has been a managing member of MAPLETON in her capacity as trustee.

**REQUEST NO. 63:**

Admit that GLOBAL MED knew that YOU were an officer of MAPLETON when GLOBAL MED made the TRANSFERS to MAPLETON.

**ANSWER:**

Responding Party incorporates the Preliminary Statement and each of the General Objections set forth in Parts I and II, above. Responding Party objects to this Request on the ground that it seeks admission on a topic that is not relevant to any actual and legitimate dispute in this action. Responding Party further objects to this Request on the ground that its use of the uncertainly and vaguely defined phrase "made the TRANSFERS" without specifying to which particular "transfers" the Request is intended to refer, which renders it vague, uncertain and confusing. Responding Party further objects that this Request assumes the truth of a predicate fact (that Responding Party was an officer of Mapleton) that is not supported by the record. As a result, the Request is compound and confusing.

COUNTER-DEFENDANT DANIEL GUEZ'S AMENDED RESPONSE TO REQUESTS FOR ADMISSION – SET ONE
35

Subject to and without waiving these objections, Responding Party answers:

Denied.

**REQUEST NO. 64:**

Admit that GLOBAL MED knew that BOSILCIC was an officer of MAPLETON when GLOBAL MED made the TRANSFERS to MAPLETON.

**ANSWER:**

Responding Party incorporates the Preliminary Statement and each of the General Objections set forth in Parts I and II, above. Responding Party objects to this Request on the ground that it seeks admission on a topic that is not relevant to any actual and legitimate dispute in this action. Responding Party further objects to this Request on the ground that its use of the uncertainly and vaguely defined phrase "made the TRANSFERS" without specifying to which particular "transfers" the Request is intended to refer, which renders it vague, uncertain and confusing.

Subject to and without waiving these objections, Responding Party answers:

Responding Party cannot truthfully admit or deny this request because it seeks information regarding matters outside Responding Party's present knowledge.

**REQUEST NO. 69:**

Admit that GLOBAL MED made the TRANSFERS to MAPLETON with the intent to hinder GLOBAL MED's creditors.

**ANSWER:**

Responding Party incorporates the Preliminary Statement and each of the General Objections set forth in Parts I and II, above. Responding Party objects to this Request on the ground that it seeks admission on a topic that is not relevant to any actual and legitimate dispute in this action. Responding Party further objects to this Request on the ground that its use of the uncertainly and vaguely defined phrase "made the TRANSFERS" without specifying to which particular "transfers" the Request is intended to refer, which renders it vague, uncertain and confusing.

COUNTER-DEFENDANT DANIEL GUEZ'S AMENDED RESPONSE TO REQUESTS FOR ADMISSION – SET ONE

Subject to and without waiving these objections, Responding Party answers:

Denied.

**REQUEST NO. 70:**

Admit that GLOBAL MED made the TRANSFERS to MAPLETON with the intent to delay GLOBAL MED's creditors.

**ANSWER:**

Responding Party incorporates the Preliminary Statement and each of the General Objections set forth in Parts I and II, above. Responding Party objects to this Request on the ground that it seeks admission on a topic that is not relevant to any actual and legitimate dispute in this action. Responding Party further objects to this Request on the ground that its use of the uncertainly and vaguely defined phrase "made the TRANSFERS" without specifying to which particular "transfers" the Request is intended to refer, which renders it vague, uncertain and confusing.

Subject to and without waiving these objections, Responding Party answers:

Denied.

**REQUEST NO. 71:**

Admit that GLOBAL MED made the TRANSFERS to MAPLETON with the intent to defraud GLOBAL MED's creditors.

**ANSWER:**

Responding Party incorporates the Preliminary Statement and each of the General Objections set forth in Parts I and II, above. Responding Party objects to this Request on the ground that it seeks admission on a topic that is not relevant to any actual and legitimate dispute in this action. Responding Party further objects to this Request on the ground that its use of the uncertainly and vaguely defined phrase "made the TRANSFERS" without specifying to which particular "transfers" the Request is intended to refer, which renders it vague, uncertain and confusing.

Subject to and without waiving these objections, Responding Party answers:

Denied.

**REQUEST NO. 72:**

Admit that at least some of the funds GLOBAL MED used to make the TRANSFERS to MAPLETON were subsequently transferred to YOU.

**ANSWER:**

Responding Party incorporates the Preliminary Statement and each of the General Objections set forth in Parts I and II, above. Responding Party objects to this Request on the ground that it seeks admission on a topic that is not relevant to any actual and legitimate dispute in this action. Responding Party further objects to this Request on the ground that its use of the uncertainly and vaguely defined phrase "made the TRANSFERS" without specifying to which particular "transfers" the Request is intended to refer, which renders it vague, uncertain and confusing.

Subject to and without waiving these objections, Responding Party answers:

Denied.

**REQUEST NO. 73:**

Admit that at least some of the funds GLOBAL MED used to make the TRANSFERS to MAPLETON were subsequently transferred to BOSILCIC.

**ANSWER:**

Responding Party incorporates the Preliminary Statement and each of the General Objections set forth in Parts I and II, above. Responding Party objects to this Request on the ground that it seeks admission on a topic that is not relevant to any actual and legitimate dispute in this action. Responding Party further objects to this Request on the ground that its use of the uncertainly and vaguely defined phrase "made the TRANSFERS" without specifying to which particular "transfers" the Request is intended to refer, which renders it vague, uncertain and confusing.

Subject to and without waiving these objections, Responding Party answers:

Denied.

COUNTER-DEFENDANT DANIEL GUEZ'S AMENDED RESPONSE TO REQUESTS FOR ADMISSION – SET ONE

38

BOWSE LAW GROUP

Date:    July 17, 2023

/s/ Michael A. Bowse

Michael A. Bowse

Attorney for Plaintiff and Cross-Defendants Global Med Group, LLC, and for Cross-Defendant Daniel Guez, Andreana Bosilcic, Delfern Holdings, LLC, and Mapleton Capital, LLC

COUNTER-DEFENDANT DANIEL GUEZ'S AMENDED RESPONSE TO REQUESTS FOR ADMISSION – SET ONE

39

## DECLARATION OF SERVICE

Michael A. Bowse, pursuant to 28 U.S.C. § 1746 hereby declares as follows:

1. I am not a party to this action, am over 18 years of age, and am employed by Bowse Law Group, APC, whose business address is 811 Wilshire Blvd., 17th Floor, Los Angeles, California.

2. I hereby certify that, on July 17, 2023, I served the foregoing **COUNTER-DEFENDANT DANIEL GUEZ'S AMENDED RESPONSE TO REQUESTS FOR ADMISSION – SET ONE** in the above-captioned action on the following:

| | |
|---|---|
| LAWRENCE J. HILTON<br>Email: lhilton@onellp.com<br>ALEC SCHULMAN<br>Email: aschulman@onellp.com<br>ONE LLP<br>23 Corporate Plaza, Suite 150-105<br>Newport Beach, CA 92660<br>Telephone: (949) 502-2870<br>Facsimile:   (949) 258-5081 | Counsel for Defendant/Cross-Complainant New High Limited |

3. **By electronic transmission.** Based on court e-filing rules, a court order, or an agreement of the parties to accept electronic service, I X electronically served the documents on the person[s] at the electronic service address[es] below ☐ caused the documents to be sent to the person[s] at the electronic service address[es] set forth below via upload to [NAME OF E-FILING VENDOR].

/S/ Michael A. Bowse_____
Michael A. Bowse

COUNTER-DEFENDANT DANIEL GUEZ'S AMENDED RESPONSE TO REQUESTS FOR ADMISSION – SET ONE

40