UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:21-cv-09608-CAS-PVCx | Date | July 6, 2026 |
|---|---|---|---|
| Title | New High Limited v. Global Merch Group, LLC | | |

Present: The Honorable    CHRISTINA A. SNYDER

| Catherine Jeang | Not Present | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:          Attorneys Present for Defendants:

Not Present                    Not Present

**Proceedings:**   (IN CHAMBERS) - DEFENDANTS-IN JUDGMENT DANIEL GUEZ AND GLOBAL MED GROUP, LLC'S MOTION TO VACATE AND SET ASIDE AMENDED JUDGMENT (Dkt. 129, filed on May 29, 2026)

## I.   INTRODUCTION AND BACKGROUND

On December 10, 2021, plaintiff New High Limited ("New High") commenced this action against defendant Global Merch Group, LLC ("GMG"). See Dkt. 1 ("Compl."). New High is a Hong Kong corporation with its principal place of business in Hong Kong, and GMG is a limited liability company with its principal place of business in Nevada. Id. New High's complaint alleges that GMG failed to pay for apparel and personal protective equipment ("PPE") that New High delivered to it, that GMG wrongfully cancelled purchases for products after New High had already produced them pursuant to contracts entered into with GMG, and that New High was in the process of producing additional goods ordered by GMG at the time that GMG breached. Id. ¶¶ 8-10. New High began selling and shipping apparel and PPE to GMG in January 2020. Id. ¶ 6. New High asserts that each time it delivered products to GMG, New High would provide an invoice with information about the products, the payment due, and the instructions for payment. Id. ¶ 7. New High claims that GMG failed to pay for $1,451,168.49 in apparel and PPE, that GMG wrongfully cancelled purchases for $176,797.50 in goods, and that New High was in the process of producing additional apparel valued at $688,670.55 at the time of New High's complaint. Id. ¶¶ 8-10. New High asserts claims for: (1) breach of written contracts; (2) account stated; and (3) goods sold and delivered. Id. ¶¶ 11-26.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:21-cv-09608-CAS-PVCx | | Date | July 6, 2026 |
| Title | New High Limited v. Global Merch Group, LLC | | | |

On January 11, 2022, New High requested that the Clerk enter default against GMG for failure to appear or otherwise respond to New High's complaint within the time prescribed by the Federal Rules of Civil Procedure. Dkt. 12. On January 12, 2022, the Clerk entered default against GMG. Dkt. 13.

On February 23, 2022, New High filed a motion for default judgment against GMG. Dkt. 14. On March 14, 2022, GMG filed a motion to set aside default. Dkt. 15. That same day, GMG also filed an opposition to New High's motion for default judgment. Dkt. 16. On April 11, 2022, the Court granted GMG's motion to set aside default, on the condition that GMG effectuate payment of the $7,500 in attorneys' fees New High incurred in drafting its motion for default judgment and opposing GMG's motion to set aside default, on or before April 25, 2022. Dkt. 19.

On April 28, 2022, New High's counsel submitted a declaration stating that "[a]s of April 27, 2022, Defendant had not complied with [the Court's April 11, 2022 order] in that it had neither paid the $7,500 fee award to Plaintiff, nor made any contact with Plaintiff's counsel to arrange for payment." Dkt. 20. On May 16, 2022, the Court ordered GMG to show cause, on or before May 23, 2022, why default judgment against it should not be entered as a result of its failure to pay the Court-imposed attorney fee award on or before the Court-ordered deadline. Dkt. 21. GMG did not file a response to the Court's May 16, 2022 order.

On June 8, 2022, the Court reserved judgment on New High's motion for default judgment and ordered New High to file and serve supplemental information to support its claim for damages, attorneys' fees, and costs on or before July 5, 2022. See dkt. 22. On June 24, 2022, in response to the Court's June 8, 2022 order, New High submitted a supplemental statement of damages in support of its motion for default judgment. Dkt. 23 ("Supplemental Damages Statement"). New High served the Supplemental Damages Statement on GMG through the Court's CM/ECF system on June 24, 2022, and via email on July 19, 2022. See dkts. 24, 25. GMG did not respond to the Supplemental Damages Statement. On July 21, 2022, the Court granted New High's motion for default judgment, and, on July 27, 2022, the Court entered default judgment against GMG in the amount of $2,541,206.86. Dkts. 26 (order), 28 (judgment).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                    **'O'**

| Case No. | 2:21-cv-09608-CAS-PVCx | Date | July 6, 2026 |
|---|---|---|---|
| Title | New High Limited v. Global Merch Group, LLC | | |

On August 26, 2022, GMG filed a motion to vacate default judgment or, in the alternative, to set aside default. Dkt. 35. On September 21, 2022, the Court denied GMG's motion. Dkt. 45. On October 20, 2022, GMG appealed the default judgment and the Court's denial of its motion to vacate, or in the alternative, set aside default. Dkt. 46.

On September 13, 2023, New High filed a motion to amend the judgment to add Global Med Group, LLC ("Global Med") and Daniel Guez ("Guez") as judgment debtors. Dkt. 58-1. On October 1, 2023, GMG filed a response to and notice of deficiencies in New High's motion to amend judgment. Dkt. 59. On October 2, 2023, New High filed a reply in support of its motion to amend judgment. Dkt. 60. On October 14, 2023, the Court denied New High's motion without prejudice, in light of the fact that an appeal was pending. Dkt. 62.

On August 14, 2024, the Court of Appeals for the Ninth Circuit affirmed the Court's order denying GMG's motion to vacate, or in the alternative set aside, the default judgment. Dkt. 64. On September 5, 2024, the Ninth Circuit's judgment went into effect. Dkt. 65.

On November 5, 2024, New High filed a renewed motion to amend the default judgment to add Global Med, Mapleton Capital, LLC ("Mapleton"), and Guez as judgment debtors. Dkt. 66. On November 14, 2024, New High filed a proof of service of the motion to amend the default judgment on Mapleton. Dkt. 67. On December 16, 2024, New High filed proofs of service of the motion to amend the default judgment on Guez and Global Med. Dkts. 71, 72. On December 20, 2024, New High filed a notice that no opposition had been filed to their renewed motion. Dkt. 74.

On January 6, 2025, the Court held a hearing and granted New High's renewed motion to amend the default judgment to add Global Med, Mapleton, and Guez as judgment debtors. Dkt. 75.

On December 17, 2025, New High filed an application for a Judgment Debtor Exam as to Guez. Dkt. 104. On December 22, 2025, Magistrate Judge Pedro V. Castillo ordered Guez to appear on March 10, 2026, for a judgment debtor examination. Dkt. 109. On February 4, 2026, New High filed its proof of service by substituted service on Guez. Dkt. 111. Guez did not appear at the March 10, 2026, hearing. Dkt. 119.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:21-cv-09608-CAS-PVCx | Date | July 6, 2026 |
|---|---|---|---|
| Title | New High Limited v. Global Merch Group, LLC | | |

On March 11, 2026, Magistrate Judge Castillo ordered Guez to show cause as to why he should not be held in contempt for their failure to appear at the March 10 hearing or to appear on March 24, 2026. Id.

On March 18, 2026, Guez filed an *ex parte* application to quash or vacate the order requiring him to appear for a judgment debtor examination on March 24, 2026, and for an order staying and discharging any related order to show cause, on the ground that he was not personally served with any order requiring him to appear. Dkt. 121.

On March 23, 2026, Magistrate Judge Castillo granted Guez's *ex parte* application and vacated the order to show cause. Dkt. 123.

On May 29, 2026, Guez and Global Med (together, "movants") filed the instant motion to vacate and set aside the January 6, 2025 amended judgment naming the movants as judgment debtors. Dkt. 129 ( "Mot."). In support of their motion, movants attached a declaration by Daniel Guez. Dkt. 129-1 ("Guez Decl."). On June 8, 2026, New High filed an opposition to the motion. Dkt. 130 ("Opp."). On June 15, 2026, movants filed a reply. Dkt. 136 ("Reply").

On June 29, 2026, the Court held a hearing. Having carefully considered the parties' arguments and submissions, the Court finds and concludes as follows.

## II.    LEGAL STANDARD

Under Rule 60(b), the Court may relieve a party from a final judgment or order for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud or other misconduct; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) any other reason that justifies relief. Fed. R. Civ. P. 60(b). Rule 60(b)(4) provides for relief from judgment on the basis that a judgment is void. An incorrectly decided judgment is not itself sufficient to render a judgment void. United Student Aid Funds, Inc. v. Espinosa, 559 U.S. 260 (2010). "Rule 60(b)(4) applies only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard." Id. Any Rule 60(b) motion must be brought within a reasonable time and, in certain circumstances, no later than one year after entry of judgment or the order being challenged. See Fed. R. Civ. P. 60(c)(1).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**            **'O'**

| Case No. | 2:21-cv-09608-CAS-PVCx | Date | July 6, 2026 |
|---|---|---|---|
| Title | New High Limited v. Global Merch Group, LLC | | |

## III.   DISCUSSION

### A.   The Parties' Arguments

Movants contend that enforcing the January 6, 2025 amended judgment, dkt. 76, would violate their due process rights because the substituted service on Guez and Global Med of New High's renewed motion to amend judgment was not reasonably calculated to give the interested parties actual notice of the proceedings and an opportunity to be heard. Mot. at 6. Guez was served by substituted service on Amy Guez at 11401 Ayrshire Road, Los Angeles, CA 90049. Dkt. 71. Global Med was served in the same manner, through Guez as an officer or agent for the corporation. Dkt. 72. Guez declares that he did not live, work, or receive mail at the Ayrshire address when service was attempted, has never lived there, and that the address is the home of his former wife and her parents. Mot. at 7 (citing Guez Decl. ¶ 7). Guez additionally declares that his address at the time was 351 18th Street, Santa Monica, California which is listed on Guez's driver's license. Id. (citing Guez Decl. ¶ 7, Ex. A). Guez argues that no service or knowledge can be imputed to him from the substituted service at Ayrshire Road and that, accordingly, the substituted service conferred neither constructive notice nor personal jurisdiction. Id. at 8.

According to movants, deficient service rendered the amended judgment void for lack of personal jurisdiction, and, therefore, relief under Fed. R. Civ. P. 60(b)(4) is mandatory. Id. at 12. Moreover, movants contend that a judgment creditor must serve an alleged alter ego with process before the court can exercise jurisdiction over that person. Id. Movants argue that service at a location where Guez has never resided does not comport with due process requirements as it is not reasonably calculated to provide Guez with notice. Id. at 8-9 (citing Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950)). Movants further argue that due process was not satisfied because (1) movants have been subjected to a judgment without ever having had an opportunity to contest it; (2) movants were not heard on the merits of the alter ego theory; (3) movants were not permitted to cross-examine witnesses or challenge the evidence offered in support of New High's motion to amend the judgment; and (4) movants were not represented by counsel. Id. at 9. Movants also argue that due process concerns here are particularly acute because movants were never a party to this litigation as they were never served with New High's original complaint. Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**        **'O'**

| Case No. | 2:21-cv-09608-CAS-PVCx | Date | July 6, 2026 |
|----------|------------------------|------|--------------|
| Title | New High Limited v. Global Merch Group, LLC | | |

Movants additionally assert that their motion is timely. Id. at 12-13. Movants state they only received notice of the renewed motion to amend judgment and of the amended judgment on January 20, 2026, when New High commenced enforcement proceedings against Guez and the "few" months between receiving notice and the filing of the instant motion is reasonable and timely. Id.

In its opposition, New High argues that enforcing the judgment against Global Med and Guez does not violate their due process rights. Opp. at 13. In support of this assertion, New High argues that (1) Guez has had control over the course of the litigation from the outset; (2) movants received notice of both New High's original motion to amend judgment and renewed motion to amend the judgment; (3) movants had notice and an opportunity to be heard; and (4) Guez received notice of the renewed motion to amend through the challenged substituted service. See id. at 13-21.

First, New High argues that Guez is the ultimate decision-maker for the original defendant GMG, as well as Global Med, and Mapleton and as such has been controlling the litigation in the present action. Id. at 14. New High asserts that Guez's positions as the sole Manager of the only member of GMG, the CEO of Global Med and GMG, and the "Managing Member" of Mapleton demonstrate Guez's control over all judgment debtors and the original defendant. Id. at 14-15 (citing dkt. 66-6 and 58-10 through 58-12).

Second, New High asserts that Guez and Global Med received notice of New High's original motion to amend the judgment because it was served electronically through CM/ECF on all parties who had appeared in the action through their attorneys, which, at the time of the motion to amend judgment, included both GMG and Global Med, each represented by Michael Bowse ("Bowse"). Id. at 15. GMG first participated in the litigation of this case on March 14, 2022, filing a motion to set aside default through attorney Bowse. Dkt. 15. Global Med first participated in this case as a non-party on August 4, 2022, filing a motion to quash a subpoena for bank records through attorney Bowse. Dkt. 31.

New High argues that GMG and Mapleton did not file a motion to vacate the amended judgment, and it is therefore undisputed that the amended judgment is binding on those parties. Opp. at 16. New High states that on November 11, 2024, its renewed motion to amend was served on Mapleton's registered agent in Nevada. Id. at 17 (citing dkt. 67). New High argues that, given that Guez controlled both GMG and Mapleton, the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**              **'O'**

| Case No. | 2:21-cv-09608-CAS-PVCx | Date | July 6, 2026 |
|---|---|---|---|
| Title | New High Limited v. Global Merch Group, LLC | | |

notice and opportunity provided to them should be imputed to Guez and Global Med. Id. at 16.

Moreover, New High argues that, like the original motion to amend the judgment, the renewed motion was served electronically through CM/ECF on all parties who had appeared in the action through their attorneys, which, at the time of the renewed motion to amend judgment, included both GMG and Global Med which were represented by Bowse. Id. New High asserts that it contacted Bowse, attorney of record for Global Med and GMG at that time, regarding an *ex parte* application to continue the hearing on the renewed motion to amend, and Bowse responded. Id. at 17 (citing dkt. 69-2 ¶ 7, Ex. D).

New High further contends that because Guez and Global Med were already being represented by Bowse, serving Bowse was sufficient. New High makes this assertion based on Global Med being represented by Bowse in the present action and Guez being represented by Bowse in a related case, Global Med Group, LLC v. New High Ltd., Case No. 2:22-cv-06031-CAS-PVC ("Global Med Action"), where Bowse first filed on behalf of Guez on November 21, 2022. Global Med Action, dkt. 28.

Third, New High asserts that movants' due process arguments are meritless because this Court has already determined that Guez "has been a party to the litigation since the action commenced," that Guez and Global Med "have had the opportunity to present a defense, and their interests have been represented throughout the action," and that they "had an opportunity to be heard." Opp. at 19 (quoting this Court's January 6, 2025, order, dkt. 75 at 9).

Fourth, New High asserts that movants did not meet their burden to prove that service did not occur. Id. at 21. New High asserts that movants have failed to provide corroborating evidence regarding Guez's relevant addresses in December 2024 and have only provided is a self-serving declaration from Guez and Guez's driver's license issued March 26, 2024, without providing any supporting evidence showing Guez's address in December 2024 (e.g., utility bills, etc.). Id.

In reply, movants largely repeat the assertions set forth in their motion. See generally Reply. Movants additionally emphasize that adding a nonparty requires personal jurisdiction that can only be acquired through proper service consistent with due process. Id. at 3-4.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:21-cv-09608-CAS-PVCx | Date | July 6, 2026 |
|---|---|---|---|
| Title | New High Limited v. Global Merch Group, LLC | | |

### B.    Service on Alter Ego as Substituted Service

Courts in the Ninth Circuit have held that proper service on one defendant can constitute effective service on other alter ego corporations or individuals of the properly served defendant. See Wells Fargo & Co. v. Wells Fargo Exp. Co., 556 F.2d 406, 426 (9th Cir. 1977) (vacating a dismissal for lack of personal jurisdiction and remanding for the district court to consider whether a foreign defendant was the alter ego of a properly served defendant such that the court gained personal jurisdiction over the foreign defendant); see also Clarke v. TNSG Health Co., No. 221CV03463HDVRAOX, 2023 WL 9419142, at *3 (C.D. Cal. Nov. 29, 2023) (holding that substituted service under an alter ego theory is valid); j2 Cloud Servs., Inc. v. Fax87, No. 13-05353 DDP (AJWX), 2017 WL 11682159, at *4 (C.D. Cal. Apr. 7, 2017) (concluding that Ninth Circuit case law has established that service on one entity can constitute valid service on an alter ego or successor entity).

Here, it is undisputed that GMG was properly served at the outset of this action, and that GMG and Mapleton were properly served New High's motion to amend the judgment, dkt. 66. See dkts. 11, 66, 67. This Court found that Guez, Global Med, and Mapleton are alter egos of GMG. Dkt. 75 at 8; see Greenspan v. LADT, LLC, 191 Cal. App. 4th 486, 508 (2010) (holding that a finding of alter ego status requires that the entity "in fact had control of the previous litigation, and thus were virtually represented in the lawsuit"). On these facts alone, the Court may find that movants were served the renewed motion to amend the judgement through the Notice of Electronic Filing ("NEF") generated by CM/ECF and sent to the parties' shared attorney, Bowse, who, at the time of the renewed motion, had appeared for both Global Med and GMG in this case and for Guez in the related action. Dkts. 15, 31; Global Med Action, dkt. 28. Service of documents other than the summons via CM/ECF on parties that have appeared in the case is proper pursuant to C.D. Cal. Local Rule 5-3.2.1. Accordingly, even assuming arguendo that the proofs of substituted service on Guez and Global Med were technically deficient, the Court finds that service on Guez and Global Med of New High's motion to amend the judgment was satisfied by other means. Thus, there is no jurisdictional basis for finding that the amended judgment is void.

### C.    Movants' Due Process Rights are not Offended

The Court also finds that the amended judgment did not violate movants' due process. Section 187 of the California Code of Civil Procedure permits the amendment

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:21-cv-09608-CAS-PVCx | Date | July 6, 2026 |
|---|---|---|---|
| Title | New High Limited v. Global Merch Group, LLC | | |

of a judgment to add judgment debtors on the ground that a person or entity is the alter ego of the original judgment debtor, but only under circumstances that do not offend due process. See NEC Elecs. v. Hurt, 208 Cal.App.3d 772, 778 (1989); Dow Jones Co. v. Avenel, 151 Cal. App. 3d 144, 148 (1984) (The court "may add a post-judgment debtor, pursuant to Code of Civil Procedure section 187, subject only to due process considerations."). California courts have adopted a two-part test to determine whether a defendant may be added after judgment is entered. Adding a new defendant "requires *both* (1) that the new party be the alter ego of the old party *and* (2) that the new party had controlled the litigation, thereby having had the opportunity to litigate, in order to satisfy due process concerns." Toho–Towa Co., Ltd. v. Morgan Creek Prods., Inc., 217 Cal. App. 4th 1096, 1106 (2013) (emphasis in original) (quoting Triplett v. Farmers Ins. Exch., 24 Cal. App. 4th 1415, 1421 (1994)); accord In re Levander, 180 F.3d at 1121. The applicable burden of proof is a preponderance of the evidence. Wollersheim v. Church of Scientology, 69 Cal. App. 4th 1012, 1014 (1999).

This Court found it proper in its January 6, 2025 order to add Global Med and Guez as judgment debtors, finding that Guez and Global Med are alter egos of GMG. Dkt. 75 at 8. As part of its order, the Court found that adding Guez, Global Med, and Mapleton to the judgment would not offend due process because Guez, "as CEO of GMG, . . . has been a party to the litigation since the action commenced. As such, Guez, Global Med, and Mapleton have had the opportunity to present a defense, and their interests have been represented throughout the action by their shared attorney [Bowse]. Furthermore, Guez, Global Med, and Mapleton had an opportunity to be heard on this matter at the hearing on January 6, 2025, but no appearance was made." Id. at 9.

Having previously considered Guez and Global Med's due process concerns, the Court concluded that their due process rights were sufficiently safeguarded due to their notice and opportunity to be heard independent of New High's proofs of service on Guez and Global Med.[1] Therefore, the alleged technical deficiency in New High's proofs of

---

[1] At oral argument, counsel for Guez and Global Med requested that the Court hold a hearing as to whether Guez and Global Med are alter egos of GMG because counsel contends that the Court never afforded Guez notice and the opportunity to be heard with respect to the issue of whether Guez and Global Med are the alter egos of GMG. Counsel's argument and version of the facts is not supported by the record. In its January 6, 2025 order, the Court properly found that "Guez, Global Med, and Mapleton … had

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**        **'O'**

| Case No. | 2:21-cv-09608-CAS-PVCx | Date | July 6, 2026 |
|---|---|---|---|
| Title | New High Limited v. Global Merch Group, LLC | | |

service on Guez and Global Med do not alter that conclusion. Accordingly, there is not a due process basis for finding that the amended judgment is void. The Court denies the instant motion because movants fail to establish any basis for relief. See United Student Aid Funds, 559 U.S. at 271 ("Rule 60(b)(4) applies only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard.") (citations omitted).

### D. Movants' Motion is not Timely

Additionally, the Court finds that movants' Rule 60(b)(4) motion is untimely. First, movant Global Med's assertion that the motion is timely ignores the fact that Bowse, its attorney of record at the time of the renewed motion, was electronically noticed via CM/ECF of the nearly sixty filings in the case from Global Med's first appearance on August 4, 2022, to the entry of the amended judgment on January 6, 2025. Dkts. 31, 76. Global Med waited sixteen months before filing the instant motion to vacate the amended judgment. Dkt. 129.

In determining what constitutes "reasonable time," courts can consider "the interest in finality, the reason for delay, the practical ability of the litigant to learn earlier of the grounds relied upon, and prejudice to other parties." Ashford v. Steuart, 657 F.2d 1053,

---

the opportunity to present a defense [to New High's assertion that these parties are alter egos of GMG], and [that] their interests have been represented throughout the action by their shared attorney." Dkt. 75 at 9. The Court found that, as the CEO of both GMG and Global Med and as the co-owner of Mapleton, Guez has had notice of the litigation since it commenced. Guez has had the opportunity to argue and present evidence as to the issue of whether he and Global Med were alter egos of GMG after New High filed its renewed motion to amend the default judgment against GMG to add Global Med, Mapleton, and Guez as judgment debtors. Id. at 9; dkt. 66. Nonetheless, despite having received adequate notice of New High's renewed motion via New High's electronic filing of the motion, dkt. 66, Guez and Global Med chose not to make an appearance, present argument, or introduce evidence in opposition to New High's renewed motion. Dkt. 75 at 4. Therefore, counsel's argument that Guez and Global Med never had the opportunity to contest the alter ego issue is without merit. Because Guez and Global Med were afforded the opportunity to contest that they are alter egos of GMG, it is unnecessary to hold a new hearing on that question.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:21-cv-09608-CAS-PVCx | Date | July 6, 2026 |
|---|---|---|---|
| Title | New High Limited v. Global Merch Group, LLC | | |

1055 (9th Cir. 1981); see also Coney Island Auto Parts Unlimited, Inc. v. Burton Tr. for Vista-Pro Auto., LLC, 607 U.S. 155, 162 (2026) (holding that "[l]itigants seeking relief under Rule 60(b)(4) must comply with Rule (60)(c)(1) and file a motion within a reasonable time").

The alleged reason for delay here is the lack of proper service. Mot. at 13. The alleged improper service was executed at Ayrshire Road on Amy Guez in 2024. Dkts. 71, 72. Guez asserts that he "became aware of New High's Amended Judgment on or about January 20, 2026 when New High commenced enforcement proceedings against [him] and against [his] former wife." Guez Decl. ¶8. But these "enforcement proceedings" were served on Guez in January 2026 by the same means, service at Ayrshire Road, that movants contend were insufficient to provide notice of the amended judgment in December 2024. Dkts. 110, 111. In weighing the deficiency of the service against the practical ability of movants to learn earlier of the motion to amend the judgment, the evidence of Guez's practical ability to learn of the enforcement proceedings through service at Ayrshire Road undermines his challenge to service of the motion to amend the judgment. Moreover, Guez could have become aware of the motion to amend the judgment at various times throughout this litigation, in his positions as co-owner of GMG's parent company, Mapleton, as CEO of both GMG and Global Med, and as the person who retained Bowse to represent himself, GMG, Global Med, and Mapleton. As such, movants have failed to allege a sufficient reason for the sixteen-month delay between the issuance of the amended judgment and the instant motion to vacate it.

Alternatively, even assuming that movants did not receive actual notice of the amended judgment until January 20, 2026, see Mot. at 12, movants waited an additional four months until May 29, 2026, to file the instant motion. Dkt. 129. Guez declares that "[u]pon learning of the Amended Judgment, [he] promptly retained counsel to seek relief." Guez Decl. ¶ 8. But the time needed to retain counsel does not sufficiently explain the four-month delay to file a motion seeking to vacate a judgment that had been issued more than twelve months earlier and upon which plaintiff had expended significant costs in attempting to enforce. See Opp. at 11. Moreover, "[b]ecause the time for appeal had passed in this case, the interest in finality must be given great weight." Ashford, 657 F.2d at 1055. Accordingly, in addition to finding that movants fail to establish any basis for relief pursuant to Rule 60(b)(4), the Court also denies the instant motion because movants did not file it within a reasonable time pursuant to Rule 60(c).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:21-cv-09608-CAS-PVCx | Date | July 6, 2026 |
|----------|------------------------|------|--------------|
| Title | New High Limited v. Global Merch Group, LLC | | |

## IV.    CONCLUSION

In accordance with the foregoing, the Court **DENIES** Daniel Guez and Global Med Group, LLC's motion to vacate and set aside amended judgment.

IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |